Case No: _____  Inmate Name: Adree Edmo
Date: 04/06/2017  Inmate IDOC#: 94691
Document Title: Civil Rights Complaint
Total Pages: 7til  Inmate Initials Verifying Page Count: AE
Document(s) 1 of 41 AE

Adree Edmo
IDOC #94691
PO Box 14
Boise, Idaho 83707
Plaintiff

# UNITED STATES DISTRICT COURT
# IN AND FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ADREE EDMO, Plaintiff, v. IDAHO STATE BOARD OF CORRECTIONS; IDAHO DEPARTMENT OF CORRECTIONS; CORIZON INCORPORATED; KEVIN KEMPF, RICHARD CRAIG, RONA SIEGERT, AARON HOFER, HOWARD KIETH YORDY, SCOTT ELIASON, MURRAY YOUNG and CATHERINE WHINNERY, Defendants. | 1:17-cv-151-REB<br><br>Case no.<br><br>Civil Rights Complaint<br><br>Jury Trial Demanded |

Civil Rights Complaint -1

## INTRODUCTION

1. Adree Edmo[1], ("Plaintiff" or, "Ms. Edmo") has been imprisoned in the Idaho State prison since April 2012. Throughout her incarceration she has suffered from Gender Identity Disorder ("GID"), now known as Gender Dysphoria ("GD"), a serious medical condition characterized by (1) a strong cross-gender identification, which is the desire to be, or the insistence that one is of the other gender, and (2) a persistent discomfort about one's assigned sex or a sense of inappropriateness in the gender role of that sex. GD causes significant distress or impairment of social, occupational, or other areas of important functioning. The most common forms of treatment are hormonal therapy, the "real-life" experience of living full-time within the desired gender, and sex reassignment surgery to change the secondary sex characteristics.

---

[1] Although Plaintiff was born a biological male, she identifies as female and wishes to be referred to using the feminine pronoun. She changed her legal name to Adree Edmo. Accordingly, throughout this pleading she will be referred to by the feminine pronoun.

Civil Rights Complaint – 2

2. Prior to incarceration, Ms. Edmo lived full-time as a woman, dressing in women's clothes and wearing women's cosmetics. She sought treatment when she became aware that Defendant Idaho State Board of Corrections adopted a formal policy for the treatment of offenders with GD. Beginning in September 2012, through this filing of this lawsuit, Ms. Edmo submitted approximately 75 separate requests treatment relating to her severe GD.

3. The Plaintiff requests fell on deaf ears. Despite her repeated requests, Defendants, the Idaho State Board of Corrections and its successors in office, agents, officers, and employees have shown deliberate and persistent indifference to her serious medical condition in violation of (1) the Idaho State Board of Corrections' directives relating to the care of offenders with GD, and (2) the United States Constitution.

4. Specifically, Defendants failed to follow their own directives to apply an appropriate standard of care, as previously required under Idaho Department of Corrections directive #401.06.03.501, to evaluate Plaintiff for her worsening GD symptoms. Despite clear evidence suggesting severe gender dysphoria, Defendants failed to appoint qualified medical professionals to evaluate Plaintiff.

Civil Rights Complaint - 3

5. Upon learning that Defendants denied her treatment in February 2014, plaintiff attempted suicide.

6. Following the suicide attempt, plaintiff has submitted approximately 50 different inmate concern/request forms to Defendants requesting reasoning behind Defendants' declaration that she is receiving appropriate/adequate medical treatment.

7. Still Defendants failed to respond. As of a result of her inability to secure adequate treatment, September 2015, Ms. Edmo first attempted self-castration of cutting open her scrotum with a razor blade. Attending prison guard discovered a note in her cell stating, "I do not want to die, but I am a woman, and women do not have these." Over a year later, on December 31, 2016, she cut her scrotum again, this time pulling out her right testicle and almost severing the entire testicle, and had to be taken to St. Alphosus Medical Center for surgery to attempt to repair her testicle.

8. In a male-to-female transgender person (MTF), feminizing medications, the "real-life" experience of living full-time in the desired gender role, and sex reassignment surgery can also improve mood stability, decrease mental illness, and relieve anxiety.

Civil Rights Complaint - 4

withholding appropriate hormone therapy, living full-time in the desired gender role and sex reassignment surgery can lead to continued depression, suicidal ideation and self-injury.

9. Defendants recognize that the Plaintiff requires hormone therapy and the "real-life" experience of living full-time within her female gender role, but have refused to allow her to live full-time within her female gender, along with access to female cosmetics, underwear (panties), facial hair removal, and sex reassignment surgery. The Plaintiff brings this action for an order requiring that Defendants provide appropriate treatment of feminizing hormones with the "real-life" experience of living full-time within her female gender role, access to female cosmetics, access to female undergarments (specifically, women's panties), sex reassignment surgery, and psychological counseling by a mental health professional with substantial training and experience, and/or expertise in the diagnosis and treatment of individuals with GD. The Plaintiff further seeks an order appointing a medical or mental health professional with sub-

Civil Rights Complaint - 5

stantial experience in the diagnosis, and/or treatment, and knowledge of the World Professional Association of Transgender Health ("WPATH") Standards of Care with GD to serve as a member of the Management and Treatment Committee for a minimum of one year, to ensure the proper implementation of the Court's order as it relates to the Plaintiff, as well as the Idaho Department's Correction's directives relating to GD.

## PARTIES

10. Plaintiff, Adree M. Edmo, is a citizen of the United States of America. She is currently a resident of the Idaho State Correctional Institution ("ISCI") in Boise Idaho. Plaintiff's address is 13500 South Pleasant Valley Road, Kuna Idaho 83634, mailing address of P.O. Box 14, Boise, Idaho 83707. Ms. Edmo's ID # is 94691.

11. Defendant, Idaho State Board of Corrections, ("Board of Corrections") is a political subdivision of the State of Idaho, as defined in Idaho Code Section 20-201. Business address of 1299 N. Orchard Street, Suite 3110, Boise Idaho 83704.

12. Defendants, John Doe 1, John Doe 2, John

Civil Rights Complaint -6

Doe 3, Jane Doe 5, were, or are currently duly appointed members of the Board of Corrections and were acting within the course and scope of their duties as members, agents, servants, and employees (including successor(s) in office), of the State of Idaho at all material times hereto. Address of 1299 N. Orchard St., Suite 110, Boise Idaho 83704.

13. Defendant, Idaho Department of Corrections ("IDOC") is a political subdivision of the State of Idaho, as defined in Idaho code section 20-201. Address of 1299 N. Orchard St. Suite 110, Boise, Idaho 83704.

14. Defendant, Kevin Kempf, was at all times material hereto and up until to, or on about January 2017, the duly appointed Director of IDOC as well as Chief Administrative Officer, and Business Manager of the State penitentiary pursuant to Idaho Code section 20-217A. Defendant Kempf was employed by IDOC, and acting within the course and scope of his duties as Director, Chief Administrative Officer, Business Manager, and as the agent, servant and employee of the

Civil Rights Complaint -7

State of Idaho (including Successor(s) in office) at all material times. Address of 1299 N. Orchard St. Suite 110 Boise Idaho 83704.

15. Defendant, Howard Kieth Yordy, was at all times material hereto the Warden of ISCI. Defendant Yordy was employed by IDOC, and was acting within the course and scope of his duties as Warden, and as the agent, servant, employee (including successor(s) in office) of the State of Idaho at all material times. Address of 13500 S. Pleasant Valley Road, Kuna Idaho 83634.

16. Defendant, Corizon Incorporated, ("Corizon Health Services") is a corporation doing business in the State of Idaho. Pursuant to contractual agreement with IDOC, Corizon provides comprehensive medical/mental health services to IDOC inmates (including Plaintiff). Corizon Incorporated, main office address is 12467 Olive Boulevard, St. Louis, Missouri 63141.

17. Defendant, Aaron Hofer, was at all times material hereto the ISCI Health Service Administrator ("HSA"), either under contract to provide medical services for inmates at IDOC, or employed directly by IDOC. Defendant Hofer was acting within the course and scope of his duties as HSA to IDOC inmates

Civil Rights Complaint -8

(including Plaintiff), and as the agent, servants, and employee (including successor(s) in office) of the State of Idaho at all material times. Address of 1299 N. Orchard St. Suite 110, Boise Idaho 83704

18. Defendant, Catherine Whinnery, was at all times material hereto a treating provider at ISCI, either under contract to provide medical services for inmates in IDOC, or employed directly by IDOC to provide medical treatment to inmates. Defendant Whinnery was ~~a~~ acting within the course and scope of her duties as medical provider to IDOC inmates (including Plaintiff), and as the agent, servant and employee (including successor(s) in office) of the State of Idaho. Address is unknown.

19. Defendant, Scott Eliason, was at all times material hereto a Psychiatrist at ISCI, either under contractual agreements to provide medical/mental health services for inmates in IDOC, or employed directly by IDOC to provide medical/mental health treatment to inmates. Defendant Eliason was acting within course and scope of his duties as Psychiatrist to IDOC inmates, (including Plaintiff) and as the agent, servant, employee (including successor(s)) of the State of Idaho at all material times. Address of 1299 N. Orchard St. Suite 110 Boise Idaho 83704.

Civil Rights Complaint -9

20. Defendant, Richard Craig was at ~~all material~~ all times material hereto, until the end of 2015, IDOC's chief Psychologist at ISCI, either under contract to provide mental health services to inmates in IDOC, or employed directly by IDOC to provide mental health services to inmates in IDOC. Defendant Craig was acting within the course and scope of his duties as Chief Psychologist, ~~and as~~ to inmates (including Plaintiff), and as the agent, servant, and employee (including successor(s) in office) of the State of Idaho at all material times. Address of 1299 N. Orchard Street, Ste. 110 Boise Idaho 83704.

21. Defendant Rona Siegert was at all times material hereto the Health service Authority and/or Health Services Director at ISCI, either under contract to provide medical services for inmates at IDOC, or employed directly by IDOC to provide medical services to inmates in IDOC. Defendant Siegert was acting within course and scope of her duties as Health Service Director to IDOC inmates (including Plaintiff) and as the agent, servant, and employee (including successor(s) in office) of the State of Idaho at all material times. Address of 1299 N. Orchard St. Suite 110 Boise Idaho 83704.

22. Defendant, Murray Young, was at all material times hereto Regional Medical Director

Civil Rights Complaint -10

at ISCI, either under contract to provide medical services to inmates. Defendant Young was acting within course and scope of his duties as a Regional Medical Director to IDOC inmates, (including Plaintiff), and as the agent, servant, employee (including successor(s) in office), and/or the State of Idaho at all material times. Address of 1299 N. Orchard St., Suite 110, Boise, Idaho 83704.

23. Each and all the acts of the Defendants alleged herein were done by defendants (including their successor(s) in office) not just as individuals, but under color of law and pretense of the statutes, practices and usages of The State of Idaho, and under the authority of Defendants as public officials for The State of Idaho.

## JURISDICTION AND VENUE

24. This action arises under the Constitution of the United States, particularly under the provisions of the Eighth and Fourteenth Amendments, and under Federal Law, particularly Title 42 U.S.C. Section 1983.

25. This Court has subject matter jurisdiction of this cause under Title 28 U.S.C. Sections 1331. Plaintiff seeks declaratory relief pursuant to 28 U.S.C. sections 2201 and 2202. Plaintiff's claims for injunctive relief are authorized by 28 USC Sections 2283 and 2284 and Rule 65 Fed.R.Civ.P., and the Federal claims are not insubstantial. This Court has jurisdiction over the Plaintiff's state claims, pursuant to Title 28 ~~USC~~

Civil Rights Complaint - 11

U.S.C. section 1367.

The Plaintiff filed a notice of claim on February 10, 2017, concerning the occurrences complained of herewith to the Comptroller of the state of Idaho within 180 days of those occurrences as required by Idaho code section 6-901, and the Comptroller has failed to settle the Plaintiff's claim. (Attached hereto as "Exhibit A".)

26. This Court has personal jurisdiction because, upon information and belief, Defendants reside in this District and a substantial part of the events or omissions giving rise to the claims occurred in this District, and each Defendant is domiciled in Idaho.

27. Venue is proper in this district pursuant to Title 28 U.S.C. 1291(b), because, upon information and belief, a substantial part of the events or omissions giving rise to the claims occurred in this District.

## GD IS A SERIOUS MEDICAL CONDITION THAT REQUIRES ADEQUATE MEDICAL TREATMENT

28. Ms. Edmo was diagnosed with GID, now known as GD, July 19, 2012, by Claudia F. Lake, Psy.D., a mental health professional employed either through contract with IDOC and/or directly by IDOC.

29. GD is a recognized diagnosable and treatable condition listed in the American Psychiatric's Diag-

Civil Rights Complaint - 12