```
                                    1:17-CV-00151-REB
                        Case No: _____  Inmate Name: Adree Edmo
Adree Edmo              Date: 04/13/2017         Inmate IDOC#: 94691
IDOC #94691             Document Title: Memo. of Law in support of Motion for
P.O. Box 14             Total Pages: 8  a TRO and Preliminary Injunction.
Boise, Idaho 83707                        Inmate Initials Verifying Page Count: AE
                        Document(s) 1 of 8
Plaintiff
```

## UNITED STATES DISTRICT COURT
## IN AND FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ADREE EDMO, Plaintiff  v.  IDAHO STATE BOARD OF CORRECTIONS, et. al., Defendants. | 1:17-CV-00151-REB Case Number  MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR A TRO AND PRELIMINARY INJUNCTION |

### Statement of the Case

1. This is a civil rights case action brought under Title 42 U.S.C. Section 1983 by an Idaho State prisoner, Adree Edmo, who suffers from severe Gender Dysphoria; a debilitating medical condition in which a person may feel innately the opposite sex other than the sex assigned at birth. The plaintiff twice attempted self-castration of her testicles due to the exascerbating symptoms of her Gender Dysphoria.

MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR A TRO AND PRELIMINARY INJUNCTION - 1

2. The plaintiff seeks a temporary restraining order and a preliminary injunction to ensure that she recieves appropriate and adequate medical care, in which defendants refused, and further refuse treatment for her severe Gender Dysphoria.

## Statement of the facts

3. As stated in the affidavit submitted with the accompanying motion, the Plaintiff was injured as a result of prison's staff deliberate, and persistent indifference to her serious medical condition requiring Plaintiff to be taken to Boise's St. Alphonsus Medical Center for emergency repair surgery on 12/31/2016. Plaintiff has requested a temporary restraining order ("TRO") to recieve appropriate and necessary medical treatment for her severe Gender Dysphoria.

4. The defendants against who relief is sought are, respectively, IDOC Director, Health Services Director and/or Health Service Administrator, Chief Psychologist, ISCI Warden, and IDOC Medical Director who are responsible for arranging specialized medical care that cannot be provided in the prison, and the ISCI Deputy Warden for Administration, who is responsible for getting prisoners to their outside medical Appointments.

## ARGUMENT
## POINT 1

## THE PLAINTIFF IS ENTITLED TO A TEMPORARY RESTRAINING ORDER AND A PRELIMINARY INJUNCTION

5. In determining whether a party is entitled to a temporary restraining order or a preliminary injunction, courts generally consider several factors: whether the party will suffer irreparable injury; the "balance of hardships" between the parties; the likelihood of success on the merits; and the public interest. Each of these factors ~~grant~~ support the grant of this motion.

### A. The Plaintiff is threatened with irreparable harm.

6. The Plaintiff alleges she has been denied medical care for a serious medical need contrary to Defendants' policies and procedures and physician. Such conduct by prison officials is a clear violation of the Eighth Amendment. Estelle v. Gamble, 429 U.S. 97, 105, 96 S.Ct. 285 (1976) (noting that "unnecessary and wanton infliction of pain" is a form of unlawful deliberate indifference).

7. As a matter of law, the continuing deprivation of constitutional rights constitutes irreparable harm. Elrod v. Burns, 427 U.S. 347, 373 96 S. Ct. 2673 (1976); American Trucking Associations, Inc., v. City of Los Angeles, 559 F.3d 1046, 1058-59 (9th Cir. 2009). This principle has been applied in prison litigation generally,

MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR A TRO AND TEMPORARY INJUNCTION - 3

See, Jolly v. Coughlin, 76 F.3d 468, 482 (2d. Cir. 1996); Newsom v. Norris, 888 F.2d 371, 378 (6th Cir. 1989); Mitchell v. Cuomo, 748 F.2d 804, 806 (2d. Cir. 1984); Alboro v. County of Onondaga, N.Y. 627 F.Supp. 1280, 1287 (N.D.N.Y. 1986); Williams v. Lane, 646 F. Supp. 1379, 1409 (N.D. Ill. 1986); aff'd 851 F.2d 867 (7th Cir. 1988), Cert. denied, 109 S.Ct. 879 (1989), and specifically in prison medical care cases. Phillips v. Michigan Dept. of Corrections, 731 F.Supp. 792, 801 (W.D. Mich. 1990), aff'd 932 F.2d 969 (6th Cir. 1991).

8. In addition, the Plaintiff is threatened with irreparable harm because of the nature of her injury; mental disorder of Gender Dysphoria and scars due to sutures resulting from attempts to sever her testicles couple with extreme ideation of future attempts of self castration and hightened ideation of suicide attempts. If she does not recieve proper treatment at the proper time, she is highly likely to develop co-morbid mental health and medical conditions that otherwise can be averted.

### B. The Balance of Hardships Favors The Plaintiff

9. As the Supreme Court has held, "a policy of judicial restraint cannot encompass any failure to take cognizance of valid constitutional claims whether arising in a federal or state institution."

MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR A TRO AND PRELIMINARY INJUNCTION - 4

Kosilek v. Spencer, 889 F. Supp. 2d 190 (2010) (citations omitted); quoting Procunier v. Martinez, 416 U.S. 396, 405, 94 S. Ct. 1800, 40 L.Ed. 2d 224 (1974)).

10. In deciding whether to grant TRO's and preliminary injunctions, courts ask whether the suffering of the moving party if the motion is denied will outweigh the suffering of the non-moving party if the motion is granted. See, e.g., Mitchell v. Cuomo, 748 F.2d 804, 808 (2d. Cir. 1984) (holding that dangers posed by prison overcrowding outwieghed staff's financial and administrative concerns); Duran v. Anaya, 642 F.Supp. 510, 527 (D.N.M. 1986) (holding that prisoner's interest in safety and medical care outweighed state's interest in saving money by cutting staff.)

11. In this case, the present suffering of the Plaintiff with severe Gender Dysphoria and her potential suffering if she permanently loses her ability to function in daily activities is enormous. Individuals who do not recieve appropriate medical treatment are at risk of genital self-harm (a form of surgical self-treatment of auto-castration or auto penectomy that can lead to serious, even life threatening injuries, depression, anxiety, and suicide attempts.)

12. Further, according to the Standards of Care for treating Gender Dysphoria, entitled, "Rationale for

MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR A TRO AND PRELIMINARY INJUNCTION - 5

for preoperative, 12-month experience of living in an identity-congruent gender role," states in relevant part, "The criterion noted above for some types of genital surgeries – i.e., that patients engage in 12 continuous months of living in the gender role that is congruent with their gender identity – is based on expert clinical consensus that this experience provides ample opportunity for patients to experience and socially adjust in their desired gender role, before undergoing irreversible surgery," is a prerequisite to sex reassignment surgery ("SRS").

13. The "suffering" the Defendants will experience if the court grants the order will consist of taking the Plaintiff to a suitable, licensed, prudent medical doctor - and then carrying out the doctor's orders - something that the Defendants do, and are obligated to do, for members of the prison population on a daily basis. The Defendants' hardship amounts to no more than business as ~~tuus so~~ casual.

C. <u>The Plaintiff is likely to succeed on the merits.</u>

14. The Plaintiff has a great likelihood of success on the merits, what Defendants have done – "unnecessary

---

1 World Professional Association for Transgender Health ("WPATH") <u>Standards of Care for the Health of Transsexual, Transgender, and Gender Nonconforming People; International Journal of Transgenderism</u>; 13:, 165-232 (2011).

MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR A TRO AND PRELIMINARY INJUNCTION - 6

and wanton infliction of pain" — was specifically singled out by the Supreme Court as an example of unconstitutional "deliberate indifference" to prisoner's medical needs. Estelle v. Gamble, 429 U.S. 97, 105, 97 S.Ct. 285 (1976).

15. Defendants know and have known, continually since 2012 until the filing of this case that Plaintiff is diagnosed with Gender Dysphoria; a serious medical condition that can be life threatening and fatal if not adequately treated.

16. A prison official acts with deliberate indifference when "the official knows of and disregards an excessive risk to inmate or safety." Farmer v. Brennan, 511 U.S. 825, 834, 114 S.Ct. 1970 L. Ed. 2nd 811 (1994); Cuoco v. Moritsugu, 222 F.3d. 99, 106, (2d. Cir. 2000) and cases cited; White v. Farrier, 849 F.2d. 322, 325 (8th Cir. 1988); Meriwether v. Faulkner, 821 F.2d. 408, 411-13 (7th Cir. 1987); Phillips v. Michigan Dept of Corrections, 731 F. Supp. 792, 799-800 (W.D. Mich. 1990) aff'd 932 F.2d 969 (6th Cir. 1991).

### D. The Relief Sought will Serve The Public Interest.

17. In the case, the grant of relief will serve the public interest because it is always in the public interest for prison officials to obey the law, especially the Constitution. Phelps-Roper v. Nixon, 545 F.3d 685, 690 (8th Cir. 2008); Duran v. Anaya, 642 F.Supp. 520, 527 (D.N.M. 1986) ("Respect for law, particularly by officials responsible for the State's correctional system, is in itself a matter of the highest public interest."); Llewelyn v. Oakland County Prosecutor's

MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR ATRO AND PRELIMINARY INJUNCTION —

Office, 402 F. Supp. 1379, 2393 (E.D. Mich. 1975) (stating "the Constitution is the ~~ultima~~ ultimate expression of the public interest.")

## POINT II
### The Plaintiff should not be required to post security.

18. Usually a litigant who obtains interim injunctive relief is asked to post security. Rule 65(c) Fed. R. Civ. P. However, the plaintiff is a indigent prisoner and has applied for forma pauperis status and is unable to post security. The Court has discretion to excuse an impoverished litigant from posting security. See, Appalachian Reg'l Healthcare, Inc., v. Coventry Life Health & Life Ins. Co., 714 F.3d 424, 431-432 (6th Cir. 2013) (though district court must consider propriety of bond, both amount of bond and whether one is needed at all are within court's discretion....); Hoechst Diafoil Co. v. Nan Ya Plastics Corp., 174 F.3d 411, 421-422 n.3 (4th Cir. 1999) (court may not simply disregard bond requirement; bond may be set at a nominal sum or even at zero, but only after consideration of proper factors); Elliot v. Kiesewetter, 98 F.3d 47, 60 ~~(4th Cir.~~ (3d. Cir. 1996) (standing that district courts have discretion to waive bond requirement contained in Rule (65(c) of the Federal Rules of Civil Procedure if "the balance of the [] equities weighs overwhelmingly in favor of the party seeking injunction"); Moltan v. Eagle-Pitcher Industries Inc., 55 F.3d 1171, 1176

MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR A TRO AND PRELIMINARY INJUNCTION - 7

6th Cir. 1995).

19. In view of the serious medical danger confronting the plaintiff, the Court should grant the relief requested without requiring the posting of security.

## Conclusions

For the foregoing reasons, the Court the motion in its entirety.

DATED This __13th__ day of __April__ 2017.

_A Edmo_
Adree Edmo, Plaintiff

## Certificate of Service

I, ADREE EDMO, certify, I mailed a true and correct copy of Memorandum of Law in Support of Motion for a TRO and Preliminary Injunction into ISCI's legal resource center mailing system for processing into the U.S. mail system addressed to the following.

DATED This __13th__ day of __April__ 2017.

_Adree Edmo_
Adree Edmo, Plaintiff

U.S. Courts
James A. McClure Fed. Bldg. Courthouse
550 W. Fort St.
Boise, ID 83724      AE 04/13/17

MEMORANDUM OF LAW OF SUPPORT OF MOTION FOR A TRO AND PRELIMINARY INJUNCTION - 8