injunctive relief set forth in the prayer for relief.

## THIRD CAUSE OF ACTION
### (Against All Defendants in Their Individual and Official Capacities; Violation of the Fourteenth Amendment to The U.S. Constitution - Actionable Pursuant to 42 U.S.c Section 1983 - Equal Protection)

78. Plaintiff incorporates paragraphs 1-77 above.

79. IDOC's policies require that mentally disordered inmates incarcerated at IDOC's prison facilities, including ISCI, be provided with appropriate medical care and psychiatric care by Defendants. For example, IDOC Directive # 401.06.03.035, entitled, "Mental Health Care/Evaluation and Assessment," provides that "[M]entally disordered and developmentally disabled inmates must be identified and their treatment needs addressed as soon as possible." "Those inmates who require acute mental health services beyond those available at the prison will be transferred to an appropriate facility which may include a facility in the community." Also, IDOC Directive # 401.06.03.801, entitled, "Access to Care," provides "Non-healthcare services Staff (i.e., security staff) must not be allowed to approve or deny requests for healthcare made by an offender (Non-healthcare services staff must forward requests for healthcare at the facility for review and action if necessary."

80. Upon information and belief, inmates with mental disorders other than GID are diagnosed and treated Defendants according to IDOC Directive # 401.06.03.035, regardless of whether such diagnosis and/or

AMENDED COMPLAINT-35

treatments are not common practices, or unpopular treatments.

81. IDOC inmates such as Plaintiff who suffer from GID are not provided with medical care that is appropriate for their condition. Inmates such as Plaintiff who suffer from GID require acute mental health services beyond those currently made available at IDOC. IDOC inmates, such as Plaintiff who suffer GID are not transferred to an appropriate facility for proper diagnosis and treatment. Inmates with GID who were not diagnosed or treated with GID prior to incarceration, or believed to not be a genuine transgender, are refused, delayed and interfered diagnosis and treatment by Defendants

82. Plaintiff was not diagnosed with or treated for GID prior to incarceration. Defendants have refused to provide Plaintiff with appropriate treatment for GID.

83. Defendants intentionally discriminated against Plaintiff, by providing because of membership within a suspect class, namely, the class of inmates with Gender Dysphoria ("GD"). Defendants discriminate against inmates with GD (including Plaintiff) by providing them inferior medical care as compared to inmates medical/mental health disorders other than GD.

84. Defendants have no rational basis in a legitimate governmental interest for intentionally discriminating against Plaintiff because of her status as an inmate

AMENDED COMPLAINT-36

with GID. Defendants' policy 325.02.01.001, and the implementation of that policy represent an absolute ban on appropriate and necessary medical treatment for those inmates who are diagnosed with GID, and the policy provides no exceptions to this ban regardless of the seriousness of Plaintiff's GID problems. For example, prison personnel have stated in writing, "you cannot appear feminine, This is a male facility."

85. Each of the Defendants acted under color of State law as to the matters set forth herein. All of the acts or omissions complained of herein Complaint are the result of specific decisions, official policies, or customs of Defendants. Each of the Defendants know of and is responsible for the acts or omissions set forth herein.

85. Defendants' acts and omissions complained of herein amount to a denial of Equal Protection by discriminating against inmates with GID, such as Plaintiff, without any rational basis. Defendants' acts and omissions complained of herein caused Plaintiff to suffer economic and non-economic damages in an amount to be determined at trial.

86. Plaintiff further seeks a judgment declaring the acts and omissions complained of herein are prohibited by the Fourteenth Amendment to the U.S. Constitution and 42 U.S.C. Section 1983, and seeks injunctive relief set forth in the prayer for relief.

87. Furthermore, Plaintiff has alleged negligence by Defendants. The Defendants have a duty to

AMENDED COMPLAINT -37- -

provide medical care to Plaintiff, for her serious medical needs of Gender Dysphoria, such duty has been breached. Defendants breached and failed in their duties to provide such medical care to Plaintiff through accepted standards of care for her serious and severe GD condition, resulting in Plaintiff's further ~~unless~~ unecessary suffering, and suffering due to two attempts at self-castration on 09/15/2015, and 12/31/2016, in which Plaintiff was transported to a local hospital for surgery to repair her genitalia, at which, Plaintiff will continue to suffer physically, mentally, and emotionally.

## PRAYER FOR RELIEF

88. Plaintiff has suffered, and will continue to suffer immediate and irreparable injury as a result of the unlawful acts, omissions, policies, and practices of the Defendants alleged herein, unless Ms. Edmo is provided medically appropriate treatment for her GD. The declaratory and injunctive relief sought by Plaintiff is necessary to prevent continued and further injury.

89. WHEREFORE, Plaintiff requests a declaratory statement pursuant to 28 U.S.C. §§ 2201, 2202 in

AMENDED COMPLAINT - 38

42 U.S.C. § 1983 against Defendants stating that the acts, policies, customs, and omissions described herein violated the Plaintiff's rights under the Constitution and Laws of the United States.

90. Plaintiff prays for a preliminary and permanent injunction against Board of Corrections, Sandy, McClusky, wilson, Corizon, Kempf, Eliason, Young, Yordy, Whinnery, and Siegert as follows:

a.) an Order requiring Defendants Board of Corrections, Sandy, McClusky, Wilson, Corizon, Kempf, Eliason, Young, Yordy, whinnery and seigert provide Plaintiff within (14) days of the order:

(1.) treatment with appropriate feminizing hormones;

(2.) the "real-life" experience of living within her female gender while in prison;

(3.) a change of gender from male to female on Plaintiff's "IDOC offender Identification" card, and any subsequent documents reflecting Plaintiff's designation of gender to female;

(4.) medical treatment consistent with WPATH standards of care;

AMENDED COMPLAINT-39

(5) placement into an appropriate female IDOC institution;

(6.) medical and/or mental health professional with substantial training and experience in treatment of persons with GD to evaluate plaintiff for the purpose of Sex reassignment surgery; and

(7.) Psychological Counseling by a medical and/or mental health professional with substantial training and experience of WPATH Standards of Care, and treatment of persons with GD, which treatment and Counseling shall continue throughout Plaintiff's incarceration in the Idaho Department's Corrections System;

91.  b.) an Order appointing a medical and/or mental health professional with substantial training and experience of treatment of persons with GD to serve as a member of the MTC for a minimum of (1) year to ensure the proper implementation of the Court's Order in (a.) above at as well as IDOC Directive no.s 401.06.03.501, regarding the health care of GD offenders and, 303.02.01.002, regarding the classification, management, and placement of offenders with GD.;

AMENDED COMPLAINT-40

92   C.) Compensatory and general damages against Defendants Corizon, Kempf, Craig, Young, Yordy, Whinnery, Eliason and Siegert, in jointly and severally, in an amount to be determined at trial;

93.   d.) substantial punctive damages against Defendants Corizon, Kempf, Craig, Young, Yordy, Whinnery, Eliason and Siegert separately, in an amount to be determined at trial;

94.   e.) Plaintiff's costs in this suit;

95.   f.) Such other and further relief as the court deems just.

VERIFICATION

I have read the foregoing Amended Complaint, and hereby verify the matters alleged herein are true, except as to the matters alleged on information and belief, and as to those, I believe them to be true also, pursuant 28 U.S.C. § 1746, the foregoing is true and correct to the best of my knowledge.

AMENDED COMPLAINT- 41

Executed at Boise, Idaho on ___05/17/2017___

_A Edmo_
Adree Edmo, Plaintiff

(SEAL)

State of Idaho,
                              )ss
County of Ada

Subscribed and sworn/Affirmed before me on
this 18 day of May 2017        Mason Edmo
                                AKA Adree Edmo
_____
Notary Public for Idaho
Expires 8/16/2020

CERTIFICATE OF SERVICE

   I, Adree Edmo, certify, I mailed a true and
correct copy of Amended Complaint into ISCI
legal Resource Center ~~pro~~ for processing into the
U.S. Mail Addressed to the following:
DATED This 17th day of May 2017.
_A Edmo_
Adree Edmo, Plaintiff

UNITED STATES District Court
James A. McClure Fed. Bdlg./Courthouse
550 W. Fort Street
Boise, ID 83724

AMENDED COMPLAINT - 42