Case No: 1:17-CV-00151-REB Inmate Name: Adree Edmo
Date: 05/17/2017 Inmate IDOC#: 94691
Document Title: Amended Complaint
Total Pages: 43 Inmate Initials Verifying Page Count: AE
Document(s) 1 of 42

Adree Edmo
IDOC #94691
P.O. Box 14
Boise, Idaho 83707
plaintiff

UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF IDAHO

ADREE EDMO,
Plaintiff,

v.

IDAHO STATE BOARD OF
CORRECTIONS, ROBIN SANDY,
DAVID MCCLUSKY, CINDY
WILSON; CORIZON INCORPOR-
ATED; KEVIN KEMPF;
RICHARD CRAIG, RONA SIEGERT;
HOWARD KEITH YORDY;
SCOTT ELIASON; MURRAY YOUNG;
and KATHERINE WHINNERY;
(including Successor(s) in
office),
Defendants.

1:17-CV-00151-REB
Case No.

AMENDED
COMPLAINT

JURY TRIAL DEMANDED

AMENDED COMPLAINT - 1

## INTRODUCTION

1. Plaintiff, Adree Edmo,[1] ("plaintiff" or "Ms. Edmo") has been imprisoned within the Idaho State Prison since April 2012. Throughout her incarceration she has suffered from Gender Identity Disorder ("GID"), now known as Gender Dysphoria ("GD"), a serious medical condition characterized by (1) a strong cross-gender identification, which is the desire to be, or the insistence that one is of the other gender, and (2) a persistent discomfort about one's assigned sex, or a sense of inappropriateness in the gender role of that sex. GD causes significant distress or impairment of social, occupational, or other areas of important functioning. The most common forms of treatment are hormonal therapy, the "real-life" experience of living full-time within the desired gender, and sex reassignment surgery to change the secondary sex characteristics.

---

[1] Although plaintiff was born a biological male she identifies as female and wishes to be referred to using the feminine pronoun. She changed her legal name to Adree Edmo. Accordingly, throughout this pleading she will be referred to by the feminine pronoun.

AMENDED COMPLAINT - 2

2. Prior to incarceration, Ms. Edmo lived full-time as a woman, dressing in women's clothes and wearing women's cosmetics. She sought treatment when she became aware that Defendant Idaho State Board of Corrections adopted a formal policy for the treatment of offenders with GD. Beginning in September 2012, through this filing of this lawsuit, Ms. Edmo submitted approximately 75 separate requests for treatment relating to her severe GD.

3. The plaintiff's requests fell on deaf ears. Despite her repeated requests, Defendants, the Idaho State Board of Corrections and it's successors in office, agents, officers and employee's have shown deliberate and persistent indifference to her serious medical condition in violation of, (1) the Idaho State Board of Corrections' directives relating to the care of offenders with GD, and (2) The United States Constitution.

4. Specifically, Defendants failed to follow their own directives to apply an appropriate standard of care, as previously required under Idaho Department of Corrections directive # 401.06 03.501, to evaluate plaintiff for her worsening GD symptoms. Despite clear evidence suggesting severe gender dysphoria, Defendants failed to appoint qualified medical professionals to evaluate plaintiff.

AMENDED COMPLAINT - 3

5. Upon learning that Defendants denied her treatment in February 2014, plaintiff attempted suicide.

6. Following the suicide attempt, plaintiff has submitted approximately 50 different inmate concern/request forms to Defendants requesting reasoning behind Defendants' declaration that she is receiving appropriate/adequate medical treatment.

7. Still Defendants failed to respond. As of a result of her inability to secure adequate treatment, September 2015, Ms. Edmo first attempted self-castration of cutting open her scrotum with a razor blade. Attending prison guard discovered a note in her cell stating, "I do not want to die, but I am a woman, and women do not have these." Over a year later, on December 31, 2016, she cut her scrotum again, this time pulling out her right testicle and almost severing the entire testicle, and had to be taken to St. Alphosus Medical Center for surgery to attempt to repair her testicle.

8. In a male-to-female transgender person (MTF), feminizing medications, the "real-life" experience of living full-time in the desired gender role, and sex reassignment surgery can also improve mood stability, decrease mental illness, and relieve anxiety.

AMENDED COMPLAINT - 4

withholding appropriate hormone therapy, living full-time in the desired gender role and sex reassignment surgery can lead to continued depression, suicidal ideation and self-injury.

9. Defendants recognize that the Plaintiff requires hormone therapy and the "real-life" experience of living full-time within her female gender role, but have refused to allow her to live full-time within her female gender, along with access to female cosmetics, underwear (panties), facial hair removal, and sex reassignment surgery. The Plaintiff brings this action for an order requiring that Defendants provide appropriate treatment of feminizing hormones with the "real-life" experience of living full-time within her female gender role, access to female cosmetics, access to female undergarments (specifically, women's panties), sex reassignment surgery, and psychological counseling by a mental health professional with substantial training and experience, and/or expertise in the diagnosis and treatment of individuals with GD. The Plaintiff further seeks an order appointing a medical or mental heath professional with sub-

AMENDE COMPLAINT - 5

Substantial experience in the diagnosis and/or treatment, and knowledge of the World Professional Association of Transgender Health ("WPATH") Standards of Care with GD to serve as a member of the Management and Treatment Committee for a minimum of one year, to ensure the proper implementation of the Court's order as it relates to the Plaintiff, as well as the Idaho Department's Correction's directives relating to GD.

## PARTIES

10. Plaintiff, Adree Edmo, a citizen of the United States of America. She is currently a resident of the Idaho State Correctional Institution ("ISCI") in Boise Idaho. Plaintiff's address is 13500 South, Pleasant Valley Road, Kuna, Idaho 83634; mailing address of P.O. Box 14, Boise, Idaho 83707. Ms. Edmo's I.D. # is 94691.

11. Defendant, Idaho State Board of Corrections, ("Board of Corrections") is a political subdivision of the State of Idaho, as defined in Idaho Code Section 20-201. Business address is 1299 N. Orchard Ave., Suite 110, Boise, Idaho 83704.

12. Defendant Board of Corrections members, Robin Sandy (chairman), David McClusky (vice chairman), Cindy Wilson (secretary), were, or are, currently duly appointed members of the Board of Corrections, and were acting Course and Scope of their duties as members, agents, servants,

AMENDED COMPLAINT - 6

and employees (including successor(s) in office) of the State of Idaho at all material times hereto. Address of 1299 N. Orchard Ave., Suite 110, Boise, Idaho 83706. Defendants Board of Corrections; Sandy, McClusky, and Wilson are sued in their official capacities, insofar, that it pertains to injunctive relief.

13. Defendant, Kevin Kempf, was at all times material hereto and up until, or on about January 2017 the duly appointed Director of IDOC as well as Chief Administrative Officer and Business Manager of the State Penitentiary pursuant to Idaho Code Section 20-217A. Defendant Kempf was employed by IDOC, and was acting within course and scope of his duties as Director, Chief Administrative Officer, and Business Manager, and as the agent, servant, and employee (including successor in office) of the State of Idaho at all material times hereto. Address of 1299 N. Orchard Ave., Suite 110, Boise, Idaho 83706. Defendant Kempf is sued in his official and Individual Capacity. Defendant Kempf is sued in his official Capacity, insofar, that it pertains to injunctive relief.

14. Defendant, Howard Kieth Yordy, was at all times material hereto, as the ISCI Warden. Defendant Yordy was employed by IDOC, and was acting within the Course and Scope of his duties

AMENDED COMPLAINT - 7

as Warden, and as the agent, servant, and employee (including successor in office) of the State of Idaho at all material times. Address of 1299 N. Orchard Ave., Ste. 110 Boise, Idaho 83706. Defendant Yordy is sued in official capacity, insofar, that it pertains to injunctive relief, and his individual capacity.

15. Defendant, Corizon Incorporated, ("Corizon Health Services") is a corporation doing business in the State of Idaho. Pursuant to contractual agreements with IDOC, Corizon Health Services provides comprehensive medical and/or mental health services for inmates, (including plaintiff). Corizon Incorporated main office address is 12467 Olive Boulevard, St. Louis, Missouri 63141.

16. Defendant, Catherine Whinnery, was at all times material hereto a medical doctor at ISCI, either under contract to provide medical services to inmates in IDOC, or employed directly by IDOC to provide medical care to inmates in IDOC (including Plaintiff).

17. Defendant Whinnery, was acting within course and scope of her duties as a medical Doctor at ISCI to Inmates in IDOC (including plaintiff), and as the agent, servant, employee (including successor in office) of the State of Idaho. Address is unknown. Defendant Whinnery is sued in her official and individual capacities.

AMENDED COMPLAINT-8

18. Defendant, Scott Eliason, was at all times material hereto, a Psychiatrist at ISCI, either under contract to provide medical/mental health services at IDOC, or employed directly by IDOC to provide medical/mental health services to inmates (including Plaintiff). Defendant Eliason, was acting within course and scope of his duties as a Psychiatrist to IDOC inmates (including Plaintiff), and as the agent, servant, employee (including successor in office) of the State of Idaho. Defendant is sued in his official and individual capacities.

19. Defendant, Richard Craig, was at all times material hereto until the end of 2015, IDOC's chief Psychologist at ISCI, either under contract to provide medical/mental health services to IDOC inmates. Defendant Craig was acting within course and scope of his duties chief Psychologist to IDOC inmates, (including Plaintiff), and as the agent, servant, employee (including successor in office) of the State of Idaho. Address of 1299 N. Orchard Ave., Ste. 110, Boise Idaho 83706. Defendant Craig is sued in his individual and official capacities.

20. Defendant, Rona Siegert was at all times material hereto the Health Service Authority and/or Health Services Director at ISCI either under contract to provide medical services to IDOC inmates, or

AMENDED COMPLAINT-9

employed directly by IDOC to provide medical services to inmates. Defendant Siegert was acting within course and scope of her duties as Health Services Director to IDOC inmates (including Plaintiff), and as the agent, servant, employee (including successor in office) of the State of Idaho. Address of 13500 South Pleasant Valley Road, Kuna, Idaho 83634. Defendant Seigert is sued in her official and individual capacities.

21. Defendant, Murray Young, was at all times material hereto Regional Medical Director at ISCI, either under contract to provide medical services for inmates at IDOC, or employed by IDOC to provide medical services to inmates. Defendant Young was acting within course and scope of his duties as Regional Medical Director to IDOC inmates (including plaintiff) and as the agent, servant, employee (including successor in office) of the State of Idaho. Address of 1299 N. Orchard Ave., Ste., 110 Boise, Idaho 83706. Defendant Young is sued in his individual and Official capacities.

22. Each and all of the acts of Defendants alleged herein, were done by the Defendants, not just as individuals, but under the color of law, and pretense of the statutes, ordinances, regulations, customs and practices and usages of the State of Idaho, and under authority of the Defendants as public officials

AMENDED COMPLAINT - 10

for the State of Idaho.

## JURISDICTION & VENUE

23. This action arises under the U.S. Constitution of the United States, particularly, under the provisions of the Eighth and Fourteenth Amendments, and under Federal law, particularly 42 U.S.C. § 1983.

24. This Court has subject matter jurisdiction of this cause under 28 U.S.C. § 1331, because this action seeks redress and damages for violation of 42 U.S.C. § 1983, and the Federal claims are not insubstantial.

25. Plaintiff seeks declaratory relief pursuant to 28 U.S.C. §§ 2201, 2202. Plaintiff's injunctive relief are authorized pursuant 28 U.S.C. § 1326. This Court has jurisdiction of Plaintiff's pendent State claims under 28 U.S.C. § 1367.

The Plaintiff filed a notice of claim on 02/10/2017, concerning the occurrences complained of herein with the Comptroller of the State of Idaho, within 180 days of these occurrences, as required by Idaho Code § 6-901; and the Comptroller has failed to settle the Plaintiff's claims.

26. Plaintiff's claims for injunctive relief are authorized pursuant to 28 U.S.C. §§ 2283 and 2284, and 28 U.S.C. § 1326. This Court has personal jurisdiction because, upon information and belief, Defendants

Amended COMPLAINT- 11

reside in this District and a substantial part of the events or omissions giving rise to the claims occurred in this District, and/or, Defendants are domiciled within Idaho.

27. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), because, upon information and belief, a substantial part of the events or omissions giving rise to the claims occurred in this District.

## GD IS A SERIOUS MEDICAL CONDITION THAT REQUIRES ADEQUATE MEDICAL TREATMENT

28. Ms. Edmo was diagnosed with GID/GD, July 19, 2012 by Claudia K. Lake, Psy.D., a mental health professional employed either through contract with IDOC, or directly by IDOC.

29. GD is a recognized and diagnosable and treatable condition characterized by (1) a strong cross-gender identification, which is the desire to be or the insistence that one is of the other gender, and (2) a persistent discomfort about one's assigned sex, or a sense of inappropriateness within the gender role of that sex. GD is a recognized, diagnosable, and treatable condition listed within the _American Psychiatric's Diag-_

AMENDED COMPLAINT - 11

<u>nostic and Statistical Manual of Mental Disorders</u>, fifth (5th) Edition (2013), ("DSM-V"). The World Health Organization (WHO) also recognized the discordance between anatomical sex and gender as a disorder in it's 1990 publication, <u>The International Classification of Diseases,</u> ("ICD-10"), but uses the nomenclature of transsexualism.

30. The World Health Association of Transgender Health ("WPATH"), formerly known as, The Harry Benjamin International Gender Dysphoria's Association's Standards of Care for Gender Identity Disorders ("Standards of Care") articulate the professional consensus about the psychiatric, psychological and medical, and surgical management of GID within the United States. WPATH is an international multi-disciplinary professional association with extensive expertise in accepted standards for transgender health. The WPATH promulgates Standards of Care for Gender Identity Disorders, which set forth clinical protocols for treating persons with GD.

31. WPATH has published it's 7th version of Standards of care. <u>Standards of Care for the Health of Transsexual, and Gender non-conforming People,</u>" within the <u>International Journal of Transgenderism,</u> 13: 165-232 (2011). WPATH has also designated a section entitled; <u>XIV Applicability of the Standards of Care to People Living In Institutional Environments</u>; which states in relevant part:

AMENDED COMPLAINT -12