IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ADREE EDMO,<br><br>    Plaintiff,<br>vs.<br><br>IDAHO DEPARTMENT OF CORRECTION; HENRY ATENCIO, in his official capacity; JEFF ZMUDA, in his official capacity; HOWARD KEITH YORDY, in his official and individual capacities; CORIZON, INC.; SCOTT ELIASON; MURRAY YOUNG; RICHARD CRAIG; RONA SIEGERT; CATHERINE WHINNERY; AND DOES 1-15;<br><br>    Defendants. | Case No. 1:17-cv-151-BLW<br><br>**ORDER FOR RULE 35 EXAMINATION OF PLAINTIFF** |

This matter having come before this Court on the Plaintiff and IDOC Defendants' *Stipulation for Entry of Order Allowing Rule 35 Examination*, pursuant to Rule 35 of the Federal Rules of Civil Procedure, and good cause appearing therefore;

IT IS HEREBY ORDERED that the Plaintiff will submit to a Rule 35 examination and this Court hereby grants leave for the IDOC Defendants to conduct the examination of the Plaintiff's mental condition, consistent with Rule 35 and the manner, scope, and procedure as follows:

The examination will take place at 11:00 a.m. on July 31, 2018, at the Idaho State Correctional Institution ("ISCI") in the visiting courtroom/parole hearing room, located at 13500 S. Pleasant Valley Road; Kuna, Idaho; 83634. The examination will last no longer than three (3) hours.

The examination will be conducted by Joel T. Andrade, Ph.D, LICSW, CCHP-MH. Dr. Andrade's examination will consist of a clinical interview regarding the Plaintiff's background,

**ORDER FOR RULE 35 EXAMINATION OF PLAINTIFF- 1**

social history, family history, and health history in general. Dr. Andrade's clinical interview will address the content of the Plaintiffs' experts' Declarations and Plaintiff's Declaration, and other matters relevant to Plaintiff's mental health, including, but not limited to: Plaintiff's prior and current mental health issues, symptoms, and treatment, including prior suicide attempts, self-harm events, and attempts at castration; Plaintiff's pre-incarceration history of trauma, substance abuse, sexual abuse, PTSD, depression, anxiety, anguish, and stress; mental health treatment Plaintiff has received over her lifetime, including treatment for Gender Dysphoria and/or Gender Identity Disorder, both prior to and after her incarceration; the treatment, therapy, and accommodations that IDOC has provided to the Plaintiff; any and all treatment and accommodations that Plaintiff has requested be provided by IDOC, but has allegedly been denied; and Plaintiff's current level of functioning and interactions with IDOC staff, clinicians, treatment providers, and other inmates.

Dr. Andrade's clinical interview will not include any testing. The interview will be audio recorded. Plaintiff will be permitted to have one (1) non-attorney representative who is not an incarcerated person present during the interview. That representative may monitor the interview, but shall not participate in or disrupt it. The representative will not obstruct the interview and will not assert objections to the questions asked or examination performed, although Plaintiff and counsel may assert objections following completion of the examination. Plaintiff shall disclose the identity of the non-attorney representative to counsel for the IDOC Defendants 24 hours in advance of the interview.

DATED: July 26, 2018

B. Lynn Winmill
Chief U.S. District Court Judge

**ORDER FOR RULE 35 EXAMINATION OF PLAINTIFF- 2**