UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ADREE EDMO,<br><br>Plaintiff,<br><br>v.<br><br>IDAHO DEPARTMENT OF CORRECTION, *et. al.*,<br><br>Defendants. | Case No. 1:17-cv-00151-BLW<br><br>MEMORANDUM DECISION AND ORDER |

The Court has before it several requests to seal documents. "[C]ourts of this country recognize a general right [of the public] to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). Parties must "overcome[ ] this strong presumption" of public access when seeking to maintain the confidentiality of judicial files and records. *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). A party seeking to seal documents attached to a dispositive motion has the burden of demonstrating "compelling reasons" for protection that outweigh the public interest. *Id*. at 1178–79. Although not technically dispositive, a motion for preliminary injunction must be treated as a dispositive motion because granting the preliminary injunction would "alter[] the status quo and cannot be undone." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1102 (9th Cir. 2016).

**MEMORANDUM DECISION AND ORDER - 1**

Compelling reasons may exist where "a court record might be used to gratify private spite or promote public scandal, to circulate libelous statements, or as sources of business information that might harm a litigant's competitive standing." *Id.* at 1097. But, "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Kamakana*, 447 F.3d at 1179.

Because judicial records are public documents, a showing of good cause to seal a document under Rule 26(c) is not sufficient to fulfill the "compelling reasons" standard and preclude production. *Id*. at 1180. Rather, the party is "required to present articulable facts identifying the interests favoring continued secrecy . . . and to show that these specific interests overcame the presumption of access by outweighing the public interest in understanding the judicial process." *Id*. at 1181 (internal citation omitted).

1. **Stipulation to Seal Declaration of Krina L. Stewart (Dkt. 102)**

Initially, Plaintiff asked the Court to strike the declaration of Krina L. Stewart and issue a protective order regarding certain medical information. However, after an informal mediation with the Court's staff, the parties agreed to submit the stipulation, wherein the parties agreed that the declaration can be filed with only a redaction of a small portion of the declaration. That portion of the declaration relates to information Stewart obtained during medical treatment of Edmo, which may lead to disciplinary action at the prison. The Court finds that this is a compelling reason to seal that portion of the declaration because the specific interest of not subjecting Plaintiff to disciplinary action based upon medical treatment overcomes the presumption of access to the document. Accordingly, the unredacted version of the document

already filed with the Court shall remain sealed, and Defendant shall file an unsealed version of the document with the portions discussed during the informal mediation redacted.

   2. **Motion to Seal Ex 12 (Dkt. 112) & Motion to Seal Clinical Pathway: Gender Dysphoria Document (Dkt. 119)**

There is some confusion about the request to seal the Document "Clinical Pathway: Gender Dysphoria" document which has been attached to a number of declarations. Originally, Plaintiff asked to seal the document because Defendant provided it in discovery subject to the Protective Order. Plaintiff later opposed sealing the document, in part because Plaintiff asserted that Defendant did not file the document under seal at Dkt. 119-4. But Dkt. 119-4 is filed under seal. Nevertheless, the Court will address the merits of whether the document should be sealed under the standard stated above.

As explained above, compelling reasons for sealing a document exist when it contains ". . . sources of business information that might harm a litigant's competitive standing." *Ctr. for Auto Safety v. Chrysler Grp.*, LLC, 809 F.3d 1092, 1097 (9th Cir. 2016) (internal citations omitted). Here, Corizon indicates that the Clinical Pathway: Gender Dysphoria document is a trade secret. Corizon explains that it was the product of two years of Corizon's efforts to create a set of guidelines that Corizon medical providers working at the jails and prisons could use as a reference in their treatment and care of patients diagnosed with Gender Dysphoria. Corizon explains that the document gives Corizon an advantage over its competitors in bidding for contracts with states and various other institutions to provide medical care to inmates. Corizon explains that it spent hundreds of hours and approximately $50,000 to $100,000 developing the document, and that if it were made public Corizon would lose its distinct advantage over its competitors who have not developed such a document. Under these circumstances, the Court

finds that a compelling reason exists for the filing of the document as a sealed exhibit, and the motion will be granted.[1]

### 3. Motion to Seal Confidential PSI Documents (Dkt. 120)

All parties ask the Court to seal Plaintiff's confidential PSI documents. The Confidential PSI documents were prepared in conjunction with Plaintiff's prior criminal convictions. The documents include confidential and sensitive information regarding Plaintiff as well as individuals who are not parties to this case and uninvolved in this litigation. Pursuant to the Idaho State District Court's sentencing orders regarding the Plaintiff's criminal cases, along with Idaho Criminal Rule 32, Idaho Administrative Rule 32, and Idaho Code §§ 19-2519(b) and 20-237, those confidential documents were required to be kept in the possession of the Defendant Idaho Department of Corrections. On July 11, 2018, the Hon. District Judge Robert C. Naftz entered an Order authorizing IDOC to disclose the Confidential PSI Documents to the parties, expert witnesses, and the Court this matter. However, the documents are subject to the Protective Order in this case. Given the sensitive nature of the documents, a compelling reason exists for the

---

[1] The Court's only reservation with this request, is that Corizon's policy may also be relevant in litigation in other jurisdictions where Corizon provides medical services to prison facilities. Barring public access to Corizon's policy may make it more difficult for inmates in those facilities to challenge Corizon's policies in effect there. However, that fear does not detract from Corizon's legitimate interest in protecting its competitive advantage in the economic enterprise of providing medical services in state prison facilities. The Court would also note that Corizon's policy in those other state prisons may, as occurred here, be obtained in discovery by plaintiffs in such legal proceedings. The Court may also revisit this ruling if presented with a more compelling argument during the evidentiary hearint.

filing of the confidential PSI documents as a sealed exhibit, and the motion with be granted.

## ORDER

**IT IS ORDERED:**

1. Stipulation to Seal Declaration of Krina L. Stewart (Dkt. 102) is **GRANTED**.

2. Motion to Seal Ex 12 (Dkt. 112) & Motion to Seal Clinical Pathway: Gender Dysphoria Document (Dkt. 119) are **GRANTED**.

3. Motion to Seal Confidential PSI Documents (Dkt. 120) is **GRANTED**.

DATED: October 9, 2018

_____
B. Lynn Winmill
Chief U.S. District Court Judge