Lori Rifkin, Esq. (CA # 244081)
(*pro hac vice*)
HADSELL STORMER & RENICK LLP
4300 Horton Street, #15
Emeryville, CA 94608
Telephone: (415) 685-3591
Facsimile:  (626) 577-7079
Email: lrifkin@hadsellstormer.com

Dan Stormer, Esq. (CA # 101967)
(*pro hac vice*)
Shaleen Shanbhag, Esq. (CA # 301047)
(*pro hac vice*)
HADSELL STORMER & RENICK LLP
128 N. Fair Oaks Avenue
Pasadena, California 91103
Telephone: (626) 585-9600
Facsimile:  (626) 577-7079
Emails: dstormer@hadsellstormer.com
        sshanbhag@hadsellstormer.com

Craig Durham (ISB # 6428)
Deborah Ferguson (ISB # 5333)
FERGUSON DURHAM, PLLC
223 N. 6th Street, Suite 325
Boise, ID 83702
Telephone: 208-345-5183
Facsimile: 208-908-8663
Emails: chd@fergusondurham.com
        daf@fergusondurham.com

Amy Whelan, Esq. (CA # 215675)
(*pro hac vice*)
Julie Wilensky, Esq. (CA # 271765)
(*pro hac vice*)
NATIONAL CENTER FOR LESBIAN
RIGHTS
870 Market Street, Suite 370
San Francisco, CA 94102
Telephone: 415-365-1338
Facsimile: 415-392-8442
Email: AWhelan@NCLRights.org
        jwilensky@NCLRights.org

Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ADREE EDMO (a/k/a MASON EDMO),<br><br>Plaintiff,<br><br>v.<br><br>IDAHO DEPARTMENT OF CORRECTION; HENRY ATENCIO, in his official capacity; JEFF ZMUDA, in his official capacity; HOWARD KEITH YORDY, in his official and individual capacities; CORIZON, INC.; SCOTT ELIASON; MURRAY YOUNG; RICHARD CRAIG; RONA SIEGERT; CATHERINE WHINNERY; and DOES 1-15;<br><br>Defendants. | Case No.: 1:17-cv-00151-BLW<br><br>**THIRD AMENDED COMPLAINT**<br><br>1. **Failure to Provide Medical Treatment (8th Amendment)**<br>2. **Violation of Equal Protection – Sex (14th Amendment)**<br>3. **Violation of Equal Protection – Diagnosis (14th Amendment)**<br>4. **Discrimination in Violation of Americans with Disabilities Act/Rehabilitation Act**<br>5. **Discrimination in Violation of Affordable Care Act**<br>6. **Negligence (Idaho State Law)** |

THIRD AMENDED COMPLAINT
FOR DAMAGES

**INTRODUCTION**

1.       Plaintiff Adree Edmo is currently incarcerated by the Idaho Department of Corrections ("IDOC") in Idaho State Correctional Institution in Kuna, Idaho.  Ms. Edmo has been incarcerated since April 2012.  Ms. Edmo is a transgender woman—an individual whose gender identity (female) is different from the male gender assigned to her at birth.[1]  Ms. Edmo has been diagnosed by IDOC with gender dysphoria (previously known as Gender Identity Disorder), a serious medical condition characterized by strong cross-gender identification, and strong and persistent discomfort about one's assigned sex.  As a result of gender dysphoria, Ms. Edmo experiences severe dysphoria and distress resulting from the incongruence between her male physical features and her female gender identity.  She requires medically necessary care to treat gender dysphoria.

2.       The most common forms of treatment for gender dysphoria are counseling, the "real-life" experience of living full-time within the desired gender, hormonal therapy, and gender confirmation surgeries that conform primary or secondary sex characteristics with gender identity.  Because gender dysphoria is not a mental disorder, counseling is aimed at providing coping mechanisms to deal with the discrimination and bias that transgender people typically experience from other people or institutions.

3.       Prior to being incarcerated, Ms. Edmo lived full-time as a woman.  Ms. Edmo is Native American and her Tribe recognizes that some individuals are Two-Spirit, a Native American concept encompassing cross-gender identifying and gender nonconforming individuals.

4.       After she was diagnosed with gender dysphoria by IDOC, Ms. Edmo sought appropriate medical treatment, including access to feminizing hormones, evaluation for gender confirmation surgery,[2] and the ability to live as a woman while incarcerated.  However,

---

[1] At birth, infants are classified as male or female based on a visual observation of their external genitalia. This classification becomes the person's "sex assigned at birth," but may not be the same as the person's sex/gender identity.

[2] This is also sometimes referred to as "sex reassignment surgery."

THIRD AMENDED COMPLAINT
FOR DAMAGES

-1-

Defendants have refused to allow Plaintiff to access such medically necessary treatment, and instead have repeatedly punished Plaintiff for expressing her gender identity, including subjecting her to solitary confinement.

5.     Defendants' denial of necessary medical treatment as well as discipline and punishment of Ms. Edmo for expressing her gender identity have caused grave and unnecessary suffering and harm to Ms. Edmo, including two attempted self-castrations.

6.     Defendants' discipline and punishment of Ms. Edmo for expressing her gender identity has also negatively affected her eligibility for parole.

7.     Defendants' actions violate the Eight Amendment to the U.S. Constitution's prohibition on cruel and unusual punishment by denying Ms. Edmo necessary medical treatment and failing to protect her from harm; the Fourteenth Amendment to the U.S. Constitution's guarantee of equal protection by discriminating against her based on sex, sex stereotyping, and/or gender identity as well as based on the diagnosis of gender dysphoria;  the Americans with Disabilities Act and Section 504 Rehabilitation Act by discriminating against her in provision of medical treatment and participation in programs and services; the non-discrimination provision of the Affordable Care Act by discriminating based on sex, sex stereotyping, and/or gender identity; and Idaho tort law by negligently failing to provide Ms. Edmo treatment.

8.     Ms. Edmo seeks injunctive and declaratory relief and damages to remediate Defendants' violations of her rights.

## JURISDICTION AND VENUE

9.     Plaintiff brings this suit pursuant to 42 U.S.C. § 1983, the Eighth and Fourteenth Amendments of the United States Constitution, the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq*., Section 504 of the Rehabilitation Act of 1973, 29 U.SC. § 794a, and Section 1557 of the Affordable Care Act, 42 U.S.C. § 18116 . This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343 and supplemental jurisdiction over Plaintiff's related state law negligence claim because it arises out of the same actions and omissions.  Plaintiff

seeks declaratory and injunctive relief and damages for Defendants' violation of Plaintiff's civil rights.

10.     Venue is appropriate in the District of Idaho pursuant to 28 U.S.C. § 1391(b)(2) because the events giving rise to the claim occurred in this District.

11.     Plaintiff has exhausted all administrative remedies with respect to the claims contained herein.  A copy of Plaintiff's "Notice of Claim" is attached as Exhibit A to the Complaint.  Copies of Plaintiff's IDOC grievances and appeals that are in her possession, as they relate to these claims, are attached as Exhibit B to the Complaint.  Any further IDOC grievances deemed to contain complaints similar to those Plaintiff has already grieved are returned to Plaintiff and not allowed any further process.

## PARTIES

12.     Plaintiff ADREE EDMO is 31 years old and a United States citizen and member of the Shoshone-Bannock Tribe.  She is currently housed at Idaho State Correctional Institution ("ISCI") in Kuna, Idaho.  Plaintiff has been incarcerated in the custody of IDOC since April 2012.

13.     Defendant IDAHO DEPARTMENT OF CORRECTION ("IDOC") is the State agency responsible for incarceration of adult inmates sentenced by the courts.  IDOC operates nine adult correctional facilities in Idaho, including ISCI where Plaintiff is housed.

14.     Defendant HENRY ATENCIO is the current Director of the Idaho Department of Correction.[3]  As Director, Defendant Atencio is the highest-level official in IDOC and is responsible for administering and overseeing the operations of IDOC, including the policies, procedures, and practices followed by IDOC, its contractors, employees, and agents.  On information and belief, Defendant Atencio is also the final reviewer for treatment decisions by IDOC's Management and Treatment Committee.  Mr. Atencio is sued in his official capacity.

---

[3] Plaintiff originally named Kevin Kempf, who was then Director of IDOC.  Since Plaintiff filed her suit, Mr. Atencio has been appointed Director and is automatically substituted as party in his official capacity. Fed. R. Civ. P. 25(d).

THIRD AMENDED COMPLAINT FOR DAMAGES

15. Defendant JEFF ZMUDA is the current Deputy Director of the Idaho Department of Correction.  As Deputy Director, Defendant Zmuda is a member of IDOC's executive leadership team, and is specifically charged by IDOC policy to oversee implementation of health care services and treatment in IDOC including the development and implementation of standard operating procedures to effectuate health care delivery.  Mr. Zmuda is sued in his official capacity.

16. Defendant HOWARD KEITH YORDY is and was at times relevant to the actions and omissions described herein, the Warden of ISCI where Plaintiff was housed. As Warden, Defendant Yordy is responsible for oversight of operations at ISCI, implementation of IDOC policies and procedures, staff training, welfare of inmates housed at the ISCI, and the supervisor of all other individual Defendants employed at ISCI.  Defendant Yordy was a member of the Management and Treatment Committee for Plaintiff.  Defendant Yordy also directly participated in review and denials of Plaintiff's requests for appropriate treatment for gender dysphoria, including implementing *de facto* policies regarding "feminine" appearance.  Mr. Yordy is sued in his official and individual capacities.

17. Defendant CORIZON INCORPORATED ("CORIZON") is a private for-profit corporation contracted to provide healthcare, including medical and mental health treatment services, to inmates in the custody of IDOC, including inmates at ISCI where Plaintiff is housed. As IDOC's contract medical provider, Corizon is responsible for ensuring that proper medical, dental, psychiatric and psychological services, and treatment are provided to inmates incarcerated under IDOC's jurisdiction.

18. Defendant SCOTT ELIASON, M.D., was at all times relevant to the actions and omissions described herein the Regional Psychiatric Director for Corizon and a psychiatrist engaged to provide medical services at ISCI.  Defendant Eliason is a direct medical provider to Plaintiff, is a member of the Management and Treatment Committee for Plaintiff, and directly participated in decisions to deny Plaintiff adequate and necessary medical treatment for gender dysphoria.

THIRD AMENDED COMPLAINT FOR DAMAGES

-4-

19.     Defendant MURRAY YOUNG was at all times relevant to the actions and omissions described herein the Regional Medical Director for Corizon.  Defendant Young also directly participated in treatment decisions for Plaintiff.

20.     Defendant RICHARD CRAIG was  the Chief Psychologist at ISCI until approximately the end of 2016, and engaged to provide medical services to inmates housed therein.  Defendant Craig was a member of the Management and Treatment Committee for Plaintiff.

21.     Defendant RONA SIEGERT was at all times relevant to the actions and omissions described herein the Health Services Director at ISCI and engaged to provide medical services to inmates housed therein.  Defendant Siegert was a member of the Management and Treatment Committee for Plaintiff.

22.     Defendant CATHERINE WHINNERY was at all times relevant to the actions and omissions described herein a medical provider engaged to provide medical services at ISCI. Defendant Whinnery is a direct medical provider to Plaintiff and directly participated in the denial of adequate and necessary medical treatment to Plaintiff for gender dysphoria.

23.     DOES 1-10 ("Custody Does") are additional custody supervisors and officers who were at all times relevant to the actions and omissions described herein employed at ISCI, and responsible for implementation of IDOC policies and procedures, and the welfare of inmates including Plaintiff.  Custody Does supervised and/or participated in the disciplinary actions and denial of Plaintiff's requests complained of herein.  At the present time, the identities of Custody Does are unknown and not discoverable to Plaintiff without the relevant documents for her custody file, to which she does not presently have access.  Plaintiff will substitute the true names of Custody Does when Plaintiff is able to ascertain their identities through discovery.

24.     Does 10-15 ("Health Care Does") are additional medical providers and staff who were at all times relevant to the actions and omissions described herein engaged to provide medical services at ISCI, and who were responsible for ensuring provision of appropriate medical care to Plaintiff and/or participated in the denial of adequate and necessary medical

treatment to Plaintiff for gender dysphoria.  At the present time, the identities of Health Care Does are unknown and not discoverable to Plaintiff without discovery.  Plaintiff will substitute the true names of Health Care Does when Plaintiff is able to ascertain their identities through discovery.

25.     At all times relevant herein, each Defendant was acting in the course and scope of his or her employment and under color of state law.

## FACTUAL ALLEGATIONS

### Gender Dysphoria is Recognized as a Serious Medical Condition Requiring Treatment

26.     Gender Dysphoria is a diagnosable and treatable condition recognized by the American Psychiatric Association and included in the Diagnostic and Statistical Manual of Mental Disorders, Fifth Edition ("DSM-V"), as well as the International Classification of Diseases-10 (World Health Organization).

27.     Gender dysphoria is not a mental illness or disorder.  Rather, "gender dysphoria" is a diagnostic term that refers to clinically significant distress associated with an incongruence or mismatch between a person's gender identity and assigned sex. When gender dysphoria is severe, it can result in a person's inability to function in everyday life.  Gender dysphoria is highly treatable.  Indeed, with appropriate treatment, individuals with gender dysphoria can be fully cured of all symptoms.  When not properly treated, however, gender dysphoria is often associated with dangerous related conditions such as depression, substance abuse, self-mutilation, suicidal ideations, and suicide.  Without treatment, the path for those suffering from gender dysphoria can be torturous, as evidenced by alarmingly high suicide attempt rates: 40 percent of persons identifying as transgender attempt suicide, nearly 9 times the national average of 4.6 percent, according to the 2015 National Transgender Discrimination Survey.[4]  Plaintiff's history reflects such effects resulting from inadequate treatment:  she has repeatedly experienced

---

[4] Available at
http://www.transequality.org/sites/default/files/docs/usts/USTS%20Full%20Report%20-%20FINAL%201.6.17.pdf

THIRD AMENDED COMPLAINT
FOR DAMAGES                                              -6-

suicidal ideation and has engaged in dangerous attempts to self-harm and self-castrate as a response to her despair over her inability to access necessary treatment for her gender dysphoria.

28.     The World Professional Association for Transgender Health ("WPATH") is the leading international organization focused on transgender health care.  WPATH has more than 1,000 members throughout the world consisting of physicians, psychiatrists, psychologists, social workers, surgeons, and other health professionals who specialize in the diagnosis and treatment of gender dysphoria. WPATH publishes the Standards of Care for the Health of Transsexual, Transgender, and Gender Nonconforming People ("Standards of Care").  The Standards of Care were first developed in 1979.  The current version of the Standards of Care, Version 7,[5] was published in September 2011 following a five-year process in which eighteen gender dysphoria specialists submitted peer-reviewed papers to help identify the most effective treatments for gender dysphoria.  WPATH's Standards of Care are the prevailing standards of care used by mental health providers and medical professionals treating gender dysphoria.

Just as With Other Medical Conditions, People with Gender Dysphoria Must Be Able to Access Treatment Determined to Be Medically Necessary, Including Gender Confirmation Surgery

29.     IDOC Policy 401, "Clinical Services and Treatment," states that it is IDOC's policy to provide "proper medical, dental, psychiatric and psychological services, and treatment" to inmates.

30.     IDOC Standard Operating Procedure 401.06.03.001, "Access to Care," states that the purpose of the procedure is "to ensure that offenders have unimpeded access to healthcare services to meet their serious medical, dental and mental health needs."  It further explains that "The IDOC provides healthcare to offenders during incarceration that focuses on prevention and maintenance of the offender's health status."

---

[5] Available at
https://s3.amazonaws.com/amo_hub_content/Association140/files/Standards%20of%20Care%20V7%20-%202011%20WPATH%20(2)(1).pdf

---

THIRD AMENDED COMPLAINT FOR DAMAGES

31.     The goals of medical treatments for gender dysphoria, as stated in the Standards of Care, are (1) to alleviate clinically significant distress and impairment of functioning associated with gender dysphoria, and (2) to maximize overall psychological well-being.

32.     As recognized by both the DSM-V and the Standards of Care, people with gender dysphoria who do not receive appropriate medical treatment are at risk of depression, anxiety, suicide, and genital self-harm, including attempts to perform auto-castration or auto-penectomy that can lead to serious and life-threatening injuries.

33.     The Standards of Care set forth treatment options for gender dysphoria including: changes in gender expression and role (which may involve living part time or full time in another gender role, consistent with one's gender identity); hormone therapy to feminize or masculinize the body; surgery to change primary and/or secondary sex characteristics (e.g. breasts/chest, external and/or internal genitalia, facial features, body contouring); and psychotherapy addressing the negative impact of gender dysphoria and stigma on mental health, alleviating internalized transphobia, enhancing social and peer support, improving body image, or promoting resilience.

34.     After a diagnosis of gender dysphoria is made, the Standards of Care require that a competent medical professional with knowledge and expertise in gender dysphoria evaluate a patient for appropriate and necessary treatment options.  This medical treatment not only improves a patient's quality of life, but also limits the development of mental health issues which often accompany lack of treatment.

35.     The Standards of Care also make clear that gender confirmation surgery is not an "elective procedure." Gender confirmation surgery is an "essential and medically necessary" treatment to alleviate gender dysphoria in some cases.  Hormone therapy alone for those individuals is not sufficient.

36.     In promulgating the Standards of Care, the WPATH specifies that they "apply to all transsexual, transgender, and gender nonconforming people, irrespective of housing situation, including in institutional environments such as prisons.  The Standards of Care state that "[a]ll

THIRD AMENDED COMPLAINT
FOR DAMAGES

elements of assessment and treatment as described in the SOC can be provided to people living in institutions…If the in-house expertise of health professionals in the direct or indirect employ of the institution does not exist to assess and/or treat people with gender dysphoria, it is appropriate to obtain outside consultation from professionals who are knowledgeable about this specialized area of health care."

<u>Defendants' Failure to Provide Necessary Treatment and Discrimination Against Plaintiff</u>

37.     Plaintiff was born on October 29, 1987, in Pocatello, Idaho and grew up in Tyhee, Idaho.  Plaintiff is a member of the Shoshone-Bannock Tribe.

38.     Plaintiff's Tribe recognizes individuals as Two-Spirit, a Native American concept encompassing cross-gender identifying and gender nonconforming individuals.

39.     From a young age, Plaintiff identified with her sisters and other female family members, and would dress in women's clothing.  As a teenager, she identified as female and was not comfortable in the male gender that was assigned to her at birth.  At around age 18, Plaintiff began living "part-time" as a woman, including wearing women's clothing and make-up, and at around age 20 began living full-time as a woman.  Plaintiff identifies as Two-Spirit within her Tribe.

40.     Plaintiff began her current term of incarceration in April 2012.  Soon thereafter, in or around July 2012, Plaintiff was diagnosed with gender dysphoria by Dr. Lake, a doctor treating her on behalf of IDOC.

41.     IDOC Standard Operating Procedure 410.06.03.501 requires the "Management and Treatment Committee" to create an individualized management and treatment program for inmates with gender dysphoria.  However, Defendants have repeatedly failed to provide Plaintiff with individualized care.

42.     On information and belief, Defendants' failure to provide Plaintiff with individualized care as required by IDOC policy reflects Defendants' custom, practice, and/or *de facto* policy of failing to provide necessary medical treatment for persons with gender dysphoria.

43.     After IDOC's own medical provider diagnosed Plaintiff with gender dysphoria,

THIRD AMENDED COMPLAINT
FOR DAMAGES

Plaintiff submitted numerous Corizon "Health Service Request" forms, and IDOC "Offender Concerns" forms related to medical needs resulting from gender dysphoria.  These included requests for electrolysis for facial hair removal; medically appropriate doses of feminizing hormones; evaluation for gender confirmation surgery; change of gender marker on her IDOC identification card; female underwear; and the ability to purchase women's cosmetics from commissary that are available to female prisoners.

44.    From 2012 through 2016, Defendants largely denied and/or ignored Plaintiff's requests.  For example:

   a.   On or around December 3, 2012, Defendant Whinnery denied Plaintiff's request for an increased dosage of estrogen and recorded in Plaintiff's medical record that "policy is to maintain current doses" and informed Plaintiff that IDOC limits estrogen dosages to 3 mg, regardless of inmates' individual needs.

   b.   On or around October 16, 2013, Plaintiff requested a medical memo that would allow her to possess gender-appropriate undergarments.  This request was denied without consideration of her individual needs or development of an individualized treatment plan.  Defendant Whinnery stated IDOC does not allow "female panties" for male inmates.

   c.   On or around November 16, 2013, Plaintiff requested medication to decrease facial hair.  Defendant Young saw Plaintiff approximately one-and-a-half months later and refused to discuss any changes to medications.

   d.   On or around December 16, 2013, during a medical appointment with Defendant Young, Plaintiff again requested a medical memo that would allow her to possess gender-appropriate undergarments.  Defendant Young indicated that she had to receive approval from security staff. On or around December 22, 2013, Defendant Warden Carlin denied Plaintiff's request.

   e.   On or around February 11, 2014, Plaintiff requested an appointment with a gender dysphoria specialist and gender confirmation surgery.  Health service

THIRD AMENDED COMPLAINT
FOR DAMAGES

Administrator Linda Gercke coordinate with Defendant Young and refused
Plaintiff's request as "not medically necessary."

f.   On or around March 12, 2014, Defendant Yordy refused Plaintiff's requests to
live in a manner consistent with her female gender because she is "housed within
a male prison."

g.   On or around July 3, 2014, during a medical appointment with Defendant
Whinnery, Plaintiff requested an evaluation for the medical necessity of gender
confirmation surgery.  Defendant Whinnery refused and stated words to the effect
that "IDOC will not allow me to approve or recommend any medical treatment
regarding sex reassignment surgery without a court order."

h.   On or around September 20, 2014, Plaintiff requested to be seen by a qualified
gender identity evaluator, and her request was not answered.

i.   On or around October 8, 2014, during a medical appointment with Defendant
Whinnery, Plaintiff again requested approval to purchase women's underwear.
Defendant Whinnery refused citing IDOC policy not to issue a medical memo for
female underwear to inmates with gender dysphoria.

j.   On or around January 8, 2015, during a medical appointment with Defendant
Whinnery, Plaintiff requested an evaluation for gender confirmation surgery.
Defendant Whinnery refused, saying this would not be provided without a court
order.

k.   On or around April 20, 2016, Plaintiff was seen by Defendant Eliason and
requested gender confirmation surgery.  Defendant Eliason told Plaintiff words to
the effect that "It would be a lot easier if you acted like a man, got out, and then
you could do anything you want."

45.     As a result of Defendants' failure to adequately treat Plaintiff's gender dysphoria,
Plaintiff experienced severe symptoms related to this condition, resulting in one suicide attempt
and two attempts to self-castrate.  In February 2014, Plaintiff attempted suicide as a result of

learning that Defendants were denying her treatment for gender dysphoria.  On September 29, 2015, Plaintiff attempted to self-castrate by using a razor blade to cut her testicle.  On December 31, 2016, Plaintiff used a razor blade to cut her scrotum, pulling out the entire right testicle.

46.     In response to Plaintiff's September 29, 2015 castration attempt, she was given sutures to close the laceration, and then put on suicide watch for approximately 72 hours, and then placed in the "Behavioral Housing Unit" at the prison without any further medical treatment.

47.     In response to Plaintiff's December 31, 2016 castration attempt, she was transported to an outside hospital and given surgery to repair her self-castration attempt. Plaintiff was heavily medicated during her time at the outside hospital and is unaware if anyone at that outside medical facility spoke with IDOC or Corizon staff about a medical option of removing rather than repairing her testicle.

48.     After this castration attempt, a clinician threatened Plaintiff that if she cut herself again, she would be placed in a maximum security prison.

49.     From 2012 until December 2016, Defendants refused to evaluate Plaintiff's requests for evaluation of the medically appropriate dose of feminizing hormones.

50.     In or around December 2016, Defendants provided Plaintiff with one-time access to an outside medical provider who evaluated her dosage of hormones and other medications related to gender dysphoria.  This medical doctor significantly raised Plaintiff's dose of estradiol and spironolactone, and additionally prescribed her progesterone.  However, since that date, Plaintiff has not had any follow-ups with this outside provider nor are any scheduled.  Also since that date, despite the substantial changes in medication, Plaintiff's blood levels have not been measured nor has there been other necessary monitoring of the effects of the medications, or evaluation of whether she is now receiving appropriate dosages of the medications.

51.     Moreover, during Plaintiffs' December 2016 visit with the outside provider, when Plaintiff sought to discuss the appropriateness of gender confirmation surgery, the outside provider informed her that he was unable to discuss this with her because it was outside of his

contract with IDOC.

52.     Defendants' refusal to provide Plaintiff with access to a qualified medical provider with expertise in gender dysphoria to assess her need for gender confirmation surgery reflects Defendants' policy, procedure, custom, and/or practice of failing to provide adequate and necessary medical treatment to persons with gender dysphoria.

53.     IDOC Standard Operating Procedure 401.06.03.001, "Access to Care," prohibits "unreasonable barriers" to inmates' access to healthcare services, including "[p]unishing offenders for seeking care for their serious health needs"  and directs that "non-health care services staff (i.e. security staff) must not be allowed to approve or deny requests for healthcare made by an offender.  Non-healthcare services staff must forward requests for healthcare at the facility for review and action if necessary."

54.     Throughout Plaintiff's incarceration, Defendants have repeatedly disciplined and punished her for expressing her gender identity in a manner that did not pose any legitimate threat to the safety and security of the prison and that were related to gender dysphoria.  For example, Defendants issued "Disciplinary Offense Reports" ("DORs") to Plaintiff for, *inter alia*:

    a.  "Destruction of Property under $25" for converting state-issued men's underwear into a style similar to women's underwear to provide more support, for which Plaintiff was charged to pay restitution;

    b.  "Disobedience to Orders" for wearing "eyeliner makeup," resulting in commissary restriction for 15 days;

    c.  "Possession of unauthorized property" for having "eyelash makeup with an eyelash applicator," resulting in commissary restriction;

    d.  "Disobedience to Orders" for "hair in a bun that was above ear line," resulting in 5 days in disciplinary segregation;

    e.  "Disobedience to Orders" for "hair in a high pony tail styled in a feminine fashion," which was subsequently dismissed;

    f.  "Disobedience to Orders" for a "feminine hairstyle," resulting in 20 days

THIRD AMENDED COMPLAINT
FOR DAMAGES

commissary restriction and 20 days recreation restriction;

55.     Makeup items from the IDOC commissary are available to female inmates.

56.     Defendants' discipline of Ms. Edmo for expressing her gender identity has also resulted in her ineligibility for parole.  Ms. Edmo was informed that she would no longer be considered for early release because of her disciplinary record, a substantial portion of which is comprised of Defendants' punishment of her for expressing her gender identity. As a result, Ms. Edmo has stopped being considered for parole and, on information and belief, will not considered in the future.

**CLAIMS FOR RELIEF**

**<u>FIRST CLAIM FOR RELIEF</u>**

**Failure to Provide Necessary Medical Treatment (8th Amendment; 42 U.S.C. § 1983)**

*Against ALL Defendants Except IDOC*

57.     Plaintiff repeats and re-alleges the allegations in all preceding paragraphs as if fully set forth herein.

58.     Plaintiff has been diagnosed with the serious medical condition of gender dysphoria, which continues to cause Plaintiff serious mental distress and, without necessary treatment, has resulted in serious physical harm to Plaintiff.

59.     Defendants are responsible for providing adequate and necessary medical treatment to Plaintiff, including treatment for persons diagnosed with gender dysphoria.

60.     Defendants have failed to follow even IDOC's own policies relating to Plaintiff's treatment.  For example, Defendants failed to convene and/or conduct the necessary IDOC Management and Treatment Committee meetings to meaningfully evaluate Plaintiff's treatment for gender dysphoria.

61.     Defendants have failed to provide adequate and necessary treatment to Plaintiff that is consistent with prevailing medical standards of care for gender dysphoria.

62.     Defendants' acts and/or omissions with respect to Plaintiff's treatment reflect Defendants' policy, custom, practice and/or procedure of failing to provide adequate and

necessary medical treatment to inmates with gender dysphoria.

63.     Each Defendant has been and remains deliberately indifferent to Plaintiff's medical need to be adequately treated for gender dysphoria, including but not limited to evaluation for gender confirmation surgery by qualified medical personnel with expertise in the diagnosis and treatment of gender dysphoria and provision of such surgery, if determined appropriate, as well as other medical treatments and accommodations that would alleviate Plaintiff's serious medical symptoms.  Each Defendant has known of Plaintiff's serious medical need for treatment for gender dysphoria and failed to take reasonable measures to address Plaintiff's continued pain and suffering resulting from her inadequately treated gender dysphoria.

64.     Defendants' continued denial of necessary medical treatment for gender dysphoria is causing irreparable harm and unnecessary suffering to Plaintiff, including severe anxiety and distress resulting in emotional, psychological, and physical harm.

65.     Defendants' failure to provide necessary medical treatment to Plaintiff violates the Eighth Amendment to the U.S. Constitution.

66.     As a direct and legal result of Defendants' actions and omissions, Plaintiff has suffered and continues to suffer damages including, without limitation, pain and suffering; emotional, psychological, and physical distress; violation of dignity; and other pecuniary losses not yet ascertained.

67.     Individual Defendants and Corizon, by engaging in the aforementioned acts or omissions and/or in ratifying such acts or omissions, engaged in willful, malicious, intentional, and/or oppressive conduct, and/or acted with willful and conscious disregard of the rights, welfare, and safety of Plaintiff, thereby justifying the award of punitive and exemplary damages in an amount to be determined at trial.

//

//

//

//

_____

THIRD AMENDED COMPLAINT
FOR DAMAGES

-15-

**SECOND CLAIM FOR RELIEF**

**Violation of Equal Protection – Discrimination Based on Sex (14th Amendment; 42 U.S.C. § 1983)**

*Against ALL Defendants Except IDOC*

68.     Plaintiff repeats and re-alleges the allegations in all preceding paragraphs as if fully set forth herein.

69.     Under the Equal Protection Clause of the Fourteenth Amendment, discrimination based on sex is presumptively unconstitutional and subject to heightened scrutiny.

70.     Defendants have discriminated against Plaintiff based on her sex by failing to provide adequate and necessary medical treatment for gender dysphoria and by disciplining her based on Defendants' sex-based stereotyping about the ways in which Plaintiff should appear, act, and express herself based on her sex assigned at birth.

71.     In particular, Defendants have withheld adequate medical care from Plaintiff because she is transgender, because she is attempting to transition genders, and/or because of their sex-based belief that people who are assigned the male sex at birth should not receive medically necessary care that feminizes their bodies.

72.     Defendants denied various requests and/or permitted the denial of requests by Plaintiff for commissary products allowed to similarly situated female inmates, including but not limited to women's underwear and cosmetics.  Defendants also disciplined Plaintiff for wearing her hair in hairstyles deemed to be "feminine" that are allowed for similarly situated female inmates.

73.     Defendants also disciplined and/or permitted the discipline of Plaintiff for sex-based behaviors because she is transgender, because she is attempting to transition genders, and/or because of the sex-based belief that people who are assigned the male sex at birth should display only stereotypically male characteristics, behaviors, or dress.  Defendants thus treated Plaintiff differently based on her sex and her perceived non-conformity with sex stereotypes, including the expectation that a person's gender must conform to the sex assigned at birth.

THIRD AMENDED COMPLAINT
FOR DAMAGES

74.     Defendants' treatment of Plaintiff is based on her sex assigned at birth and sex-based stereotypes that Plaintiff should express herself in a manner that does not include wearing of cosmetics, "feminine" hairstyles, women's underwear, and other "feminine" behaviors and/or expressions.

75.     Defendants discriminated against Plaintiff because of sex, sex stereotyping, and/or gender identity pursuant to official policies, procedures, customs and/or practices.

76.     Defendants' discriminatory treatment of Plaintiff because of sex, sex stereotyping, and/or gender identity deprives Plaintiff of her right to equal protection of the laws guaranteed by the Fourteenth Amendment to the United States Constitution.

77.     Defendants' discrimination against Plaintiff because of sex, sex stereotyping, and/or gender identity is not substantially related to any important government interest, nor is it even rationally related to any legitimate government interest. Defendants' discrimination against Plaintiff because of sex, sex stereotyping, and/or gender identity is also not reasonably related to legitimate penological interests.

78.     As a direct and legal result of Defendants' actions and/or omissions, Plaintiff has suffered and continues to suffer damages including, without limitation, pain and suffering; emotional, psychological, and physical distress; violation of dignity; and other pecuniary losses not yet ascertained.

79.     Individual Defendants and Corizon, by engaging in the aforementioned acts and/or omissions and/or in ratifying such acts or omissions, engaged in willful, malicious, intentional, and/or oppressive conduct, and/or acted with willful and conscious disregard of the rights, welfare, and safety of Plaintiff, thereby justifying the award of punitive and exemplary damages in an amount to be determined at trial.

/ / /

/ / /

/ / /

THIRD AMENDED COMPLAINT
FOR DAMAGES

-17-

**THIRD CLAIM FOR RELIEF**

**Violation of Equal Protection – Discrimination Based on Diagnosis of Gender Dysphoria**

**(14th Amendment; 42 U.S.C. § 1983)**

*Against ALL Defendants Except IDOC*

80.     Plaintiff repeats and re-alleges the allegations in all preceding paragraphs as if fully set forth herein.

81.     IDOC policies require that prisoners with serious medical conditions be provided with appropriate and necessary medical care.  IDOC Policy 401, "Clinical Services and Treatment," states that it is IDOC's policy to provide "proper medical, dental, psychiatric and psychological services, and treatment" to inmates.  IDOC Standard Operating Procedure 401.06.03.001, "Access to Care," provides that "in a timely manner, an offender patient can be seen by a clinician, be given a professional clinical judgment, and receive care that is ordered," and that healthcare for inmates focuses on "prevention and maintenance of the offender's health status."  The policy requires that "[u]pon identification of any medical or mental health need requiring evaluation and/or intervention by a physician . . . or mental health professional, arrangements must be made to provide timely examination, assessment, ,and/or treatment by scheduling an appointment with the appropriate practitioner"  IDOC Directive 401.06.03.035, "Mental Health Care/Evaluation and Assessment," provides that treatment needs be addressed as soon as possible, and inmates who require acute mental health services beyond those available at the prison will be transferred to an appropriate facility which may include a facility in the community.

82.     Defendants diagnose and treat similarly situated IDOC inmates with mental health diagnoses and medical conditions other than gender dysphoria according to the IDOC policies, including those described above, regardless of whether such diagnosis and/or treatments are not common practices, or are unpopular treatments.

83.     Defendants have failed, and continue to fail, to provide Plaintiff treatment according to IDOC policies because of her diagnosis of gender dysphoria.

THIRD AMENDED COMPLAINT
FOR DAMAGES

-18-

84.     By official policy, procedure, custom and/or practice, Defendants discriminate against transgender inmates diagnosed with gender dysphoria, including Plaintiff, by providing them with inferior medical care as compared to similarly situated inmates with medical and mental conditions and/or diagnoses other than gender dysphoria.

85.     Defendants' discriminatory treatment of Plaintiff because of her diagnosis of gender dysphoria deprives Plaintiff of her right to equal protection of the laws guaranteed by the Fourteenth Amendment to the United States Constitution.

86.     Defendants' discrimination against Plaintiff based on her diagnosis of gender dysphoria is not substantially related to any important government interest, nor is it even rationally related to any legitimate government interest.  Defendants' discrimination against Plaintiff based on her diagnosis of gender dysphoria is also not reasonably related to legitimate penological interests.

87.     As a direct and legal result of Defendants' actions and omissions, Plaintiff has suffered and continues to suffer damages including, without limitation, pain and suffering; emotional, psychological, and physical distress; violation of dignity; and other pecuniary losses not yet ascertained.

88.     Individual Defendants and Corizon, by engaging in the aforementioned acts or omissions and/or in ratifying such acts or omissions, engaged in willful, malicious, intentional, and/or oppressive conduct, and/or acted with willful and conscious disregard of the rights, welfare, and safety of Plaintiff, thereby justifying the award of punitive and exemplary damages in an amount to be determined at trial.

## FOURTH CLAIM FOR RELIEF

### Discrimination on Basis of Disability (Americans with Disabilities Act, 42 U.S.C. § 12101 et seq., and Section 504 of the Rehabilitation Act, 29 U.S.C. § 794a)

*Against Defendants IDOC and Corizon*

89.     Plaintiff repeats and re-alleges the allegations in all preceding paragraphs as if fully set forth herein.

THIRD AMENDED COMPLAINT
FOR DAMAGES

90.     Based on her diagnosis of gender dysphoria, Plaintiff suffers from a "disability" within the meaning and scope of 42 U.S.C. § 1202, which has been recognized and documented by Defendants.  Accordingly, Plaintiff is a member of the class of persons protected by the ADA and Section 504 of the Rehabilitation Act, which make it unlawful for a public entity and entities receiving federal funds to discriminate against an individual with a disability, or to deny the benefits of the services, programs, or activities of a public entity or entity receiving federal funds to a person with a disability.

91.     Defendants discriminated against Plaintiff because of her disability and denied her the benefits of public services, programs and activities as a result of her disability by, *inter alia*, failing to provide adequate and necessary medical treatment; failing to provide proper and reasonable training to custody and health staff in responding to persons with gender dysphoria; and by disciplining Plaintiff for actions or behavior related to gender dysphoria and imposing punishments depriving Plaintiff of programs and activities because of such actions or behavior in a manner detrimental to her health.

92.     Defendants' acts and omissions violated the ADA and Section 504, which prohibit discrimination on the basis of physical and mental disability, and protect persons such as Plaintiff from the type of injuries and damages set forth herein.

93.     Defendant IDOC is not entitled to immunity from suit under the Eleventh Amendment for this cause of action.

94.     As a direct and legal result of Defendants' actions and omissions, Plaintiff has suffered and continues to suffer damages including, without limitation, pain and suffering; emotional, psychological, and physical distress; and other pecuniary losses not yet ascertained.

### FIFTH CLAIM FOR RELIEF

### Violation of Affordable Care Act (42 U.S.C. § 18116)

*Against Defendants Atencio, Zmuda, and Yordy in their official capacities*

95.     Plaintiff repeats and re-alleges the allegations in all preceding paragraphs as if fully set forth herein.

96.     Section 1557 of the Affordable Care Act, 42 U.S.C. § 18116, prohibits covered entities from discriminating on the basis of sex for the purpose of providing health care services.

97.     Covered entities include "any health program or activity, any part of which is receiving Federal financial assistance."  IDOC is a covered entity subject to the ACA's nondiscrimination requirement.

98.     As set forth above, Defendants have and continue to discriminate against Plaintiff on the basis of sex when they deny her adequate and necessary medical treatment on the basis that she is transgender, has been diagnosed with gender dysphoria, and is attempting to transition genders.

99.     As set forth above, Defendants have and continue to discriminate against Plaintiff on the basis of sex when they deny her adequate and necessary medical treatment on the basis of sex stereotyping and/or a belief that people who are assigned the male sex at birth should display only stereotypically male characteristics, behaviors, and dress.

100.     As a direct and legal result of Defendants' actions and omissions, Plaintiff has suffered and continues to suffer damages including, without limitation, pain and suffering; emotional, psychological, and physical distress; violation of dignity; and other pecuniary losses not yet ascertained.

## SIXTH CLAIM FOR RELIEF

### Negligence (Idaho State Law)

*Against Defendants Atencio and Zmuda, in their official capacities; Defendant Yordy in his official and individual capacity; Defendant Corizon; and Defendants Custody Does*

101.     Plaintiff repeats and re-alleges the allegations in all preceding paragraphs as if fully set forth herein.

102.     Defendants failed to comply with professional standards in the treatment, care, and supervision of Plaintiff during her incarceration at ISCI.  Defendants' failures include but are not limited to: failing to provide timely and necessary medical treatment; disciplining and punishing Plaintiff for behaviors and actions reflecting her medical diagnosis and seeking

medical treatment; and failing to house Plaintiff safely.

103.     Defendants also failed to appropriately supervise, review, and ensure the provision of adequate care and treatment to Plaintiff by custody and medical staff, and failed to enact appropriate standards and procedures that would have prevented the harm that she has experienced.

104.     Together, Defendants acted negligently and improperly, breached their respective duties, and as a direct and proximate result, Plaintiff suffered injuries and damages as alleged herein.

105.     The negligent conduct of Defendants was committed within the course and scope of their employment.

106.     The aforementioned acts of individual Defendants and Corizon were conducted with conscious disregard for the safety of Plaintiff and others, and were therefore malicious, wanton, and oppressive.  As a result, Defendants' actions justify an award of exemplary and punitive damages to punish the wrongful conduct alleged herein and to deter such conduct in the future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests entry of judgment in her favor and against Defendants as follows:

a.     For injunctive and declaratory relief, including but not limited to enjoining Defendants to provide Plaintiff with adequate and necessary medical care; enjoining Defendants to provide Plaintiff equal access to clothing, cosmetic, and hygiene items available to inmates housed in female institutions; enjoining Defendants to house Plaintiff at an institution consistent with her gender identity; declaring unconstitutional and violative of federal law Defendants' practices in denying Plaintiff and other similarly situated inmates with adequate and necessary medical treatment;

b.     For compensatory, general and special damages, in an amount to be determined at

---

THIRD AMENDED COMPLAINT
FOR DAMAGES

trial;

c.      For punitive damages against individual Defendants and Corizon in an amount to

be proven at trial;

d.      For reasonable costs of this suit and attorneys' fees and expenses; and

d.      For such further relief as the Court may deem just, proper, and appropriate

## **DEMAND FOR JURY**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands trial by jury.


Dated: Janary 31, 2019                    Respectfully Submitted,

                                          NATIONAL CENTER FOR LESBIAN RIGHTS

                                          FERGUSON DURHAM

                                          HADSELL STORMER & RENICK LLP


                                          By:    /s/ - Lori E. Rifkin                         
                                                  Lori E. Rifkin
                                          Attorneys for Plaintiff

THIRD AMENDED COMPLAINT          -23-
FOR DAMAGES

Third Amended Complaint

# Exhibit A



## NOTICE OF CLAIM

In compliance with Title 6, Chapter 9 of the Idaho Code*, the undersigned hereby presents a claim arising out of an accident or occurrence which happened as follows against the following governmental entity: **(CHOOSE ONE)**

☒ State of Idaho   Idaho St. Bd. of
PO Box 83720   correction
Boise, ID 83720-0080   ( pursuant to
(208) 332-2814   I.c section
20-201)

☐ County / Clerk

Place or Location: Idaho State Correctional Institution ("ISCI") Unit 15

Date and Time of Occurrence: December 31, 2016 at about 1830 hours.

Cause of Damages: (Describe the details and circumstances of the accident or occurrence)
The state of Idaho, it's agents, servants and employees failed to provide necessary medical care to me for my Gender Identity Disorder. Specifically, female cosmetics, female underwear, facial hair removal, living full-time as a woman and sex reassignment surgery.

Witnesses: (Name, Address and Phone Number) _____

_____

_____

Amount of Claim: $ To be determined at trial. (Attach all bills or substantiating information as to the amount of the claim)

Personal Injury: (Please describe the extent of your injury, your attending physician, place of treatment, etc.) 09/29/2015 I cut my right testicle requiring sutures at ISCI; 12/31/2016 I cut my right testicle again having to be taken to St. Alphonsus Med. Ctr. for surgery to repair right testicle.

Property Damage: (Describe the property damage) N/A

_____

_____

DATED this 10th day of February , 20 17 .

Name of Claimant: Adree M. Edmo  IDOC # 94691
Street Address: P.O. Box 14 Unit 09
City and State: Boise, Idaho 83707-0014

*Claims must be filed within 180 days of the date the claim arose or should have been reasonably discovered.
NOTICE OF CLAIM - 1
Revised: 3/24/16

Third Amended Complaint

# Exhibit B



*IDAHO*
DEPARTMENT OF
CORRECTION

# Idaho Department of Correction
## Grievance Form

| | | | |
|---|---|---|---|
| Offender Name: | EDMO, MASON DEAN | Location: | ISCI |
| Offender Number: | 94691 | Number: | II 160000599 |
| | | Category: | MEDICAL/HEALTHCARE |

### Offender Grievance Information

Date Received:     06/01/2016

The problem is:

I am being denied access to care by IDOC officials, specifically, ISCI warden Yordy, as he does not allow my medical/mental health providers to issue me a medical memo for panties for my psychological support of treating my GID. He allows me to have bras but denies panties; both are women's undergarments, this makes no sense at all, both are needed for treating my GID.

I have tried to solve this problem informally by:

submitting HSR # 845911 on 05/21/16, concern forms: Dr. Eliason on 05/20/16, ISCI warden Yordy on 06-24-15 (All Attached)

I suggest the following solution for the problem:

Be allowed to purchase, possess and wear female panties for the psychological improvement and as a medically necessary treatment for my GID as according to the World Professional Associations of Transgender Health ("WPATH").

### Level 1 - Initial Response

| | | | |
|---|---|---|---|
| Date Forwarded: | 06/01/2016 | Date Returned: | 06/09/2016 |
| Date Due Back: | 06/15/2016 | Level 1 Responder: | BENTON, AMANDA |

The response from the staff member or person in charge of the area/operation being grieved:

Bra memos are issued on an " as needed " basis to support development of breast tissue. Panties are not medically indicated or necessary at this time.

### Level 2 - Reviewing Authority Response

| | | | |
|---|---|---|---|
| Date Forwarded: | 06/09/2016 | Grievance Disposition: | DENIED |
| Date Due Back: | 06/23/2016 | Level 2 Responder: | HOFER, AARON |
| Date Returned: | 06/10/2016 | Response sent to offender: | 06/13/2016 |

Your grievance has been reviewed and I find:

I am sorry for any inconvenience this has caused. Medical does not deal with panties. Please speak with Dr. Eliason for any and all information pertaining to G.I.D. Thank you

II 160000599          EDMO, MASON DEAN                    94691

## Offender Appeal

Offender Comments:

I've already talked to Dr. Eliason on (04/20/16) about the pantie issues and he has told me that ISCI Administrators/ISCI Warden Yordy will not allow Dr. Eliason to issue me a medical memo so that I may get panties from laundry or purchase on my own. This medical memo is necessary because allowing me to have panties support my mental health and help alleviate some of my gender dyshoria. I talked to a provider on (06/14/16) about this issue as well and he said he would issue a medical memo so that I can request panties from laundry (or SBWCC Laundry) or I be allowed to purchase my own. If I am denied it can be deliberate indifference to my serious medical need of appropriate undergarments for treating my gender dyshporia.

## Level 3 - Appellate Authority Response

| | | | |
|---|---|---|---|
| Date Appealed: | 06/22/2016 | Grievance Disposition: | DENIED |
| Date Forwarded: | 06/23/2016 | Level 3 Responder: | SIEGERT, RONA |
| Date Due Back: | 07/09/2016 | Response sent to offender: | 07/06/2016 |
| Date Returned: | 07/06/2016 | | |

Your appeal has been reviewed and I find:

Inmate Edmo:

Medical providers have determined that "panties" are not medically necessary. Please address your gender dysphoria issues with your assigned clinician.

Date: 07/06/2016 15:46          Created By: kawillso          Page  2  of    2

CIS/Facilities/Main/Misc/Grievance Detail





# Idaho Department of Correction
# Grievance Form

| | | | |
|---|---|---|---|
| Offender Name: | EDMO, MASON DEAN | Location: | ISCI |
| Offender Number: | 94691 | Number: | II 160000391 |
| | | Category: | MEDICAL/HEALTHCARE |

## Offender Grievance Information

Date Received:          04/04/2016

The problem is:

I am not being provided timely adequate medical/mental health care, specifically a medical/mental health evaluation for the medical necessity pre-requisite of sex reassignment surgery by a qualified gender identity disorder evaluator pursuant to IDOC SOP 401.06.03.501 and NCCHC MH-A-01 Access to care, and P.-G-02 special needs.

I have tried to solve this problem informally by:

Sending concern forms to clinician Houser on 3/03/16, clinician Irvin on 2/22/16 and Dr. Scott Eliason on 3/16/16, and 3/25/16. (all attached)

I suggest the following solution for the problem:

I want to be scheduled immediately by a qualified gender identity disorder evaluator for a medical/mental health evaluation for sex reassignment surgery!

## Level 1 - Initial Response

| | | | |
|---|---|---|---|
| Date Forwarded: | 04/07/2016 | Date Returned: | 04/08/2016 |
| Date Due Back: | 04/21/2016 | Level 1 Responder: | BREWER, GEN |

The response from the staff member or person in charge of the area/operation being grieved:

Please submit a concern form to Dr. Eliason for this request.

## Level 2 - Reviewing Authority Response

| | | | |
|---|---|---|---|
| Date Forwarded: | 04/08/2016 | Grievance Disposition: | MODIFIED |
| Date Due Back: | 04/22/2016 | Level 2 Responder: | HOFER, AARON |
| Date Returned: | 04/13/2016 | Response sent to offender: | 04/18/2016 |

Your grievence has been reviewed and I find:

Please address any and all GID questions/concerns to Dr. Eliason. Dr. Eliason is the expert and has the decision making ability in this area.  Thank you.

II 160000391          EDMO, MASON DEAN                    94691

## Offender Appeal

Offender Comments:

Dr. Eliason is not an expert in GID, does not have any substantial treatment experience in treating persons w/ GID. Dr. Eliason is restricted, restrained, land / or denied from utilizing the standard of care typically used in treating GID/ GD; wpath, Dr. Eliason further delays and / or interferes with adequate medical care of my GID by stating he is a expert and / or specialist. I still am being denied timely and adequate medical treatment for my GID by a medical / mental health provider qualified to exercise judgment about my particular medical / mental health condition of GID.

## Level 3 - Appellate Authority Response

| | | | |
|---|---|---|---|
| Date Appealed: | 04/25/2016 | Grievance Disposition: | MODIFIED |
| Date Forwarded: | 04/29/2016 | Level 3 Responder: | SIEGERT, RONA |
| Date Due Back: | 05/17/2016 | Response sent to offender: | 05/19/2016 |
| Date Returned: | 05/17/2016 | | |

Your appeal has been reviewed and I find:

Offender Edmo:

Dr. Eliason is a board certified physician with a specialty in psychiatry. If Dr. Eliason feels that it is necessary for you to be evaluated by a "qualified gender identity disorder evaluator" he will provide that service to you. If you have further questions or concerns please follow up with Dr. Eliason.

Rona Siegert RN, CCHP-RN
Idaho Department of Correction





# Idaho Department of Correction
# Grievance Form

| | | | |
|---|---|---|---|
| Offender Name: | EDMO, MASON DEAN | Location: | ISCI |
| Offender Number: | 94691 | Number: | II 150001348 |
| | | Category: | MEDICAL/HEALTHCARE |

## Offender Grievance Information

Date Received:        12/16/2015

The problem is:

I submitted HSR #'s 784687 & 784637 on 11/22/15, concern form to IDOC / ISCI HSA on 12/06/15 asking about HSR's, no response on either. I am being denied an endocrinologist & medical treatment wpath standards. This is creating a substantial risk of future harm of autocastrating myself. I shouldn't have to wait for 30, 60, 90 days until next appt.

I have tried to solve this problem informally by:

Submitting HSR's #'s 784687, 784637 on 11/22/15 & concern form 12/06/015 to ISCI HSA, both no response. (attached)

I suggest the following solution for the problem:

I request an appt. with a licensed endochnologist and proper medical care treatment. According to wpath standards of care for GID individuals as myself.

## Level 1 - Initial Response

| | | | |
|---|---|---|---|
| Date Forwarded: | 12/18/2015 | Date Returned: | 12/30/2015 |
| Date Due Back: | 01/01/2016 | Level 1 Responder: | WINGERT, WILLIAM |

The response from the staff member or person in charge of the area/operation being grieved:

HSR received 11-22-15. Edmo scheduled 12-7-15 and failed to show to appointment. Rescheduled 12-23-15. The Nurse Practitioner ordered that he be seen by an MD to discuss plan of care.  That appointment is slated for his next scheduled appointment time.

## Level 2 - Reviewing Authority Response

| | | | |
|---|---|---|---|
| Date Forwarded: | 12/30/2015 | Grievance Disposition: | MODIFIED |
| Date Due Back: | 01/13/2016 | Level 2 Responder: | HOFER, AARON |
| Date Returned: | 12/31/2015 | Response sent to offender: | 12/31/2015 |

Your grievance has been reviewed and I find:

I am sorry for any inconvenience this has caused you. You will be scheduled with an MD to discuss plan of action and HSR's.

II 150001348        EDMO, MASON DEAN                    94691

## Offender Appeal

Offender Comments:

I believe that being in the chronic care health program of IDOC I should have seen by a MD physician. This is an ongoing struggle with Corizon, and IDOC to recieve an adequate medical plan of action for my G.D. Ive not seen a medical physician the entire year of 2015 and believe I should be afforded the opportunity to explain my medical concerns to such.

## Level 3 - Appellate Authority Response

| Date Appealed: | 01/11/2016 | Grievance Disposition: | DENIED |
|---|---|---|---|
| Date Forwarded: | 01/11/2016 | Level 3 Responder: | SIEGERT, RONA |
| Date Due Back: | 01/27/2016 | Response sent to offender: | 01/11/2016 |
| Date Returned: | 01/11/2016 | | |

Your appeal has been reviewed and I find:

Offender Edmo:

In your original grievance you are asking to be seen by an "endocrinologist", however, in your appeal you state that you feel that you should be seen in the chronic disease clinic by an MD. Per policy you cannot change or add issues at the appeal level. Therefore this appeal is denied.

Rona Siegert RN, CCHP-RN
IDOC Health Services Director





# Idaho Department of Correction
## Grievance Form

| | | | |
|---|---|---|---|
| Offender Name: | EDMO, MASON DEAN | Location: | ISCI |
| Offender Number: | 94691 | Number: | II 150001187 |
| | | Category: | MEDICAL/HEALTHCARE |

### Offender Grievance Information

Date Received:     11/04/2015

The problem is:

I am being denied adequate / appropriate medical care for my serious condition of GID. N.P.-C Paulson refuses to follow the WPATH standard of care in treating my GID; specifically of ordering laser hair removal electrolysis, or hair remover for my facial hair, or any further treatment on 10/20/15.

I have tried to solve this problem informally by:

Sending concern form on 10/15/15 and submitting HSR # 784404 on 10/25/15. (Both attached)

I suggest the following solution for the problem:

I should be treated according to WPATH standards of care for my serious condition of GID.

### Level 1 - Initial Response

| | | | |
|---|---|---|---|
| Date Forwarded: | 11/04/2015 | Date Returned: | 11/05/2015 |
| Date Due Back: | 11/18/2015 | Level 1 Responder: | WINGERT, WILLIAM |

The response from the staff member or person in charge of the area/operation being grieved:

Facial hair removal for Gender Dysphoria is not an IDOC policy, nor is it medically necessary.

### Level 2 - Reviewing Authority Response

| | | | |
|---|---|---|---|
| Date Forwarded: | 11/05/2015 | Grievance Disposition: | DENIED |
| Date Due Back: | 11/19/2015 | Level 2 Responder: | VALLEY, RYAN |
| Date Returned: | 11/06/2015 | Response sent to offender: | 11/06/2015 |

Your grievence has been reviewed and I find:

Edmo,
Hair removal is not part of our policy, nor is it medically necessary.

II 150001187        EDMO, MASON DE.              94691

## Offender Appeal

Offender Comments:

WPATH "SOC" PAS 171-72 explain the need for electrolysis for support in changes of gender expression in conjunction with hormone therapy. WPATH is the standard of care for treating GID. Corizon nor IDOC have any providers competent, or experienced in treating GID, including me. A competent experienced provider would note this facial hair removal medically necessary to alleviate my gender dysphoria, and help to prevent another attempt at autocastration, as I did on 09/29/15. Please refer me to a GID specialist to be evaluated by appropriate medical care of my GID. Denial based on policy or cursory health service evaluations is deliberate and indifference to my serious GID medical condition. Denial highers my depression and ideation of autocastration.

## Level 3 - Appellate Authority Response

| Date Appealed: | 11/13/2015 | Grievance Disposition: | DENIED |
| Date Forwarded: | 11/13/2015 | Level 3 Responder: | SIEGERT, RONA |
| Date Due Back: | 11/29/2015 | Response sent to offender: | 11/16/2015 |
| Date Returned: | 11/16/2015 | | |

Your appeal has been reviewed and I find:

Offender Edmo:

Per WPATH, The Standards of Care, Version 7. Hair removal is listed as an option or alternative not a requirement for GD treatment.

Rona Siegert RN, CCHP-RN
IDOC Health Services Director



# Idaho Department of Correction
# Grievance Form

| Offender Name: | EDMO, MASON DEAN | Location: | ISCI |
|---|---|---|---|
| Offender Number: | 94691 | Number: | II 150001091 |
| | | Category: | ADMINISTRATION |

## Offender Grievance Information

Date Received:      10/07/2015

The problem is:

Dr. Craig did not respond to my concern form about my mental health issues which has caused me to lose parole eligibility.

I have tried to solve this problem informally by:

Sending concern form to Dr. Craig on 9/15/15.

I suggest the following solution for the problem:

Dr. Craig respond to my issue of G.D. symptoms (hairstyles) resulting in my parole eligibility loss, and my treatment plan brought to MTCC for implementation of appropriate mental health.

## Level 1 - Initial Response

| Date Forwarded: | 10/14/2015 | Date Returned: | 10/14/2015 |
|---|---|---|---|
| Date Due Back: | 10/28/2015 | Level 1 Responder: | |

The response from the staff member or person in charge of the area/operation being grieved:

No level one response.

## Level 2 - Reviewing Authority Response

| Date Forwarded: | 10/14/2015 | Grievance Disposition: | MODIFIED |
|---|---|---|---|
| Date Due Back: | 10/30/2015 | Level 2 Responder: | CRAIG, RICHARD |
| Date Returned: | 10/22/2015 | Response sent to offender: | 10/22/2015 |

Your grievence has been reviewed and I find:

Your concern form of 09/15/15 was received and a response was entered on 9/27/15 (see attached). Offender Edmo's concerns were related to hair style and dress and she was informed that those were security issues and should be discussed with the Warden. In regards to mental health concerns, Offender Edmo was on the BHU at the time the concern form was penned but moved to unit 15 the following day per her request. Since that time offender Edmo has been returned to the BHU on 09/29/15 and has access to mental health services.

II 150001091        EDMO, MASON DEAN                    94691

## Offender Appeal

Offender Comments:

## Level 3 - Appellate Authority Response

Date Appealed:                          Grievance Disposition:

Date Forwarded:                         Level 3 Responder:

Date Due Back:                          Response sent to offender:

Date Returned:

Your appeal has been reviewed and I find:



# Idaho Department of Correction
# Grievance Form

| | | | | |
|---|---|---|---|---|
| Offender Name: | EDMO, MASON DEAN | | Location: | ISCI |
| Offender Number: | 94691 | | Number: | II 150000749 |
| | | | Category: | COMPLAINT AGAINST |

## Offender Grievance Information

Date Received:     07/15/2015

The problem is:

On 06-29-15 while at a property appt. with Sgt. Sidwell, Sidwell kept calling me "Mr. Edmo", "he'", "his". I respectfully reminded Sgt. Sidwell of S.O.P. 401.06.03.501 - section 10 on gender pronouns of my GD. He said "whatever" in response. On 07-01-15, again, Sgt Sidwell continued to use "he" and Mr. Edmo. This is humiliating and offensive.

I have tried to solve this problem informally by:

Reminding Sgt. Sidwell respectfully of SOP 401.06.03.501, and sending concern form on 06-25-15 to Sgt. Sidwell. (Concern form attached).

I suggest the following solution for the problem:

Sgt. Sidwell instructed to follow IDOC policy 401.06.03.501 - GID and SOP 207 Respectful Workplace, specifically section 07-02-11. and the harmful effects this has on my mental health.

## Level 1 - Initial Response

| | | | |
|---|---|---|---|
| Date Forwarded: | 07/16/2015 | Date Returned: | 07/20/2015 |
| Date Due Back: | 07/30/2015 | Level 1 Responder: | GREENLAND, |

The response from the staff member or person in charge of the area/operation being grieved:

ISCI is a male facility and it is common placed and respectful to state something to the effect "Good morning sir how may I help you." I understand that this may offend you but it was not the intent. The staff member stated that you were upset about not being able to retain the items in the confiscation and had immediately threaten grievance before even explaining your status as a GID offender. I will talk to Sgt. Sidwell about this and I do believe that he will try to correct how he address you in the future. But understand this facility is a male facility and it may occur again. I would ask that before you threaten grievance attempt to explain to staff your issue first.

II 150000749        EDMO, MASON D.                    94691

| Level 2 - Reviewing Authority Response | | | |
|---|---|---|---|
| Date Forwarded: | 07/20/2015 | Grievance Disposition: | MODIFIED |
| Date Due Back: | 08/05/2015 | Level 2 Responder: | PENEKU, LEROY |
| Date Returned: | 07/21/2015 | Response sent to offender: | 07/22/2015 |

Your grievence has been reviewed and I find:

Inmate Edmo - This is a male correctional facility, staff are accustom to addressing the population as such. I'm sure the Sergeant meant no disrespect towards you, nor did he try to humiliate you. We will address your concern with Sergeant Sidwell.

| Offender Appeal |
|---|

Offender Comments:

Upon review of policies 401.06.03.501 (GID) and 207.07.02.11 (Respectful workplace - offenders) an excuse of whether this is a male institution or female institution does not excuse accountability. These policies do not allow for any staff member in either a male or a female institution to address a GID inmate, as myself, with gender specifiers, or pronouns. Sgt. Sidwell, as a Sgt. should be will aware of policy and procedures. These intentional unexcusable, humiliating, and offensive use of "mr", ("sir"), etc, masculine pronouns need to stop. This is the 3rd grievance against staff for such misconduct. It is a repetitive behavior. Staff must be able to modify behavior as a professional while at work as a correctional officer.

| Level 3 - Appellate Authority Response | | | |
|---|---|---|---|
| Date Appealed: | 08/11/2015 | Grievance Disposition: | MODIFIED |
| Date Forwarded: | 08/12/2015 | Level 3 Responder: | YORDY, HOWARD |
| Date Due Back: | 08/31/2015 | Response sent to offender: | 08/31/2015 |
| Date Returned: | 08/31/2015 | | |

Your appeal has been reviewed and I find:

The policy does state staff are to be gender neutral when addressing GID offenders.  Although, I don't believe it was intentional, we need to make better awareness to our staff.

Warden Yordy



# Idaho Department of Correction
# Grievance Form

| | | | |
|---|---|---|---|
| Offender Name: | EDMO, MASON DEAN | Location: | ISCI |
| Offender Number: | 94691 | Number: | II 150000555 |
| | | Category: | COMPLAINT AGAINST |

## Offender Grievance Information

Date Received:          05/21/2015

The problem is:

05-13-15 Cpl. Plumer #0101 had kept calling me him, Mr., and he which is not allowed per SOP 's 401.06.03.501 section 10, and SOP 207.07.02.11.

I have tried to solve this problem informally by:

Sending Plumer a concern form on 05-13-15, and reminding him that we have been through this before.

I suggest the following solution for the problem:

Cpl. Plumer be instructed to follow IDOC policies as instructed.

## Level 1 - Initial Response

| | | | |
|---|---|---|---|
| Date Forwarded: | 05/21/2015 | Date Returned: | 05/21/2015 |
| Date Due Back: | 06/04/2015 | Level 1 Responder: | GOULD, DAVID |

The response from the staff member or person in charge of the area/operation being grieved:

Please understand that you are housed in an all male facility, and that staff address individuals housed here as Mr. or him all day long. I'm sure that it was not done in malice. I will remind Cpl. Plumer of this policy.

## Level 2 - Reviewing Authority Response

| | | | |
|---|---|---|---|
| Date Forwarded: | 05/21/2015 | Grievance Disposition: | GRANTED |
| Date Due Back: | 06/06/2015 | Level 2 Responder: | PENEKU, LEROY |
| Date Returned: | 05/21/2015 | Response sent to offender: | 05/21/2015 |

Your grievance has been reviewed and I find:

Inmate Edmo - Considering that this is a male correctional facility, staff become accustom to addressing the population as such. I'm sure the Cpl meant no disrespect towards you. We will address your concern with Cpl. Plumer.

II 150000555          EDMO, MASON D                    94691

| Offender Appeal |
|---|

Offender Comments:

Policies 207 and 401.06.03.501 do not allow exceptions for staff in male correctional facilities to intentionally disregard policy. Cpl. Plumer is well versed about my status as an GID offender as Cpl. Plumer has worked in ISCI's BHU where GID offenders are usually housed - this "general" population statement cannot suffice justification. Cpl. Plumer must be clearly advised of these policies.

| Level 3 - Appellate Authority Response |
|---|

| | | | |
|---|---|---|---|
| Date Appealed: | 06/04/2015 | Grievance Disposition: | MODIFIED |
| Date Forwarded: | 06/10/2015 | Level 3 Responder: | YORDY, HOWARD |
| Date Due Back: | 06/26/2015 | Response sent to offender: | 06/16/2015 |
| Date Returned: | 06/16/2015 | | |

Your appeal has been reviewed and I find:

Staff have addressed the issue with Corporal Plumer and he has been advised of the policy.  I don't believe it was intentional but it is difficult for staff to remember to address GD offenders with non-gender identifiers.

Warden Yordy

Date: 06/16/2015 12:29          Created By:  jwhittin                    Page   2   of   2

CIS/Facilities/Main/Misc/Grievance Detail



*IDAHO*
DEPARTMENT OF
CORRECTION

# Idaho Department of Correction
## Grievance Form

| | | | | |
|---|---|---|---|---|
| Offender Name: | EDMO, MASON DEAN | | Location: | ISCI |
| Offender Number: | 94691 | | Number: | II 160000517 |
| | | | Category: | CONDITIONS OF |

### Offender Grievance Information

Date Received:        05/09/2016

The problem is:

I am an being denied equal protection of the laws by C.S. Clark, Sgt. Nimmo, and MTC of SOP 401.06.03.501 by not being allowed to move out of BHU because of my status as an GID inmate of IDOC, and because of DOR history. This is a violation of my 14th amendment rights.

I have tried to solve this problem informally by:

Sending concern forms to: Clinician Houser 02/08/16, Clinician Irvin 02/20/16, C.S. Clark 04/11/16, Ashley Dowell 04/16/16, and speaking to Dr. Scott Eliason 04/20/16.

I suggest the following solution for the problem:

Be moved out of BHU ASAP and into general population ASAP and remedied of my constitutional rights of being treated equally.

### Level 1 - Initial Response

| | | | | |
|---|---|---|---|---|
| Date Forwarded: | 05/11/2016 | Date Returned: | | 05/12/2016 |
| Date Due Back: | 05/25/2016 | Level 1 Responder: | | HOUSER, AMY |

The response from the staff member or person in charge of the area/operation being grieved:

Housing placement for Gender Dysphoria (GD) inmates are reviewed through the Management and Treatment Committee on a quarterly basis. I have been informed that Edmo's placement in Unit 16 will be addressed in the beginning of June 2016.
Amy Houser
Clinician, ISCI

II 160000517          EDMO, MASON DEAN                    94691

## Level 2 - Reviewing Authority Response

| | | | |
|---|---|---|---|
| Date Forwarded: | 05/12/2016 | Grievance Disposition: | MODIFIED |
| Date Due Back: | 05/28/2016 | Level 2 Responder: | CLARK, JEREMY |
| Date Returned: | 05/23/2016 | Response sent to offender: | 05/23/2016 |

Your grievence has been reviewed and I find:

Per Policy 401.06.03.501, the Management and Treatment Committee (MTC) is responsible for reviewing and determining housing placement for inmate who have Gender Dysphoria. The committee is aware of your desire to be moved out of Unit 16, and this will be reviewed in our next MTC meeting which is currently scheduled for June 1st, 2016. The decision of the committee will be given to you shortly after that meeting.

## Offender Appeal

Offender Comments:

SOP # 401.03.501; MTC determines the placement for GID inmates, etc. Clinician Hahn had informed me that the MTC had determined my moving out of BHU would not be possible because of my behaviors, DOR's and risk in other units. I do not agree and believe these are pretext reasons to keep me in BHU because of my membership in a suspect class, namely, GID inmate a deliberate attempt to keep me uncomfortable and frustrated because I am a GID inmate. I previously livend within BHU but had an issue because of my medical provider's deliberate indifference to my medical needs and hormone monitoring. I've had more DOR's in BHU because of bias staff and because of unstable inmates. Please move me to General Population.

## Level 3 - Appellate Authority Response

| | | | |
|---|---|---|---|
| Date Appealed: | 06/08/2016 | Grievance Disposition: | MODIFIED |
| Date Forwarded: | 06/10/2016 | Level 3 Responder: | DOWELL, ASHLEY |
| Date Due Back: | 06/26/2016 | Response sent to offender: | 06/29/2016 |
| Date Returned: | 06/29/2016 | | |

Your appeal has been reviewed and I find:

Thank you for outlining your concerns about your current housing and placement. As Clinical Supervisor Clark noted, the Management Treatment Committee (MTC) is responsible for reviewing and determining placement for inmates with Gender Dysphoria per Policy 401.06.03.501. You are correct in that the MTC recommended your continued placement in the Behavioral Health Unit on June 1, 2016. Per Policy 401.06.03.501, the Administrative Review Committee (ARC) reviews the Management and Placement Plan recommended by the MTC, consults with members of the MTC to address questions or concerns, and recommends approving or denying the plan. The Director of IDOC then chooses whether or not to accept the ARC's recommendation. As your request for placement is still in the review process, a final determination regarding housing and placement has not been made.

Ashley Dowell, LCPC, CCHP-MH
Deputy Chief- Prisons Division
Idaho Department of Correction



# Idaho Department of Correction
## Grievance Form

| | | | |
|---|---|---|---|
| Offender Name: | EDMO, MASON DEAN | Location: | ISCI |
| Offender Number: | 94691 | Number: | II 150000413 |
| | | Category: | COMPLAINT AGAINST |

### Offender Grievance Information

Date Received:     04/22/2015

The problem is:

Cpl. Elliot keeps calling / using gender pronouns when talking to me, he uses "Mr Edmo", "Sir" and "he". I've told him about policy 401.06.03.501 on 04-14-15, and on 04-15-15 and 04-16-15 he continues to disregard this policy, making me feel humiliated. Cpl. Elliot states he was told I am not in the GID program anymore - GID is not a program.

I have tried to solve this problem informally by:

Talking to Cpl. Elliot on 04-14-15, writing concern to Elliot on 04-16-15 and talking to Lt. Clark on 04-16-15.

I suggest the following solution for the problem:

Cpl. Elliot be given reprimands for disregarding IDOC policy.

### Level 1 - Initial Response

| | | | |
|---|---|---|---|
| Date Forwarded: | 04/23/2015 | Date Returned: | 04/24/2015 |
| Date Due Back: | 05/07/2015 | Level 1 Responder: | MELDRUM, |

The response from the staff member or person in charge of the area/operation being grieved:

Offender Edmo-
     While I respect your concern of Cpl. Elliot's comments, I remind you that ISCI has approximately 1600 male offenders so unfortunately, mistakes will happen. I will work with Cpl. Elliot to ensure that he is made aware of and follows policy 401.06.03.501.

II 150000413          EDMO, MASON L                    94691

## Level 2 - Reviewing Authority Response

| | | | |
|---|---|---|---|
| Date Forwarded: | 04/27/2015 | Grievance Disposition: | MODIFIED |
| Date Due Back: | 05/13/2015 | Level 2 Responder: | PENEKU, LEROY |
| Date Returned: | 04/28/2015 | Response sent to offender: | 04/30/2015 |

Your grievence has been reviewed and I find:

Inmate Edmo - Sgt Meldrum will remind his staff how to appropriately address inmates.

## Offender Appeal

Offender Comments:

The incident involving Cpl. Elliott is not an isolated incident. This is a common, re-occurring problem with staff that I encounter about daily. It is very obvious I am trans and undergoing sex reassignment treatment per IDOC SOP 401.06.03.501. I believe in my circumstances it's not a mistake but a mere purposeful behavior directed towards me as a trans-woman. Sgt. Meldrums 1600 male offender excuse is an institutional excuse that is a generalization of not being accountable for staff behaviors. This causes me great humiliation, embarrassment and highly increases my gender dysphoria of my male genitalia. More effort and awareness is crucially needed.

## Level 3 - Appellate Authority Response

| | | | |
|---|---|---|---|
| Date Appealed: | 05/18/2015 | Grievance Disposition: | MODIFIED |
| Date Forwarded: | 05/19/2015 | Level 3 Responder: | YORDY, HOWARD |
| Date Due Back: | 06/05/2015 | Response sent to offender: | 06/09/2015 |
| Date Returned: | 06/08/2015 | | |

Your appeal has been reviewed and I find:

Supervisors are addressing the issue with staff.  I can appreciate you wanting staff to follow the gender neutral guidelines you are entitled to but I don't think staff are doing it intentionally.  This is a male facility and staff become accustomed to saying male identifiers.  We will continually work on this issue.

Warden Yordy





# Idaho Department of Correction
## Grievance Form

OCT 16 2015

| | | | | |
|---|---|---|---|---|
| Offender Name: | EDMO, MASON DEAN | | Location: | ISCI |
| Offender Number: | 94691 | | Number: | II 150000191 |
| | | | Category: | SECURITY |

## Offender Grievance Information

Date Received:     02/17/2015

The problem is:

On 02-07-15 Cpt. Schlienz authorized my placement into unit 8 because of feminem behaviors due to my gender dysphoria. Overall feminem appearance / effeminate hairstyle as noted to be a violation of IDOC policy #325, which is also a violation of my constitutional rights.

I have tried to solve this problem informally by:

Sending concern form to Cpt. Schlienz and speaking with Warden Yordy about "feminem hairstyles" and what that exactly entails - no answer.

I suggest the following solution for the problem:

This grievance forwarded to a IDOC administrator better positioned to clarify what a "feminem hairstyle" is exactly defined as for offenders with gender dysphoria.

## Level 1 - Initial Response

| | | | |
|---|---|---|---|
| Date Forwarded: | 02/19/2015 | Date Returned: | 02/19/2015 |
| Date Due Back: | 03/05/2015 | Level 1 Responder: | SCHLIENZ, RODNEY |

The response from the staff member or person in charge of the area/operation being grieved:

After reviewing the related documents regarding this issue, I concur with the statement of authorizing the placement of this inmate into restrictive housing.  However, placement was for a deliberate indifference to the direction Cpl. Bollman had given regarding the removal of the feminine and/or effeminate hair style and failure to comply with SOP 325.

## Level 2 - Reviewing Authority Response

| | | | |
|---|---|---|---|
| Date Forwarded: | 02/19/2015 | Grievance Disposition: | MODIFIED |
| Date Due Back: | 03/07/2015 | Level 2 Responder: | PENEKU, LEROY |
| Date Returned: | 02/27/2015 | Response sent to offender: | 03/02/2015 |

Your grievence has been reviewed and I find:

Inmate Edmo - According to the reports, you were placed in restrictive housing because you failed to follow the instructions of a correctional staff. Per the response Warden Yordy provided in grievance #II 140000914, he stated the following,

"The policy states the warden is to make the decision on whether an offender's hair style is effeminate or not. The direction I gave Edmo was if staff felt the hairstyle was effeminate, they were to photograph the style and I would make that determination later. The offender was to follow staff's immediate direction at the time. I don't believe I could give a definition of what an effeminate

II 150000191        EDMO, MASON DEAN                    94691

hairstyle is other than the stylers intent to make it feminine in nature. The hairstyles I would be concerned with are those I believe are intended to look female"

In his response the Warden states that "you are to follow staff's immediate direction at the time". You failed to do so, and for that you were placed in restrictive housing. It's in your best interest to follow and comply with the rules, policies, SOP's and laws established within the IDOC.

| Offender Appeal |
| --- |

Offender Comments:

It is clearly not noted that I had in fact corrected the issue and complied with staffs direct order to "remove hair from a bun". Policy #325 does not specifically state "ear level" or below for a ponytail, therefore, I had not violated IDOC SOP's, rules, laws or policies as Dep. Warden Peneku states. In DOR #150854, the DOR in conjunction with this grievance / appeal clearly states I had obeyed correctional staff. Pony tails I wear are not intended to be feminine in nature. As indicated by Warden Yordy if the staff are in question, a picture should be taken and sent to Yordy for determination, which had not happened. This is clearly malicious harassment by staff because of my mental condition of gender dysphoria, a violation of the U.S. constitution and Idaho code section 18 chpts. 7301 and Idaho code sect. 67.

| Level 3 - Appellate Authority Response | | | |
| --- | --- | --- | --- |
| Date Appealed: | 03/05/2015 | Grievance Disposition: | DENIED |
| Date Forwarded: | 03/09/2015 | Level 3 Responder: | YORDY, HOWARD |
| Date Due Back: | 03/25/2015 | Response sent to offender: | 03/23/2015 |
| Date Returned: | 03/23/2015 | | |

Your appeal has been reviewed and I find:

Staff gave you clear direction in addressing your hair that you repeatedly chose not to follow. The captain appropriately removed you from general population after you continued to ignore staff's direction. The actions of staff were fair and consistent with policy.

Warden Yordy



# Idaho Department of Correction
## Grievance Form

| | | | | |
|---|---|---|---|---|
| Offender Name: | EDMO, MASON DEAN | | Location: | ISCI |
| Offender Number: | 94691 | | Number: | II 140001365 |
| | | | Category: | MEDICAL/HEALTHCARE |

### Offender Grievance Information

Date Received:       12/17/2014

The problem is:

Not being allowed panties as a medically necessary undergarment approved by Dr. Whinnery, IDOC states, it does not allow for panties.

I have tried to solve this problem informally by:

Submitting HSR #716481, & concern form to Dr. Whinnery on 11-16-14.

I suggest the following solution for the problem:

Be given a medical memo to possess / purchase panties from commissary as approved by Director Rienke, Dr. Whinnery, and IDOC A.R.C.

### Level 1 - Initial Response

| | | | |
|---|---|---|---|
| Date Forwarded: | 12/17/2014 | Date Returned: | 12/19/2014 |
| Date Due Back: | 12/31/2014 | Level 1 Responder: | CARLSON LESLIE |

The response from the staff member or person in charge of the area/operation being grieved:

Panties are not, " medically necessary." This is a comfort issue. Please take this issue up with Idaho Department of Corrections.

### Level 2 - Reviewing Authority Response

| | | | |
|---|---|---|---|
| Date Forwarded: | 12/19/2014 | Grievance Disposition: | DENIED |
| Date Due Back: | 01/02/2015 | Level 2 Responder: | VALLEY, RYAN |
| Date Returned: | 12/19/2014 | Response sent to offender: | 12/22/2014 |

Your grievence has been reviewed and I find:

Edmo,
There is no medical need for you to be given panties to wear. If you would like to request panties, this needs to be made to the Idaho Department of Corrections.

II 140001365          EDMO, MASON D.          94691

| Offender Appeal |
| --- |

Offender Comments:

As decided by A.R.C. Medical would have determine appropriateness, and Dr. Whinnery clearly states she would provide a medical memo for women's underwear on concern form dated Nov. 16. 2014. This is deliberate indifference to a serious medical need. Panties and underwear are medical necessities, IDOC allows @ SBWCC, I am a similarly situated individual. There is no substantial penological concern justifying denial of a clearly stated medical need indicated by my provider Dr. Whinnery. IDOC is contracted w/Corizon therefore both need be able to allow for such medical necessities.

| Level 3 - Appellate Authority Response |
| --- |

| | | | |
| --- | --- | --- | --- |
| Date Appealed: | 12/30/2014 | Grievance Disposition: | DENIED |
| Date Forwarded: | 12/30/2014 | Level 3 Responder: | SIEGERT, RONA |
| Date Due Back: | 01/15/2015 | Response sent to offender: | 01/09/2015 |
| Date Returned: | 01/08/2015 | | |

Your appeal has been reviewed and I find:

Revised Grievance Appeal Response Dated 1/8/15:

Offender Edmo:

Upon further research and discussion, the response I provided to Grievance II 40001365 is incorrect. Female underpants are only allowed when determined to be medically necessary not based on a GID diagnosis.

Rona Siegert RN, CCHP-RN
ISCI Health Services Director



# Idaho Department of Correction
## Grievance Form

OCT 16 2015

| | | | | |
|---|---|---|---|---|
| Offender Name: | EDMO, MASON DEAN | | Location: | ISCI |
| Offender Number: | 94691 | | Number: | II 140001365 |
| | | | Category: | MEDICAL/HEALTHCARE |

## Offender Grievance Information

Date Received:          12/17/2014

The problem is:

Not being allowed panties as a medically necessary undergarment approved by Dr. Whinnery, IDOC states, it does not allow for panties.

I have tried to solve this problem informally by:

Submitting HSR #716481, & concern form to Dr. Whinnery on 11-16-14.

I suggest the following solution for the problem:

Be given a medical memo to possess / purchase panties from commissary as approved by Director Rienke, Dr. Whinnery, and IDOC A.R.C.

## Level 1 - Initial Response

| | | | |
|---|---|---|---|
| Date Forwarded: | 12/17/2014 | Date Returned: | 12/19/2014 |
| Date Due Back: | 12/31/2014 | Level 1 Responder: | CARLSON LESLIE |

The response from the staff member or person in charge of the area/operation being grieved:

Panties are not, " medically necessary." This is a comfort issue. Please take this issue up with Idaho Department of Corrections.

## Level 2 - Reviewing Authority Response

| | | | |
|---|---|---|---|
| Date Forwarded: | 12/19/2014 | Grievance Disposition: | DENIED |
| Date Due Back: | 01/02/2015 | Level 2 Responder: | VALLEY, RYAN |
| Date Returned: | 12/19/2014 | Response sent to offender: | 12/22/2014 |

Your grievance has been reviewed and I find:

Edmo,
There is no medical need for you to be given panties to wear. If you would like to request panties, this needs to be made to the Idaho Department of Corrections.

II 140001365          EDMO, MASON DEAN                      94691

## Offender Appeal

Offender Comments:

As decided by A.R.C. Medical would have determine appropriateness, and Dr. Whinnery clearly states she would provide a medical memo for women's underwear on concern form dated Nov. 16. 2014. This is deliberate indifference to a serious medical need. Panties and underwear are medical necessities, IDOC allows @ SBWCC, I am a similarly situated individual. There is no substantial penological concern justifying denial of a clearly stated medical need indicated by my provider Dr. Whinnery. IDOC is contracted w/Corizon therefore both need be able to allow for such medical necessities.

## Level 3 - Appellate Authority Response

| | | | |
|---|---|---|---|
| Date Appealed: | 12/30/2014 | Grievance Disposition: | MODIFIED |
| Date Forwarded: | 12/30/2014 | Level 3 Responder: | SIEGERT, RONA |
| Date Due Back: | 01/15/2015 | Response sent to offender: | 12/30/2014 |
| Date Returned: | 12/30/2014 | | |

Your appeal has been reviewed and I find:

Offender Edmo

Medical has determined that special undergarments are not medically necessary.  With a GID diagnosis you are allowed to have the same undergarments that the other female offenders have. Please contact your Unit Sergeant for the process on how to be issued female undergarments.

Rona Siegert RN, CCHP-RN
IDOC Health Services Director

*Previous appeal response was incorrect. Attached is the completed, corrected grievance appeal!*
*[signature] Litington*
*Grievance Coordinator*





# Idaho Department of Correction
## Grievance Form

| | | | |
|---|---|---|---|
| Offender Name: | EDMO, MASON DEAN | Location: | ISCI |
| Offender Number: | 94691 | Number: | II 140001364 |
| | | Category: | ADMINISTRATION |

### Offender Grievance Information

Date Received:         12/17/2014

The problem is:

I have not been able to have a new IDOC offender ID badge made with a new picture and a gender change from male to female on the IDOC card.

I have tried to solve this problem informally by:

Sending concern forms to IDOC / ISCI ID officer, and concern form to Dr. Craig dated 11-10-14 & 11-15-14.

I suggest the following solution for the problem:

Scheduled a time to have a new picture taken, and the gender / sex marker on the IDOC badge changed from male to female as soon as possible.

### Level 1 - Initial Response

| | | | |
|---|---|---|---|
| Date Forwarded: | 12/17/2014 | Date Returned: | 12/23/2014 |
| Date Due Back: | 12/31/2014 | Level 1 Responder: | THOMPSON, |

The response from the staff member or person in charge of the area/operation being grieved:

On 12-10-14, at about 1330 hours, I captured new portrait and profile photos for your offender file. Also, I printed a new IDOC offender ID badge for you at that time. We discussed your concern about the sex which is printed on the ID card. I informed you that ISCI staff cannot alter the sex listed in your file. Finally, I advised you to seek legal resources which may assist you in making the desired changes through the courts.

II 140001364          EDMO, MASON DL.                    94691

| Level 2 - Reviewing Authority Response | | | |
|---|---|---|---|
| Date Forwarded: | 12/23/2014 | Grievance Disposition: | MODIFIED |
| Date Due Back: | 01/08/2015 | Level 2 Responder: | COBURN, GARRETT |
| Date Returned: | 12/29/2014 | Response sent to offender: | 12/29/2014 |

Your grievence has been reviewed and I find:

You were provided with a new ID. However due to the fact that your physical gender is male, we will not be changing your ID to reflect you being a female.

| Offender Appeal |
|---|

Offender Comments:

I do not understand - this decision to reflect any real security concern other than personal intentions to inflict more emotional stress from IDOC staff, specifically - ISCI administration. I am asking the appellate authority to thoroughly review my request and holistically make a decision to consider my request. D.W. Coburn's reply clearly depicts a lack of knowledge about an offender diagnosed with a mental condition of gender dysphoria. Sex is the biological genetic make up of a person, as gender is a societal structured behavior and or perception a society follows, two clearly  different associations. Dr. Eliason has signified I changed  genders from male to female, as well as Dr. Whinnery. This is also part of sex reassignment treatment being provided to me by IDOC in contract with Corizon medical providers.

| Level 3 - Appellate Authority Response | | | |
|---|---|---|---|
| Date Appealed: | 12/31/2014 | Grievance Disposition: | DENIED |
| Date Forwarded: | 12/31/2014 | Level 3 Responder: | YORDY, HOWARD |
| Date Due Back: | 01/16/2015 | Response sent to offender: | 01/12/2015 |
| Date Returned: | 01/12/2015 | | |

Your appeal has been reviewed and I find:

We are not going to change your sex on your ID card.  Our facility has correctly identified you as male.

Warden Yordy



# Idaho Department of Correction
## Grievance Form

| | | | |
|---|---|---|---|
| Offender Name: | EDMO, MASON DEAN | Location: | ISCI |
| Offender Number: | 94691 | Number: | II 140000914 |
| | | Category: | ADMINISTRATION |

### Offender Grievance Information

Date Received:          08/08/2014

The problem is:

Had an incident concerning my "hair style" on 7-9-14. Concerned Warden Yordy & sent letter to Yordy dated 07-09-14 Re: Incident w/ C/O White. Warden Yordy will not provide me with a accurate direction of what a "feminine hairstyle" is or is not.

I have tried to solve this problem informally by:

Sending letter to Warden Yordy on 07-09-14; sending concern form to Warden yordy on 07-09-14 addressing this issue.

I suggest the following solution for the problem:

Being given a direct definition of what a "feminine hairstyle is according to a offender diagnosed as GID and undergoing sex reassignment treatment!

### Level 1 - Initial Response

| | | | |
|---|---|---|---|
| Date Forwarded: | 08/12/2014 | Date Returned: | 08/12/2014 |
| Date Due Back: | 08/26/2014 | Level 1 Responder: | |

The response from the staff member or person in charge of the area/operation being grieved:

No level one response due to nature of grievance.

### Level 2 - Reviewing Authority Response

| | | | |
|---|---|---|---|
| Date Forwarded: | 08/12/2014 | Grievance Disposition: | DENIED |
| Date Due Back: | 08/28/2014 | Level 2 Responder: | |
| Date Returned: | 08/12/2014 | Response sent to offender: | |

Your grievance has been reviewed and I find:

No level two response due to nature of grievance.

II 140000914        EDMO, MASON DEAN                94691

| Offender Appeal |
|---|

Offender Comments:

See above.

| Level 3 - Appellate Authority Response |
|---|

| | | | |
|---|---|---|---|
| Date Appealed: | 08/12/2014 | Grievance Disposition: | DENIED |
| Date Forwarded: | 08/12/2014 | Level 3 Responder: | YORDY, HOWARD |
| Date Due Back: | 08/28/2014 | Response sent to offender: | 09/02/2014 |
| Date Returned: | 09/02/2014 | | |

Your appeal has been reviewed and I find:

The policy states the warden is to make the decision on whether an offender's hair style is effeminate or not. The direction I gave Edmo was if staff felt the hairstyle was effeminate, they were to photograph the style and I would make that determination later. The offender was to follow staff's immediate direction at the time. I don't believe I could give a definition of what an effeminate hairstyle is other than the styler's intent to make it feminine in nature. The hairstyles I would be concerned with are those I believe are intended to look female.

Warden Yordy



# Idaho Department of Correction
## Grievance Form

| | | | | |
|---|---|---|---|---|
| Offender Name: | EDMO, MASON DEAN | | Location: | ISCI |
| Offender Number: | 94691 | | Number: | II 140000312 |
| | | | Category: | MEDICAL/HEALTHCARE |

### Offender Grievance Information

Date Received:          03/07/2014

The problem is:

Sent concern form to HSA about issues concerning Gender Reassignment surgery. Mallet #8769 responded that Gender Reassignment surgery is unavailable. S. Mallet #8769 is not a M.D. to make this decision, nor is Regional Director Young qualified to base decisions through concern forms without seeing me personally.

I have tried to solve this problem informally by:

Submitting HSR's, talking to clinicians, submitting concern forms.

Note: Only one concern form is submitted with grievance.

I suggest the following solution for the problem:

Allowed to be seen by a GID evaluator specialist.

### Level 1 - Initial Response

| | | | |
|---|---|---|---|
| Date Forwarded: | 03/17/2014 | Date Returned: | 03/17/2014 |
| Date Due Back: | 03/21/2014 | Level 1 Responder: | PILOTE, KIMBERLY |

The response from the staff member or person in charge of the area/operation being grieved:

Dr. Young is a qualified health care provider and is capable of making decisions regarding your care.  However, gender re-assignment surgery is not medically necessary.  Please submit an HSR if your have any other issues.  Thanks.

*3-20-14 — this is the correct copy. We had the wrong name for the 1st responder. Sorry. JW*

II 140000312        EDMO, MASON DE.                    94691

## Level 2 - Reviewing Authority Response

| | | | |
|---|---|---|---|
| Date Forwarded: | 03/17/2014 | Grievance Disposition: | DENIED |
| Date Due Back: | 03/31/2014 | Level 2 Responder: | VALLEY, RYAN |
| Date Returned: | 03/17/2014 | Response sent to offender: | 03/18/2014 |

Your grievance has been reviewed and I find:

You have been seen by medical providers that are licensed to practice in the State of Idaho.  Your gender re-assignment surgery is not medically necessary and therefore has not been recommended by our providers.

## Offender Appeal

Offender Comments:

## Level 3 - Appellate Authority Response

| | | |
|---|---|---|
| Date Appealed: | | Grievance Disposition: |
| Date Forwarded: | | Level 3 Responder: |
| Date Due Back: | | Response sent to offender: |
| Date Returned: | | |

Your appeal has been reviewed and I find:





# Idaho Department of Correction
## Grievance Form

| | | | |
|---|---|---|---|
| Offender Name: | EDMO, MASON DEAN | Location: | ISCI |
| Offender Number: | 94691 | Number: | II 140000312 |
| | | Category: | MEDICAL/HEALTHCARE |

## Offender Grievance Information

Date Received:        03/07/2014

The problem is:

Sent concern form to HSA about issues concerning Gender Reassignment surgery. Mallet #8769 responded that Gender Reassignment surgery is unavailable. S. Mallet #8769 is not a M.D. to make this decision, nor is Regional Director Young qualified to base decisions through concern forms without seeing me personally.

I have tried to solve this problem informally by:

Submitting HSR's, talking to clinicians, submitting concern forms.

Note: Only one concern form is submitted with grievance.

I suggest the following solution for the problem:

Allowed to be seen by a GID evaluator specialist.

## Level 1 - Initial Response

| | | | |
|---|---|---|---|
| Date Forwarded: | 03/17/2014 | Date Returned: | 03/17/2014 |
| Date Due Back: | 03/21/2014 | Level 1 Responder: | PILOTE, KIMBERLY |

The response from the staff member or person in charge of the area/operation being grieved:

Dr. Young is a qualified health care provider and is capable of making decisions regarding your care.  However, gender re-assignment surgery is not medically necessary.  Please submit an HSR if your have any other issues.  Thanks.

II 140000312          EDMO, MASON L   .s                    94691

## Level 2 - Reviewing Authority Response

| | | | |
|---|---|---|---|
| Date Forwarded: | 03/17/2014 | Grievance Disposition: | DENIED |
| Date Due Back: | 03/31/2014 | Level 2 Responder: | VALLEY, RYAN |
| Date Returned: | 03/17/2014 | Response sent to offender: | 03/18/2014 |

Your grievence has been reviewed and I find:

You have been seen by medical providers that are licensed to practice in the State of Idaho.  Your gender re-assignment surgery is not medically necessary and therefore has not been recommended by our providers.

## Offender Appeal

Offender Comments:

Response to Level 2 responder: I have not been seen by your providers, or anyone in medical dealing with my gender reassignment request, medical refused to schedule any appt., especially when I state gender reassignment on the HSR. Of course your providers have not recommended gender reassignment, I have not been able to see anyone in medical to address this issue. IDOC medical / Corizon is discriminating against me because of my gender. I am being denied access to medical care - when I cannot even have an appt. to address this issue. I need a specialist dealing with GID patients, as it is a serious medical need.

## Level 3 - Appellate Authority Response

| | | | |
|---|---|---|---|
| Date Appealed: | 03/24/2014 | Grievance Disposition: | MODIFIED |
| Date Forwarded: | 03/24/2014 | Level 3 Responder: | SIEGERT, RONA |
| Date Due Back: | 04/09/2014 | Response sent to offender: | 03/26/2014 |
| Date Returned: | 03/26/2014 | | |

Your appeal has been reviewed and I find:

Offender Edmo:

Your medical record shows that you have been seen by the ISCI providers in the chronic disease program (CDP). Your last visit was March 6, 2014 with Dr. Whinnery. You are followed in the CDP for GID. Please address your questions regarding gender reassignment surgery at your next CDP appointment.

Rona Siegert RN, CCHP
IDOC Health Services Director



## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 31st day of January, 2019, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Dylan Eaton
deaton@parsonsbehle.com

J. Kevin West
kwest@parsonsbehle.com

Attorneys for Corizon Defendants

Brady James Hall
brady@melawfirm.net

Marisa S. Crecelius
marisa@melawfirm.net

Attorney for IDOC Defendants

      /s/ - Lori E. Rifkin      
Lori E. Rifkin

THIRD AMENDED COMPLAINT
FOR DAMAGES