UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ADREE EDMO,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>IDAHO DEPARTMENT OF CORRECTION, et al.,<br><br>　　　　　　Defendants. | Case No. 1:17-cv-00151-BLW<br><br>MEMORANDUM DECISION AND ORDER |

# INTRODUCTION

Before the Court is Defendants' Joint Motion to Stay Order [Dkt. 149] Pending Appeal. Dkt. 156. For the reasons set forth below, Defendants' motion is denied.

# BACKGROUND

The Court issued its Findings of Fact, Conclusion of Law, and Order in this case after a three-day evidentiary hearing. Dkt. 149. During that hearing, Ms. Adree Edmo established that she was entitled to gender confirmation surgery by June 13, 2019. The Court will not repeat all the factual and legal conclusions that led to its decision, but will highlight the following portion of the Court's order:

> The risks of not providing gender confirmation surgery to Ms. Edmo include surgical self-treatment, emotional decompensation, and risk of suicide given her high degree of suicide ideation. Tr. 80:24:81:8, 264:13-22. If she is not provided

**MEMORANDUM DECISION AND ORDER - 1**

> with surgery, Ms. Edmo has indicated that she will try self-surgery again to deal with her extreme episodes of gender dysphoria. Tr. 199:24-200:5. *Given that Ms. Edmo made increasing progress on her first two self-surgery attempts, it is likely that Ms. Edmo will be successful if she attempts self-surgery again.* Tr. 264:13-22.

*Edmo v. Idaho Dep't of Correction*, No. 1:17-CV-00151-BLW, 2018 WL 6571203, at *12 (D. Idaho Dec. 13, 2018) (emphasis added).

## LEGAL STANDARD

Granting a stay is "an exercise of judicial discretion" that is "dependent upon the circumstances of the particular case." *Nken v. Holder*, 556 U.S. 418, 433, (2009). The Supreme Court suggested in *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987) that the trial court, in exercising its discretion, should consider four factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies."

The Ninth Circuit has suggested that the *Hilton* factors should be applied using a "sliding scale" approach in which a stronger showing of one element may offset a weaker showing of another. *Peck Ormsby Const. Co. v. City of Rigby*, No. CIV. 1:10-545 WBS, 2012 WL 914915, at *3 (D. Idaho Mar. 15, 2012). The moving party bears the burden of showing that the circumstances justify an exercise of the court's discretion and must show at least a minimum threshold for each factor. *Nken*, 556 U.S. at 434. However, the "first two factors ... are the most critical." *Id.*

## ANALYSIS

**MEMORANDUM DECISION AND ORDER - 2**

Defendants, in seeking a stay, rehash the arguments they presented during the three-day evidentiary hearing in this case. The Court was unpersuaded by the arguments then, and remains so now. Applying the *Hilton* factors to the findings of fact contained in the Court's prior decision, Defendants have failed to carry their burden to show that a stay is appropriate.

While there is no certainty as to how this case will be viewed on appeal, the Court is firmly convinced that its decision is supported by the facts and law presented during the hearing. I must, therefore conclude that the Defendants have not made a strong showing that they are likely to succeed on appeal.

The Court is not persuaded that the Defendants will be irreparably injured absent a stay. Indeed, it is difficult to see how providing medical treatment to an inmate could ever constitute an irreparable injury.

By comparison, the Court is convinced that issuing the stay will substantially injure Ms. Edmo for the reasons identified in that portion of the Court's decision quoted above. Indeed, given Edmo's past actions, time is of the essence.

Finally, I am also persuaded that there is a strong public interest in ensuring that our prisons are not deliberately indifferent to the serious medical needs of its inmates.

The Court will offer just one more thought: Ms. Edmo's testimony and that of her experts conclusively established, in the Court's opinion, that there is a substantial risk that Ms. Edmo will make a *third* attempt to self-castrate if the Defendants continue to deny her gender confirmation surgery. In short, her medical needs are urgent. The Constitution requires Defendants to act accordingly.

**MEMORANDUM DECISION AND ORDER - 3**

## ORDER

**IT IS ORDERED:**

1. Defendants' Joint Motion to Stay Order [Dkt. 149] Pending Appeal (Dkt. 156) is **DENIED**.

DATED: March 4, 2019

B. Lynn Winmill
U.S. District Court Judge