J. Kevin West, ISB #3337
KWest@parsonsbehle.com
Dylan A. Eaton, ISB #7686
DEaton@parsonsbehle.com
Bryce Jensen, ISB #10324
bjensen@parsonsbehle.com
Parsons, Behle & Latimer
800 W. Main Street, Suite 1300
Boise, Idaho 83702
Telephone:    (208) 562-4900
Facsimile:    (208) 562-4901

Counsel for Defendants Corizon Inc., Scott Eliason, Murray Young, and Catherine Whinnery

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ADREE EDMO,<br><br>              Plaintiff,<br><br>v.<br><br>IDAHO DEPARTMENT OF CORRECTION; HENRY ATENCIO, in his official capacity; JEFF ZMUDA, in his official capacity; HOWARD KEITH YORDY, in his official and individual capacities; CORIZON, INC.; SCOTT ELIASON; MURRAY YOUNG; RICHARD CRAIG; RONA SIEGERT; CATHERINE WHINNERY; AND DOES 1-15;<br><br>              Defendants. | CIVIL ACTION FILE<br><br>NO. 1:17-cv-151-BLW<br><br>**DEFENDANTS CORIZON INC., SCOTT ELIASON, MURRAY YOUNG, AND CATHERINE WHINNERY'S ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL** |

COME NOW Defendants, Corizon Inc., Scott Eliason, Murray Young, and Catherine

Whinnery (hereinafter collectively "Corizon Defendants"), by and through their counsel of record,

DEFENDANTS CORIZON INC., SCOTT ELIASON, MURRAY YOUNG, AND CATHERINE WHINNERY'S
ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL - 1
4838-5363-4442v2

the law firm of Parsons Behle & Latimer, and in answer to Plaintiff's Third Amended Complaint and Demand for Jury Trial (hereinafter "Amended Complaint") on file herein, answer, allege, and state as follows:

## FIRST DEFENSE

Plaintiff's Amended Complaint, and each and every allegation contained therein, fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

Corizon Defendants deny each and every allegation in Plaintiff's Amended Complaint, except those allegations specifically admitted herein.

## THIRD DEFENSE

With respect to the specific allegations contained in Plaintiff's Amended Complaint, Corizon Defendants admit or deny as follows:

## INTRODUCTION

1.      With respect to Paragraph 1 of Plaintiff's Third Amended Complaint, Corizon Defendants admit only that Plaintiff Edmo is currently incarcerated in an Idaho prison and that she was diagnosed with Gender Identity Disorder (now known as Gender Dysphoria)[1] in 2012 for which she has received appropriate medical and mental health care treatment and care.   The remainder of the allegations are denied because it is an introduction with generalized information that does not include specific assertion of facts in this case, calls for expert testimony, calls for a legal conclusion, and/or lacks knowledge or information sufficient to form a belief about the truth of an allegation

---

[1] The terms Gender Identity Disorder (GID) and Gender Dysphoria (GD) will be used interchangeably in this Answer.

DEFENDANTS CORIZON INC., SCOTT ELIASON, MURRAY YOUNG, AND CATHERINE WHINNERY'S ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL - 2
4838-5363-4442v2

2.      Corizon Defendants deny the allegations in Paragraph 2 of Plaintiff's Third Amended Complaint because it calls for expert testimony and legal conclusions.

3.      With respect to the allegations in Paragraph 3 of Plaintiff's Third Amended Complaint, Corizon Defendants lack knowledge or information sufficient to form a belief about the truth of an allegation and, therefore, said allegations are denied.

4.      With respect to the allegations in Paragraph 4 of Plaintiff's Third Amended Complaint, Corizon Defendants admit that Plaintiff Edmo sought and received hormone therapy treatment for her GID diagnosis in and continuing after 2012.  Corizon Defendants admit that Plaintiff Edmo later asked for a sex reassignment surgery assessment.  Corizon Defendants admit that Plaintiff Edmo has received appropriate medical and mental health care for her GID within the confines of her cooperation.  The remainder of the allegations in paragraph 4 or denied.

5.      Corizon Defendants deny the allegations in Paragraph 5 of Plaintiff's Third Amended Complaint.

6.      With respect to the allegations in Paragraph 6 of Plaintiff's Third Amended Complaint, Corizon Defendants deny they disciplined or punished Plaintiff Edmo for expressing her gender identity.  The remainder of the allegations in paragraph 6 are denied because Corizon Defendants lack knowledge or information sufficient to form a belief about the truth of an allegation and, therefore, said allegations are denied

7.      Corizon Defendants deny the allegations in Paragraph 7 of Plaintiff's Third Amended Complaint.

8.      Paragraph 8 of Plaintiff's Third Amended Complaint related to relief sought and therefore should not require a response.  To the extent a response is required, Corizon Defendants deny that Plaintiff Edmo is entitled to any relief and damages in this case.

## JURISDICTION AND VENUE

9.      With respect to the allegations in Paragraph 9 of Plaintiff's Third Amended Complaint, Corizon Defendants admit this Court has jurisdiction or supplemental jurisdiction over the causes of action asserted by Plaintiff in this case.  Corizon Defendants deny that Plaintiff Edmo is entitled to declaratory and injunctive relief and damages.  The remainder of the allegations are denied as calling for a legal conclusion.

10.      With respect to the allegations in Paragraph 10 of Plaintiff's Third Amended Complaint, Corizon Defendants admit to venue in the District of Idaho.  The remainder of the allegations are denied as calling for a legal conclusion.

11.      Corizon Defendants deny the allegations in Paragraph 11 of Plaintiff's Third Amended Complaint.

## PARTIES

12.      With respect to the allegations in Paragraph 12 of Plaintiff's Third Amended Complaint, Corizon Defendants admit that Plaintiff has been incarcerated in an Idaho prison since 2012.  Corizon Defendants admit, based on information and belief, that Plaintiff Edmo is about 31 years of age and was or is a member of the Shoshone-Bannock Tribe.  Corizon Defendants lack knowledge or information sufficient to form a belief about the truth of an allegation related to United States citizenship and, therefore, said allegations are denied on that basis.  The remainder of the allegations are denied.

13.      The allegations in Paragraph 13 of Plaintiff's Third Amended Complaint are not directed at the answering defendants herein and, therefore, should not require a response.  To the extent a response is required, Corizon Defendants lack knowledge or information sufficient to form a belief about the truth of an allegations in paragraph 13 and, therefore, said allegations are denied

on that basis.

14.     The allegations in Paragraph 14 of Plaintiff's Third Amended Complaint are not directed at the answering defendants herein and, therefore, should not require a response.  To the extent a response is required, Corizon Defendants lack knowledge or information sufficient to form a belief about the truth of an allegations in paragraph 14 and, therefore, said allegations are denied on that basis.

15.     The allegations in Paragraph 15 of Plaintiff's Third Amended Complaint are not directed at the answering defendants herein and, therefore, should not require a response.  To the extent a response is required, Corizon Defendants lack knowledge or information sufficient to form a belief about the truth of an allegations in paragraph 15 and, therefore, said allegations are denied on that basis.

16.     The allegations in Paragraph 16 of Plaintiff's Third Amended Complaint are not directed at the answering defendants herein and, therefore, should not require a response.  To the extent a response is required, Corizon Defendants lack knowledge or information sufficient to form a belief about the truth of an allegations in paragraph 13 and, therefore, said allegations are denied on that basis.

17.     Corizon Defendants deny the allegations in paragraph 17 of Plaintiff's Third Amended Complaint.  Corizon Incorporated in not a proper party.  Corizon Defendants admit that Corizon, LLC contracts with IDOC to provide certain medical, dental, psychiatric and mental health services only as provided for in said contracts and addendums or amendments thereto between Corizon, LLC and IDOC.  Corizon Defendants admit they are to provide appropriate care and treatment to the inmates they care for as legally required and under the circumstances and judgement of their various professionals and staff.

18.     With respect to the allegations in Paragraph 18 of Plaintiff's Third Amended Complaint, Corizon Defendants admit that Scott Eliason, M.D. ("Dr. Eliason") has been the Corizon Idaho Regional Psychiatric Director from about April 2010 to present and, among other things, is an Idaho licensed psychiatrist, board certified in general and forensic psychiatry, and a Certified Correctional Healthcare Provider through the National Commission on Correctional Health Care ("NCCHC").  Dr. Eliason admits he was a member of the Idaho prison Management and Treatment Committee ("MTC") that discussed inmates with gender dysphoria and admits that he provided some treatment and care to Plaintiff Edmo.  The remainder of the allegations in paragraph 18 are denied.

19.     With respect to the allegations in Paragraph 18 of Plaintiff's Third Amended Complaint, Corizon Defendants admit that Murray Young, M.D. ("Dr. Young") was the Corizon Idaho Regional Medical Director from about June 2013 to July 2016 and participated in some treatment and/or care decisions related to Plaintiff Edmo.  The remainder of the allegations are denied.

20.     The allegations in Paragraph 20 of Plaintiff's Third Amended Complaint are not directed at the answering defendants herein and, therefore, should not require a response.  To the extent a response is required, Corizon Defendants lack knowledge or information sufficient to form a belief about the truth of an allegations in paragraph 20 and, therefore, said allegations are denied on that basis.

21.     The allegations in Paragraph 21 of Plaintiff's Third Amended Complaint are not directed at the answering defendants herein and, therefore, should not require a response.  To the extent a response is required, Corizon Defendants lack knowledge or information sufficient to form a belief about the truth of an allegations in paragraph 21 and, therefore, said allegations are denied

on that basis.

22.     With respect to the allegations in Paragraph 22 of Plaintiff's Third Amended Complaint, Corizon Defendants admit that Catherine Whinnery, M.D. ("Dr. Whinnery") was the medical director at Idaho State Correctional Institution (ISCI) from about January 2012 through February 2015 and provided certain medical care and/or treatment to inmates at ISCI, including Plaintiff Edmo.  The remainder of the allegations are denied.

23.     The allegations in Paragraph 23 of Plaintiff's Third Amended Complaint are not directed at the answering defendants herein and, therefore, should not require a response.  To the extent a response is required, Corizon Defendants lack knowledge or information sufficient to form a belief about the truth of an allegations in paragraph 23 and, therefore, said allegations are denied on that basis.

24.     The allegations in Paragraph 23 of Plaintiff's Third Amended Complaint are not directed at the answering defendants herein and, therefore, should not require a response.  To the extent a response is required, Corizon Defendants lack knowledge or information sufficient to form a belief about the truth of an allegations in paragraph 23 and, therefore, said allegations are denied on that basis.

25.     The allegations in Paragraph 25 of Plaintiff's Third Amended Complaint are denied as overbroad, vague, and calling for a legal conclusion.

## FACTUAL ALLEGATIONS

26.     The allegations in Paragraph 26 of Plaintiff's Third Amended Complaint call for expert and legal conclusions and, therefore, are denied on that basis.  The allegations in Paragraph 26 are also denied as vague and overbroad.  The resources listed in Paragraph 26 speak for themselves.

27.     With respect to the allegations in Paragraph 27 of Plaintiff's Third Amended Complaint, Corizon Defendants deny they provided inadequate treatment and/or care to Plaintiff, deny any wrongdoing, and deny their care and/or treatment caused any injuries or damages to Plaintiff.  The remainder of the allegations in Paragraph 27 of Plaintiff's Complaint call for expert and legal conclusions and, therefore, are denied on that basis.

28.     With respect to the allegations in Paragraph 28 of Plaintiff's Third Amended Complaint, Corizon Defendants admit there is an organization called the World Professional Association for Transgender Health ("WPATH") and that it has published a resource called Standards of Care for the Health of Transsexual, Transgender, and Gender Nonconforming People ("WPATH resource").  Corizon Defendants admit that WPATH and said publication is a resource for medical and mental health care providers, but deny that WPATH and its resources are the only resource for medical and mental health care providers in assessing and treating patients and inmates with Gender Dysphoria.  Corizon Defendants further deny that WPATH and its resources establish the standard of care for treating inmates with Gender Dysphoria.  WPATH and its resources speak for themselves.  The remainder of the allegations are denied as calling for expert and legal conclusions.

29.     The allegations in Paragraph 29 of Plaintiff's Third Amended Complaint are not related to Corizon Defendant policies or procedures and, therefore, said allegations are denied for lack knowledge or information sufficient to form a belief about the truth of an allegations therein. IDOC policies and procedures speak for themselves.

30.     The allegations in Paragraph 30 of Plaintiff's Third Amended Complaint are not related to Corizon Defendant policies or procedures and, therefore, said allegations are denied for lack knowledge or information sufficient to form a belief about the truth of an allegations therein.

IDOC policies and procedures speak for themselves.

31.     The allegations in Paragraph 31 of Plaintiff's Third Amended Complaint are denied as calling for expert and legal conclusions.   Corizon Defendants admit the WPATH resource speaks for itself.

32.     The allegations in Paragraph 32 of Plaintiff's Third Amended Complaint are denied as calling for expert and legal conclusions.  Corizon Defendants admit the WPATH resource and DSM-V speak for themselves.

33.     The allegations in Paragraph 33 of Plaintiff's Third Amended Complaint are denied as calling for expert and legal conclusions.   Corizon Defendants admit the WPATH resource speaks for itself.

34.     The allegations in Paragraph 34 of Plaintiff's Third Amended Complaint are denied as calling for expert and legal conclusions.   Corizon Defendants admit the WPATH resource speaks for itself.

35.     The allegations in Paragraph 35 of Plaintiff's Third Amended Complaint are denied as calling for expert and legal conclusions.   Corizon Defendants admit the WPATH resource speaks for itself.

36.     The allegations in Paragraph 36 of Plaintiff's Third Amended Complaint are denied as calling for expert and legal conclusions.   Corizon Defendants admit the WPATH resource speaks for itself.  Corizon Defendants deny that the WPATH resource provides clear and specific treatment and care guidelines for inmates with Gender Dysphoria.

37.     With respect to the allegations in Paragraph 37 of Plaintiff's Third Amended Complaint, based on information and belief, Corizon Defendants admit Plaintiff was born on or about October 29, 1987 in Pocatello, Idaho and that she is or was a member of the Shoshone-

Bannock tribe.  The remainder of the allegations are denied for lack knowledge or information sufficient to form a belief about the truth of an allegations therein.

38.     Corizon Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 38 of Plaintiff's Third Amended Complaint and, therefore, said allegations are denied on that basis.

39.     Corizon Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 39 of Plaintiff's Third Amended Complaint and, therefore, said allegations are denied on that basis.

40.     With respect to the allegations in paragraph 40 of Plaintiff's Third Amended Complaint, Corizon Defendants admit that Plaintiff was incarcerated in an Idaho prison started in about 2012, that Dr. Eliason assessed Plaintiff with GID in about June 2012, Psychologist Claudia Lake, PsyD, also assessed Plaintiff and diagnosed her with GID in about July 2012.

41.     With respect to the allegations in Paragraph 41 of Plaintiff's Third Amended Complaint, Corizon Defendants deny that failed to provide Plaintiff with individualized care and deny that they have provided inappropriate care and treatment to Plaintiff.   The procedure identified in Paragraph 41 is not Corizon Defendant policies or procedures and, therefore, said allegations are denied for lack knowledge or information sufficient to form a belief about the truth of an allegations therein.  IDOC policies and procedures speak for themselves.

42.     Corizon Defendants deny the allegations in paragraph 42 of Plaintiff's Third Amended Complaint.

43.     With respect to the allegations in Paragraph 43 of Plaintiff's Third Amended Complaint, Corizon Defendants admit that Plaintiff submitted "Health Service Request" forms and that those forms speak for themselves.  The remainder of the allegations are denied.

44.     With respect to the allegations in Paragraph 44 of Plaintiff's Third Amended Complaint, Corizon Defendants deny that they provided improper care and treatment to Plaintiff.

a.   With respect to Paragraph 44.a. of Plaintiff's Third Amended Complaint, Corizon Defendants deny that their care and treatment, including by Dr. Whinnery, of Plaintiff was inappropriate on or about December 3, 2012.  Furthermore, Corizon Defendants' care and treatment of Plaintiff was appropriate, especially under the penological purposes, policies and procedures at the time.  The medical or other records speak for themselves.  The remainder of the allegations are denied.

b.   With respect to Paragraph 44.b. of Plaintiff's Third Amended Complaint, Corizon Defendants deny that their care and treatment, including by Dr. Whinnery, of Plaintiff was inappropriate on or about October 16, 2013.  Furthermore, Corizon Defendants' care and treatment of Plaintiff was appropriate, especially under the penological purposes, policies and procedures at the time.  The medical or other records speak for themselves.  The remainder of the allegations are denied.

c.   With respect to Paragraph 44.c. of Plaintiff's Third Amended Complaint, Corizon Defendants deny that their care and treatment, including by Dr. Young, of Plaintiff was inappropriate on or about November 16, 2013.  Furthermore, Corizon Defendants' care and treatment of Plaintiff was appropriate, especially under the penological purposes, policies and procedures at the time.  The medical or other records speak for themselves.  The remainder of the allegations are denied.

d.   With respect to Paragraph 44.d. of Plaintiff's Third Amended Complaint, Corizon Defendants deny that their care and treatment, including by Dr. Young, of Plaintiff was inappropriate on or about December 16, 2013.  Furthermore, Corizon

Defendants' care and treatment of Plaintiff was appropriate, especially under the penological purposes, policies and procedures at the time.  The medical or other records speak for themselves.  The remainder of the allegations are denied.

e.   With respect to Paragraph 44.e. of Plaintiff's Third Amended Complaint, Corizon Defendants deny that their care and treatment or actions related to Plaintiff on or around February 11, 2014, including by Dr. Young and Linda Gercke, were inappropriate.  Furthermore, Corizon Defendants' care and treatment of Plaintiff was appropriate, especially under the penological purposes, policies and procedures at the time.  The medical or other records speak for themselves.  The remainder of the allegations are denied.

f.   The allegations in Paragraph 44.f of Plaintiff's Third Amended Complaint are not directed at the answering defendants and, therefore, should not require a response.  To the extent a response is required, said allegations are denied for lack knowledge or information sufficient to form a belief about the truth of an allegations therein.

g.   With respect to Paragraph 44.g. of Plaintiff's Third Amended Complaint, Corizon Defendants deny that their care and treatment or actions related to Plaintiff on or around July 3, 2014, including by Dr. Whinnery, were inappropriate.  Furthermore, Corizon Defendants' care and treatment of Plaintiff was appropriate, especially under the penological purposes, policies and procedures at the time.  Dr. Whinnery denies she made the statement in paragraph g. as stated.  The medical or other records speak for themselves.  The remainder of the allegations are denied.

h.   The allegations in Paragraph 44.h. are denied for lack knowledge or information sufficient to form a belief about the truth of an allegations therein.

i.  With respect to Paragraph 44.i. of Plaintiff's Third Amended Complaint, Corizon Defendants deny that their care and treatment or actions related to Plaintiff on or around October 8, 2014, including by Dr. Whinnery, were inappropriate. Furthermore, Corizon Defendants' care and treatment of Plaintiff was appropriate, especially under the penological purposes, policies and procedures at the time. The remainder of the allegations are denied.

j.  With respect to Paragraph 44.j. of Plaintiff's Third Amended Complaint, Corizon Defendants deny that their care and treatment or actions related to Plaintiff on or around July 8, 2014, including by Dr. Whinnery, were inappropriate. Furthermore, Corizon Defendants' care and treatment of Plaintiff was appropriate, especially under the penological purposes, policies and procedures at the time. Dr. Whinnery denies she made the statement in paragraph j. as stated. The medical or other records speak for themselves. The remainder of the allegations are denied.

k.  With respect to Paragraph 44.k. of Plaintiff's Third Amended Complaint, Corizon Defendants admit that Plaintiff was assessed by Dr. Eliason regarding sex reassignment surgery. Dr. Eliason did not believe, based on his training, education, experience, his prior treatment and care of Plaintiff, his appointment with Plaintiff at that time, his medical judgment, and after staffing the assessment with other medical and mental health care providers, including a WPATH member, that Sex Reassignment Surgery (SRS) (a.k.a. Gender Confirmation Surgery (GCS))[2] was medically necessary at that time. Among other things, Dr. Eliason did not believe SRS was indicated for Plaintiff because her mental health conditions were not

---

[2] These terms are used interchangeably in this Answer.

DEFENDANTS CORIZON INC., SCOTT ELIASON, MURRAY YOUNG, AND CATHERINE WHINNERY'S ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL - 13

adequately controlled and she had not sufficiently lived a real social experience as a woman. Dr. Eliason's April 20, 2016 note and his testimony and discovery responses in this case to date are incorporated herein. Dr. Eliason denies he made the statement alleged in paragraph k. of Plaintiff's Third Amended Complaint as stated. The remainder of the allegations are denied.

l.    deny that their care and treatment or actions related to Plaintiff on or around July 8, 2014, including by Dr. Whinnery, were inappropriate. Furthermore, Corizon Defendants' care and treatment of Plaintiff was appropriate, especially under the penological purposes, policies and procedures at the time. Dr. Whinnery denies she made the statement in paragraph j. as stated. The medical or other records speak for themselves. The remainder of the allegations are denied.

45.    Defendants deny the allegations in Paragraph 45 of Plaintiff's Third Amended Complaint and specifically deny that any actions alleged in the paragraph were the result of Defendants failure to adequately treat Plaintiff's gender dysphoria.

46.    With respect to the allegations in paragraph 46 of Plaintiff's Third Amended Complaint, Corizon Defendants admit that Plaintiff's cut her testicles on or around September 29, 2015 and that she received appropriate medical care and treatment for this injury. The medical and other records related to this incident speak for themselves. The remainder of the allegations are denied.

47.    With respect to the allegations in Paragraph 47 of Plaintiff's Third Amended Complaint, Corizon Defendants admit that on or around December 31, 2016, Plaintiff lacerated her scrotum/exposed testicle and was sent to the ER at a hospital where she received treatment and care for the injury. The medical and other records related to this incident speak for themselves.

The remainder of the allegations are denied for lack knowledge or information sufficient to form a belief about the truth of an allegations.

48.     With respect to the allegations in Paragraph 48 of Plaintiff's Third Amended Complaint, Corizon Defendants lack knowledge or information sufficient to form a belief about the truth of an allegations and, therefore, said allegations are denied on that basis.

49.     Defendants deny the allegations in Paragraph 49 of Plaintiff's Third Amended Complaint.

50.     With respect to the allegations in paragraph 50 of Plaintiff's Third Amended Complaint, Corizon Defendants admit that Plaintiff was seen by an offsite physician, Dr. Alviso, in December 2016 related to managing Plaintiff's hormone therapy.  Dr. Alviso's notes related to this appointment speak for themselves.  Corizon Defendants deny that Plaintiff has not seen Dr. Alviso since December 2016.  Corizon Defendants admit that Plaintiff's labs have been taken and her hormone levels have been monitored appropriately.  The medical records and lab records speak for themselves.  The remainder of the allegations in paragraph 50 are denied.

51.     With respect to the allegations in Paragraph 51 of Plaintiff's Third Amended Complaint, Corizon Defendants lack knowledge or information sufficient to form a belief about the truth of an allegations and, therefore, said allegations are denied on that basis.

52.      Corizon Defendants deny the allegations in Paragraph 52 of Plaintiff's Third Amended Complaint.

53.     The allegations in Paragraph 53 of Plaintiff's Third Amended Complaint are not related to Corizon Defendants policies or procedures and, therefore said allegations are denied for lack of knowledge or information sufficient to form a belief about the truth of the allegations therein.  IDOC policies and procedures speak for themselves.

54.     The allegations in Paragraph 54 of Plaintiff's Third Amended Complaint relate to actions or inactions other than by the answering defendants herein and therefore should not require a response.  To the extend a response is required, Corizon Defendants deny that they disciplined and punished Plaintiff for expressing her gender identity.  Corizon Defendants lack of knowledge or information sufficient to form a belief about the truth of the allegations and therefore deny them on that basis.

55.      Corizon Defendants lack of knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 55 of Plaintiff's Third Amended Complaint and therefore deny them on that basis.

56.     Corizon Defendants lack of knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 56 of Plaintiff's Third Amended Complaint and therefore deny them on that basis.

## CLAIMS FOR RELIEF

## <u>FIRST CLAIM FOR RELIEF</u>

**Failure to Provide Necessary Medical Treatment (8th Amendment; 42 U.S.C. § 1983)**

*Against ALL Defendants Except IDOC*

57.     Corizon Defendants incorporate by reference all of their responses set forth in paragraphs 1 through 56 as though fully set forth herein.

58.     With regard to Paragraph 58 of Plaintiff's Third Amended Complaint, Corizon Defendants admit that Plaintiff was diagnosed with GID and has received appropriate care and treatment for GID within the confines of Plaintiff's cooperation.  The remainder of the allegations are denied.

59.     With regard to Paragraph 59 of Plaintiff's Third Amended Complaint, Corizon Defendants admit they are to provide appropriate care to inmates and Plaintiff under the law and the applicable standard of care.  The remainder of the allegations are denied as calling for legal conclusions.

60.     Corizon Defendants deny the allegations in Paragraph 60 of Plaintiff's Third Amended Complaint.

61.     Corizon Defendants deny the allegations in Paragraph 61 of Plaintiff's Third Amended Complaint.

62.     Corizon Defendants deny the allegations in Paragraph 62 of Plaintiff's Third Amended Complaint.

63.     Corizon Defendants deny the allegations in Paragraph 63 of Plaintiff's Third Amended Complaint.

64.     Corizon Defendants deny the allegations in Paragraph 64 of Plaintiff's Third Amended Complaint.

65.     Corizon Defendants deny the allegations in Paragraph 65 of Plaintiff's Third Amended Complaint.

66.     Corizon Defendants deny the allegations in Paragraph 66 of Plaintiff's Third Amended Complaint.

67.     Corizon Defendants deny the allegations in Paragraph 67 of Plaintiff's Third Amended Complaint.

## SECOND CLAIM FOR RELIEF

**Violation of Equal Protection – Discrimination Based on Sex (14th Amendment; 42 U.S.C. § 1983)**

*Against All Defendants Except IDOC*

68.     Corizon Defendants incorporate by reference all of their responses set forth in paragraphs 1 through 67 as though fully set forth herein.

69.     Paragraph 69 of Plaintiff's Third Amended Complaint calls for a legal conclusion and, therefore, is denied.

70.     Corizon Defendants deny the allegations in Paragraph 70 of Plaintiff's Third Amended Complaint.

71.     Corizon Defendants deny the allegations in Paragraph 71 of Plaintiff's Third Amended Complaint.

72.     Corizon Defendants deny the allegations in Paragraph 72 of Plaintiff's Third Amended Complaint.

73.     Corizon Defendants deny the allegations in Paragraph 73 of Plaintiff's Third Amended Complaint.

74.     Corizon Defendants deny the allegations in Paragraph 74 of Plaintiff's Third Amended Complaint.

75.     Corizon Defendants deny the allegations in Paragraph 75 of Plaintiff's Third Amended Complaint.

76.     Corizon Defendants deny the allegations in Paragraph 76 of Plaintiff's Third Amended Complaint.

77.     Corizon Defendants deny the allegations in Paragraph 77 of Plaintiff's Third Amended Complaint.

78.     Corizon Defendants deny the allegations in Paragraph 78 of Plaintiff's Third Amended Complaint.

79.     Corizon Defendants deny the allegations in Paragraph 79 of Plaintiff's Third Amended Complaint.

## THIRD CLAIM FOR RELIEF

**Violation of Equal Protection – Discrimination Based on Diagnosis of Gender Dysphoria (14th Amendment; U.S.C. § 1983)**

*Against All Defendants Except IDOC*

80.     Corizon Defendants incorporate by reference all of their responses set forth in paragraphs 1 through 79 as though set forth herein.

81.     With regard to Paragraph 81 of Plaintiff's Third Amended Complaint, Corizon Defendants admit that IDOC policies and procedures speak for themselves. The remainder of the allegations are denied for lack of knowledge or information because they are IDOC policies and procedures.

82.     With regard to Paragraph 82 of Plaintiff's Third Amended Complaint, Corizon Defendants admit only that they provide appropriate care and treatment of IDOC inmates and Plaintiff.  The remainder of the allegations are denied.

83.     Corizon Defendants deny the allegations in Paragraph 83 of Plaintiff's Third Amended Complaint.

84.     Corizon Defendants deny the allegations in Paragraph 84 of Plaintiff's Third Amended Complaint.

85.     Corizon Defendants deny the allegations in Paragraph 85 of Plaintiff's Third Amended Complaint.

86.     Corizon Defendants deny the allegations in Paragraph 86 of Plaintiff's Third Amended Complaint.

87.     Corizon Defendants deny the allegations in Paragraph 87 of Plaintiff's Third Amended Complaint.

88.     Corizon Defendants deny the allegations in Paragraph 88 of Plaintiff's Third Amended Complaint.

## FOURTH CLAIM FOR RELIEF

**Discrimination on Basis of Disability (Americans with Disabilities Act, 42 U.S.C. § 12101 et seq., and Section 504 of the Rehabilitation Act, 29 U.S.C. § 794a)**

*Against Defendants IDOC and Corizon*

89.     Corizon Defendants incorporate by reference all of their responses set forth in paragraphs 1 through 88 above as though fully set forth herein.

90.     Corizon Defendants deny the allegations in Paragraph 90 of Plaintiff's Third Amended Complaint.  Defendants also deny said allegations as calling for a legal conclusion.

91.     Corizon Defendants deny the allegations in Paragraph 91 of Plaintiff's Third Amended Complaint.

92.     Corizon Defendants deny the allegations in Paragraph 92 of Plaintiff's Third Amended Complaint.

93.     Paragraph 93 of Plaintiff's Third Amended Complaint relates to a defendant other than the answering defendants and, therefore, should not require a response.  To the extent a response is required, said allegations are denied as calling for a legal conclusion.

94.     Corizon Defendants deny the allegations in Paragraph 94 of Plaintiff's Third Amended Complaint.

## FIFTH CLAIM FOR RELIEF

### Violation of Affordable Care Act (42 U.S.C. § 18116)

*Against Defendants Atencio, Zmuda, and Yordy in their official capacities*

95.     Corizon Defendants incorporate by reference all of their responses set forth in paragraphs 1 through 94 above as though fully set forth herein.

96.     The allegations in Paragraph 96 of Plaintiff's Third Amended Complaint relate to defendants, other than the answering defendants, and therefore should not require a response.  To the extent a response is required, said allegations are denied for lack of knowledge and information. Said allegations also call for a legal conclusion.

97.     The allegations in Paragraph 97 of Plaintiff's Third Amended Complaint relate to defendants, other than the answering defendants, and therefore should not require a response.  To the extent a response is required, said allegations are denied for lack of knowledge and information. Said allegations also call for a legal conclusion.

98.     The allegations in Paragraph 98 of Plaintiff's Third Amended Complaint relate to defendants, other than the answering defendants, and therefore should not require a response.  To the extent a response is required, said allegations are denied for lack of knowledge and information. Said allegations also call for a legal conclusion.

99.     The allegations in Paragraph 99 of Plaintiff's Third Amended Complaint relate to defendants, other than the answering defendants, and therefore should not require a response.  To the extent a response is required, said allegations are denied for lack of knowledge and information.

100.     The allegations in Paragraph 100 of Plaintiff's Third Amended Complaint relate to defendants, other than the answering defendants, and therefore should not require a response.  To the extent a response is required, said allegations are denied for lack of knowledge and information.

## SIXTH CLAIM FOR RELIEF

### Negligence (Idaho State Law)

*Against Defendants Atencop and Zmuda, in their official capacities; Defendant Yordy in his*

*official and individual capacity; Defendant Corizon; and Defendants Custody Does*

101.    Corizon Defendants incorporate by reference all of their responses set forth in paragraphs 1 through 100 above as through fully set forth herein.

102.    Corizon Defendants deny the allegations in Paragraph 102 of Plaintiff's Third Amended Complaint.

103.    Corizon Defendants deny the allegations in Paragraph 103 of Plaintiff's Third Amended Complaint.

104.    Corizon Defendants deny the allegations in Paragraph 104 of Plaintiff's Third Amended Complaint.

105.    Corizon Defendants deny the allegations in Paragraph 105 of Plaintiff's Third Amended Complaint.

106.    Corizon Defendants deny the allegations in Paragraph 106 of Plaintiff's Third Amended Complaint.

## PRAYER FOR RELIEF

Plaintiff's prayer for relief should not require a response.  To the extent a response is required, Corizon Defendants deny that Plaintiff is entitled to any and all relief sought, including but not limited denying Plaintiff is entitled to any and all injunctive and declaratory relief, damages, costs and fees.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff is barred from maintaining this action against the Corizon Defendants because the Plaintiff's Third Amended Complaint fails to state a claim against Corizon Defendants upon which relief can be granted and should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff is barred from maintaining this action against Corizon Defendants because the Corizon Defendants at all times acted in a reasonable and prudent fashion, satisfying any duty, if any, which they owed under the rules, regulations, statutes, ordinances, customs, policies, and usages of the laws and the applicable standard of care of the State of Idaho and the United States, and no act or omission of the Corizon Defendants proximately caused Plaintiff's damages.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff is barred from maintaining this action against Corizon Defendants because the actions of the Corizon Defendants have at all times been in reliance on the policies and procedures of the IDOC, and these policies and procedures are rationally related to legitimate penological objectives.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff is barred from maintaining this action against Corizon Defendants because Plaintiff has failed to state a claim for relief under the cruel and unusual punishment clause of the Eighth Amendment of United States Constitution and has not alleged facts which demonstrate that the Corizon Defendants acted with deliberate indifference to Plaintiff's medical needs.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff is barred from maintaining this action because Plaintiff's alleged damages, if any, were proximately caused by her own actions and/or the actions of third persons or another party to this action.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff is barred from maintaining this action because Plaintiff's alleged damages, if any, were caused in whole or in part by a preexisting condition, or the progression thereof, and not by the negligence or fault of the Corizon Defendants.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff is barred from maintaining this action against the Corizon Defendants because the allegations contained in Plaintiff's Amended Complaint do not rise to the level of deprivation of rights which are protected by the United States Constitution or other federal law or any other legal provision referred to in Plaintiff's Amended Complaint.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff is barred from maintaining this action against the Corizon Defendants because Plaintiff's alleged damages, if any, were proximately caused, in whole or in part, by the superseding, intervening acts and/or omissions of the Plaintiff and/or other entities and/or persons not parties to this action, and/or other parties to this action.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff is barred from maintaining this action against the Corizon Defendants by reason of Plaintiff's failure to exhaust her administrative remedies.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's Amended Complaint fails to state a claim for relief against the Corizon

Defendants entitling Plaintiff to either punitive damages or equitable relief.  Moreover, Plaintiff's claim for punitive damages is limited by I.C. § 6-1604 and other applicable state and federal laws.

## ELEVENTH AFFIRMATIVE DEFENSE

Corizon Defendants are not liable for any injury caused by the acts or omissions of any individuals under the doctrine of respondeat superior under the 8th Amendment of the U.S. Constitution.

## TWELFTH AFFIRMATIVE DEFENSE

The acts or omissions complained of by Plaintiff did not arise as a result of, nor was there, any agreement, understanding, policy or procedure which deprived Plaintiff of any of Plaintiff's civil rights.

## THIRTEENTH AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims against the Corizon Defendants are barred by Idaho Code § 5-219(4) and/or other applicable statutes of limitations.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff failed to mitigate damages, if any.

## FIFTEENTH AFFIRMATIVE DEFENSE

Corizon Defendants deny any wrongdoing, but in the alternative, assert that the facts regarding the medical care Plaintiff received as alleged by Plaintiff would, at most, assert a claim of negligence which is insufficient to give rise to a constitutional claim under 42 U.S.C. § 1983.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff has suffered no physical injury and may not recover for any emotional injuries pursuant 42. U.S.C. § 1997(e) and other applicable federal and state law.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff has named an improper party to this action, namely Corizon, Inc.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are limited or barred by Idaho Code §§ 6-1603 and 6-1606.

## NINETEENTH AFFIRMATIVE DEFENSE

The injury complained of, if any, was a known complication of Plaintiff's condition, treatment, and/or surgery.

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by Idaho's medical malpractice act, Idaho Code Section 6-1001, *et seq.*

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's alleged injuries and/or damages, if any, were the result of Plaintiff's assumption of the risk, and Plaintiff's claims are barred thereby, in whole or in part.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Evidence may show that Plaintiff's claims are barred, in whole or in part, by release, promissory and/or equitable estoppel, waiver, unclean hands, and/or laches.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims that Corizon Defendants' alleged actions violated the equal protection clause of the Fourteenth Amendment fail because Corizon Defendants' alleged actions were reasonably related to legitimate penological interests.

## RESERVATION OF RIGHTS

Discovery has not concluded in this matter, the result of which may reveal additional defenses to Corizon Defendants.  Corizon Defendants reserve the right to amend this Answer.

## REQUEST FOR ATTORNEY FEES

In order to defend this action, Corizon Defendants have been required to retain the services of Parsons, Behle & Latimer, and are entitled to recover all attorney fees and costs incurred and related in any way or leading up to this lawsuit, pursuant to 42 U.S. § 1988, the Federal Rules of Civil Procedure, and other applicable statutes, laws and rules.

## DEMAND FOR JURY TRIAL

Corizon Defendants hereby demand a trial by jury on all issues so triable, pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, and other applicable statutes, laws and rules.

## PRAYER FOR RELIEF

WHEREFORE, Corizon Defendants pray for judgment as follows:

1.      That the Amended Complaint be dismissed with prejudice and that Plaintiff takes nothing thereby;

2.      For judgment against the Plaintiff for Corizon Defendants' costs and attorney fees incurred in the defense of this matter; and

3.      For such other and further relief as this Court may deem just and proper under the circumstances.


DATED this 15th day of March, 2019.

PARSONS BEHLE & LATIMER


By: */s/ Dylan A. Eaton*
      Dylan A. Eaton
      Counsel for Defendants Corizon Inc.,
      Scott Eliason, Murray Young, and
      Catherine Whinnery


DEFENDANTS CORIZON INC., SCOTT ELIASON, MURRAY YOUNG, AND CATHERINE WHINNERY'S
ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL - 27
4838-5363-4442v2

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 15th day of March, 2019, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Craig H. Durham
Deborah A. Ferguson
FERGUSON DURHAM, PLLC
chd@fergusondurham.com
daf@fergusondurham.com
*(Counsel for Plaintiff)*

Amy Whelan
Julie Wilensky
Alexander Chen
National Center for Lesbian Rights
awhelan@nclrights.org
jwilensky@nclrights.org
AChen@nclrights.org
*(Counsel for Plaintiff)*

Brady J. Hall
Marisa S. Crecelius
MOORE ELIA KRAFT & HALL, LLP
brady@melawfirm.net
marisa@melawfirm.net
*(Counsel for Defendants Idaho Department of Correction, Henry Atencio, Jeff Zmuda, Howard Keith Yordy, Richard Craig, and Rona Siegert)*

Lori E. Rifkin
Dan Stormer
Shaleen Shanbhag
HADSELL STORMER & RENICK, LLP
lrifkin@hadsellstormer.com
dstormer@hadsellstormer.com
sshanbhag@hadsellstormer.com
*(Counsel for Plaintiff)*

By: */s/ Dylan A. Eaton*
    Dylan A. Eaton