Lori Rifkin, Esq. (CA # 244081)
(*pro hac vice*)
HADSELL STORMER & RENICK LLP
4300 Horton Street, #15
Emeryville, CA 94608
Telephone: (415) 685-3591
Facsimile: (626) 577-7079
Email: lrifkin@hadsellstormer.com

Dan Stormer, Esq. (CA # 101967)
(*pro hac vice*)
Shaleen Shanbhag, Esq. (CA # 301047)
(*pro hac vice*)
HADSELL STORMER & RENICK LLP
128 N. Fair Oaks Avenue
Pasadena, California 91103
Telephone: (626) 585-9600
Facsimile: (626) 577-7079
Emails: dstormer@hadsellstormer.com
          sshanbhag@hadsellstormer.com

Craig Durham (ISB # 6428)
Deborah Ferguson (ISB # 5333)
FERGUSON DURHAM, PLLC
223 N. 6th Street, Suite 325
Boise, ID 83702
Telephone: 208-345-5183
Facsimile: 208-908-8663
Emails: chd@fergusondurham.com
          daf@fergusondurham.com

Amy Whelan, Esq. (CA # 215675)
(*pro hac vice*)
Julie Wilensky, Esq. (CA # 271765)
(*pro hac vice*)
NATIONAL CENTER FOR LESBIAN RIGHTS
870 Market Street, Suite 370
San Francisco, CA 94102
Telephone: 415-365-1338
Facsimile: 415-392-8442
Email: AWhelan@NCLRights.org
          jwilensky@NCLRights.org

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ADREE EDMO (a/k/a MASON EDMO),<br><br>Plaintiff,<br><br>v.<br><br>IDAHO DEPARTMENT OF CORRECTION; HENRY ATENCIO, in his official capacity; JEFF ZMUDA, in his official capacity; HOWARD KEITH YORDY, in his official and individual capacities; CORIZON, INC.; SCOTT ELIASON; MURRAY YOUNG; RICHARD CRAIG; RONA SIEGERT; CATHERINE WHINNERY; and DOES 1-15;<br><br>Defendants. | Case No.: 1:17-cv-00151-BLW<br><br>**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORTIES IN SUPPORT OF MOTION FOR INDICATIVE RULING UNDER FEDERAL RULES OF CIVIL PROCEDURE 62.1 & 60(a) AND REQUEST FOR EXPEDITED CONSIDERATION UNDER LOCAL RULE 6.1**<br><br>Complaint Filed:     April 6, 2017<br>Discovery Cut-Off:  August 31, 2019<br>Motion Cut-Off:      January 31, 2020<br>Trial Date:               None Set |

**INTRODUCTION**

On January 9, 2019, Defendants noticed their appeal of this Court's December 13, 2018, Order granting in part Plaintiff's Motion for Preliminary Injunction and directing Defendants to provide Plaintiff with gender confirmation surgery within six months. Dkt. Nos. 154, 155, 149. Defendants filed their Joint Opening Brief in the Ninth Circuit on March 6, 2019, arguing, *inter alia*, that this Court's Order must be reversed because it does not expressly include findings pursuant to the Prison Litigation Reform Act ("PLRA"), 18 U.S.C. § 3626(a)(1)(A), "that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." No. 19-35017, Dkt. No. 11-1 at 60-61.

This Court's Order satisfies the injunctive relief requirements of the PLRA. However, in an abundance of caution, Plaintiff seeks an indicative ruling from this Court under Federal Rule of Civil Procedure 62.1 that the Court would grant a motion to modify its Order pursuant to Federal Rule of Civil Procedure 60(a) to expressly find that the ordered relief is narrowly drawn, extends no further than necessary, is the least intrusive means of correcting the violation of Plaintiff's Eighth Amendment right to adequate medical treatment, and there is no evidence that granting the relief will have any adverse impact on public safety or the operation of the criminal justice system.

Because the appeal has been docketed and is pending, this Court currently lacks the authority to modify its Order. *See Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) (per curiam). However, Federal Rule of Civil Procedure 62.1 provides that "[i]f a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may. . . state . . . that it would grant the motion if the court of appeals remands for that purpose."[1] An indicative ruling from this Court under Rule 62.1 that it

---

[1] Similarly, Federal Rule of Appellate Procedure 12.1 provides that "[i]f a timely motion is made in the district court for relief that it lacks authority to grant because of an appeal that has been docketed and is pending," the court of appeals may make a limited remand to the district court

would grant a Rule 60(a) motion to modify its Order to expressly include the PLRA findings would provide a basis for the court of appeals to make a limited remand for this Court to modify its Order while retaining jurisdiction over the appeal.

I. **The Court Should Consider This Motion on an Expedited Basis Pursuant to Local Rule 6.1**

There is good cause for the Court to consider this motion on an expedited basis pursuant to Local Civil Rule 6.1 because, as this Court has already found, time is of the essence in this matter. Based on this Court's findings of urgency, the Ninth Circuit expedited its consideration of Defendants' appeal when it granted Defendants' motion for a stay of this Court's Order. *See* No. 19-3501, Dkt. No. 19 (invoking 9th Cir. Gen. Ord. 3.3(g) regarding "Urgent Cases" that involve "extraordinary circumstances" warranting "that a case be heard within a specified time period and ordered onto a specific calendar, even though the panels sitting for that calendar have already been assigned their cases."). Plaintiff's answering brief is due on April 3, 2019, Defendants' optional reply is due April 17, 2019, and the Ninth Circuit will hear oral argument on May 16, 2019. *Id*; No. 19-3501, Dkt. Notice--Oral Argument Schedule. Expedited action from this Court would "promot[e] judicial efficiency" by allowing this Court to correct an inadvertent omission in its Order without delaying resolution of the appeal. *See Mendia v. Garcia*, 874 F.3d 1118, 1122 (9th Cir. 2017).

II. **This Court May Modify Its Order Under Fed. R. Civ. P. 60(a) to Include Express Language Reflecting the Contemporaneous Intent of the Court Finding That the Injunctive Relief Ordered Satisfies the PLRA Requirements**

This Court's substantive findings in its December 13, 2018 Order make clear that the preliminary injunctive relief ordered meets the PLRA requirement that a court "shall not grant or approve any prospective relief [with respect to prison conditions] unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal

---

while retaining jurisdiction over the appeal where the district court has made an indicative ruling that it would grant the motion for relief.

right, and is the least intrusive means necessary to correct the violation of the Federal right." 18 U.S.C. § 3626(a)(1)(A). Plaintiff therefore requests that the Court use its authority under Federal Rule of Civil Procedure 60(a) to modify its Order to include an express finding to this effect. *See* Fed. R. Civ. P. 60(a) ("The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record."); *Garamendi v. Henin*, 683 F.3d 1069, 1079, 1081 (9th Cir. 2012) (observing that Rule 60(a) permits "explanations and clarifications of the district court's original intent" and correction of "a failure to memorialize part of its decision" (internal quotation marks omitted)).

  This Court's Order already contains the Court's reasoning that it fully satisfies the PLRA. The Court included the PLRA standard in the Order, and specifically ruled that the relief ordered is limited to Ms. Edmo, and the particular circumstances of her case. The Court made extensive findings reflecting its determination that gender confirmation surgery is necessary to correct the violation of Ms. Edmo's Eighth Amendment right to adequate medical treatment, and limited its order to the care necessary to obtain gender confirmation surgery as the least intrusive means to correct this violation. The Court also found that the injunction is in the public interest, and Defendants presented no evidence that the relief ordered would harm their operation of the criminal justice system. *See Norsworthy v. Beard*, 87 F. Supp. 3d 1164, 1194 (N.D. Cal. 2015); *Fields v. Smith*, 712 F. Supp. 2d 830, 869 (E.D. Wis. 2010), *supplemented* (July 9, 2010), *aff'd*, 653 F.3d 550 (7th Cir. 2011).

  Although the Court's December 13, 2018 Order meets the PLRA requirements and is well-supported by the record, Plaintiff asks the Court to make an indicative ruling under Rule 62.1 that it would grant a Rule 60(a) motion to modify its Order to specifically state that the relief afforded is narrowly drawn, extends no further than necessary to correct the violation of the federal right, is the least intrusive means necessary to correct the violation of the Federal right, and that there is no evidence that granting this relief will have any adverse impact on public safety or the operation of the criminal justice system. Such modification is appropriate under Rule 60(a) because it would not alter the substantive terms of the Order; instead, it would

include additional language that "reflect[s] the contemporaneous intent of the district court as evidenced by the record." *Garamendi*, 683 F.3d at 1080 (internal quotation marks and citation omitted).

Dated: March 28, 2019                               Respectfully Submitted,
                                                    NATIONAL CENTER FOR LESBIAN RIGHTS
                                                    FERGUSON DURHAM
                                                    HADSELL STORMER & RENICK LLP


                                                    By:   /s/ - Lori Rifkin
                                                          Lori Rifkin
                                                          Shaleen Shanbhag
                                                    Attorneys for Plaintiff

PLTF'S MEMO IN SUPP MTN FOR INDICATIVE
RULING & REQ FOR EXPEDITED CONSIDERATION    -4-

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 28th day of March, 2019, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Dylan Eaton
deaton@parsonsbehle.com

J. Kevin West
kwest@parsonsbehle.com

Attorneys for Corizon Defendants

Brady James Hall
brady@melawfirm.net

Marisa S. Crecelius
marisa@melawfirm.net

Attorney for IDOC Defendants

                                                                    /s/ - Lori Rifkin
                                                                          Lori Rifkin