UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ADREE EDMO,<br><br>　　　　Plaintiff,<br><br>v.<br><br>IDAHO DEPARTMENT OF CORRECTION, et al.,<br><br>　　　　Defendants. | Case No. 1:17-cv-00151-BLW<br><br>MEMORANDUM DECISION AND ORDER |

# INTRODUCTION

Before me is Plaintiff's Motion for Indicative Ruling Under Federal Rules of Civil Procedure 62.1 and 60(a). Dkt. 185. Plaintiff's Motion is DENIED as unnecessary given my prior Memorandum Decision and Order.

# BACKGROUND

This case is currently on appeal before the United States Court of Appeals for the Ninth Circuit. Dkts. 163, 164. Plaintiff filed a motion for an indicative ruling pursuant of Federal Rules of Civil Procedure 62.1 and 60(a), asking me to make explicit findings that:

**MEMORANDUM DECISION AND ORDER - 1**

> the injunctive relief ordered … [in the Court's prior memorandum decision and order in this case] is narrowly drawn, extends no further than necessary to correct the violation of the federal right, is the least intrusive means necessary to correct the violation of the Federal right, and that there is no evidence that granting this relief will have any adverse impact on public safety or the operation of the criminal justice system.

Dkt. 185 at 2.

## ANALYSIS

The Prison Litigation Reform Act ("PLRA"), as codified at 18 U.S.C. § 3626(a)(1), provides:

> In any civil action with respect to prison conditions, to the extent otherwise authorized by law, the court may enter a temporary restraining order or an order for preliminary injunctive relief. Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief.

Plaintiff, through her motion, asks me to make explicit findings indicating that the preliminary injunction I issued complies with the PLRA. Conversely, Defendants maintain that I cannot issue an indicative ruling because (1) my Memorandum Decision and Order has expired (Dkt. 188 at 4-5); (2) Plaintiff failed to properly sequence her motions (*id.* at 5-7); and (3) Plaintiff is not entitled to the relief she seeks under Rule 60(a) (*id.* at 7-11).

Having reviewed the arguments set forth by the Parties, I find that the proper course is to deny Plaintiff's motion, but not for any of the reasons urged by Defendants. Rather, denial is appropriate because my initial Memorandum Decision and Order (Dkt. 149) fully complies with the requirements of 18 U.S.C. § 3626(a)(1).

**MEMORANDUM DECISION AND ORDER - 2**

While I did not make explicit findings on the need-narrowness-intrusiveness requirement which parroted the language of the statute, nothing in its text suggests that the precise language in the statute must be employed in the decision. The Ninth Circuit so indicated in *Gilmore v. People of the State of California*, 220 F.3d 987, 1008 (9th Cir. 2000):

> We do not read this to mean that explicit findings must have been made, so long as the record, the court's decision ordering prospective relief, and relevant caselaw fairly disclose that the relief actually meets the § 3626(b)(2) narrow tailoring standard.[1]

*See also Armstrong v. Schwarzenegger*, 622 F.3d 1058, 1070 (9th Cir. 2010); *Pierce v. Cty. of Orange*, 761 F. Supp. 2d 915, 947 (C.D. Cal. 2011). Here, I went further than is required under the *Gilmore* standard. Rather than leave it to the appellate court to determine whether the injunction met the statute's requirements, I made explicit findings which clearly indicate that I considered and applied the narrow tailoring standard of the statute.

I began my Memorandum Decision and Order by quoting the applicable section of the PLRA in the "INJUNCTION STANDARD" section. Dkt. 149 at 31. Thus, I fully considered and made findings in accordance with the applicable provision in the PLRA. But again, I went further and made findings which addressed each requirement of the statute.

---

[1] Although § 3626(b)(2) is a different subsection of the PLRA, the need-narrowness-intrusiveness language is almost identical to § 3626(a)(1) and nothing in the *Gilmore* Court's decision suggests that its reasoning does not apply with equal force to § 3626(a)(1).

**MEMORANDUM DECISION AND ORDER - 3**

First, I carefully indicated that the preliminary injunction was narrowly drawn and would have no application outside of the case before me. I made clear that the injunction applies solely to Plaintiff, noting that "[the Court's] decision … [was] based upon, and limited to, the unique facts and circumstances presented by Ms. Edmo's case." *Id.* at 4. Thus, my decision could not have been more narrowly drawn, given that it applies solely to one person.

Second, the relief ordered extends no further than necessary to correct the constitutional injury Plaintiff is suffering. Again, I noted that my decision "was not intended, and should not be construed, as a general finding that all inmates suffering from gender dysphoria are entitled to gender confirmation surgery." *Id.*

Third, I found that gender confirmation surgery was the least intrusive, and in this case the *only* effective, method to treat Plaintiff's gender dysphoria. *Id.* at 25-29. I concluded "[i]f she is not provided with surgery, Ms. Edmo has indicated that she will try self-surgery again to deal with her extreme episodes of gender dysphoria." *Id.* at 28-29.

Finally, I gave full consideration to Defendants' repeated arguments that prison authorities were entitled to withhold gender confirmation surgery from Plaintiff because providing her with the surgery could create challenges in managing the prison system in Idaho. While I fully considered and appreciated that concern, I ultimately concluded that those considerations must give way to the Defendants' constitutional obligation to provide Plaintiff with the care mandated by the Eighth Amendment. Thus, I considered public safety and the impact on the operations of the criminal justice system in crafting the preliminary injunction in this case.

**MEMORANDUM DECISION AND ORDER - 4**

In short, in issuing my decision, I fully considered and applied the narrowing legal standards of 18 U.S.C. § 3626(a)(1). I see no need to offer an indicative ruling that would employ some talismanic language[2] which adds nothing to the clarity and certainty of my decision.

**ORDER**

**IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Indicative Ruling Under Federal Rules of Civil Procedure 62.1 and 60(a) (Dkt. 185) is **DENIED** as unnecessary.[3]

DATED: April 9, 2019

B. Lynn Winmill
U.S. District Court Judge

---

[2] I do not mean to suggest here that use of the exact words of the statute is sufficient, in and of itself, to satisfy the requirements of the PLRA. *Balla v. Idaho State Board of Corrections*, 1:81-cv-001165-BLW (D. Idaho March 20, 2019) (Dkt. 1262 at 7). Indeed, the teaching of my decisions in this case and in *Balla* is that using the exact language of the statute is neither necessary **nor** sufficient to satisfy the PLRA.

[3] I would note that if the Ninth Circuit finds that I am required to use the precise language used in the PLRA, I would have no hesitancy in following their order to do so. An amended decision including the talismanic language would be fully consistent with my intent when I issued the original Memorandum Decision and Order, and would be issued immediately upon remand if that is deemed necessary by the appellate court.

**MEMORANDUM DECISION AND ORDER - 5**