**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 30 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ADREE EDMO, AKA Mason Edmo, | No. 19-35017 |
| Plaintiff-Appellee, | D.C. No. 1:17-cv-00151-BLW<br>District of Idaho,<br>Boise |
| v. | |
| CORIZON, INC.; et al., | ORDER |
| Defendants-Appellants, | |
| and | |
| IDAHO DEPARTMENT OF CORRECTIONS; et al., | |
| Defendants. | |

| | |
|---|---|
| ADREE EDMO, AKA Mason Edmo, | No. 19-35019 |
| Plaintiff-Appellee, | D.C. No. 1:17-cv-00151-BLW |
| v. | |
| IDAHO DEPARTMENT OF CORRECTIONS; et al., | |
| Defendants-Appellants, | |
| and | |
| CORIZON, INC.; et al., | |

|  Defendants.  |
|---|

Before:  McKEOWN and GOULD, Circuit Judges, and LASNIK,[*] District Judge.

The Prison Litigation Reform Act ("PLRA") requires a district court to make any order for "[p]reliminary injunctive relief . . . final" within "90 days after its entry."  18 U.S.C. § 3626(a)(2).  If a district court does not, the "[p]reliminary injunctive relief shall automatically expire."  *Id.*; *see also Mayweathers v. Newland*, 258 F.3d 930, 936 (9th Cir. 2001); *United States v. Sec'y, Fla. Dep't of Corr.*, 778 F.3d 1223, 1228–29 (11th Cir. 2015).  Defendants-Appellants contend that the district court's December 13, 2018 injunction automatically expired under this PLRA provision and, for that reason, the appeal is moot.

We order a limited remand to the district court to address two issues relevant to mootness.  *See Friery v. L.A. Unified Sch. Dist.*, 448 F.3d 1146, 1150 (9th Cir. 2006) (limited remand appropriate to determine issues relevant to jurisdiction); *Ciarpaglini v. Norwood*, 817 F.3d 541, 548 (7th Cir. 2016) (limited remand appropriate to determine issues relevant to mootness).

**1.** The district court granted injunctive relief to Plaintiff-Appellee Adree Edmo on December 13, 2018.  Defendants then appealed and moved the district court to

---

[*] The Honorable Robert S. Lasnik, United States District Judge for the Western District of Washington, sitting by designation.

stay the injunction pending appeal. The district court denied Defendants' motion on March 4, 2019—nine days before a preliminary injunction would have expired under the PLRA. On remand, the district court shall clarify whether its order denying Defendants' motion for a stay pending appeal was meant to renew the injunction. *See Mayweathers*, 258 F.3d at 936 (holding that district courts may renew preliminary injunctions under the PLRA while an appeal is pending). If the district court's order was not meant to renew the injunction, the district court has the authority under this limited remand to consider whether to reissue the injunction.

**2.** The district court stated that it was granting Edmo's Motion for Preliminary Injunction. *See Edmo v. Idaho Dep't of Corr.*, 358 F. Supp. 3d 1103, 1110, 1129 (D. Idaho 2018). It also stated that the parties effectively "treated the evidentiary hearing as a final trial on the merits" and concluded that Edmo "satisfies both elements of the deliberate indifference test," *id.* at 1110, and is "entitled to relief" under a permanent injunction standard, *see id.* at 1122 n.1. The district court, at the beginning and conclusion of the evidentiary hearing, questioned whether it should apply a permanent injunction standard and asked the parties to address the question. But "[n]either party addressed the [district court's] concern." *Id.*

On remand, the district court shall clarify whether, as part of its ruling on Edmo's motion for preliminary injunction, the district court also granted

3

permanent injunctive relief. The district court shall also clarify whether it concluded that Edmo actually succeeded on the merits of her Eighth Amendment claim for permanent injunctive relief.

\* \* \*

The district court is requested to promptly render its decision. Once the district court does so, the parties shall promptly notify the Clerk's Office and indicate that "the cause will be resubmitted to this panel for review and final disposition." *Miller v. United Food & Commercial Workers Union, Local 498, AFL-CIO*, 708 F.2d 467, 468 (9th Cir. 1983). This panel retains jurisdiction pending the limited remand. No party need file a new notice of appeal. *See Mujica v. AirScan Inc.*, 771 F.3d 580, 589–90 (9th Cir. 2014). The injunction will remain stayed pending limited remand.

The panel retains jurisdiction over this appeal, so no mandate shall issue as a consequence of this order.

**REMANDED.**