UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ADREE EDMO,<br><br>    Plaintiff,<br><br>v.<br><br>IDAHO DEPARTMENT OF<br>CORRECTION, et al.,<br><br>    Defendants. | Case No. 1:17-cv-00151-BLW<br><br>**ORDER** |

## INTRODUCTION

The United States Court of Appeals for the Ninth Circuit has remanded this case and asked the Court to address three limited issues. First, the Court is asked to "clarify whether its order denying Defendants' motion for a stay pending appeal was meant to renew the injunction." Second, the Court must "clarify whether, as part of its ruling on Edmo's motion for preliminary injunction, the district court also granted permanent injunctive relief." Third, the Court is asked to "clarify whether it concluded that Edmo actually succeeded on the merits of her Eighth Amendment claim for permanent injunctive relief."

## ANALYSIS

Beginning with the first issue, the Court's order denying Defendants' request for a stay did not renew the injunction. Dkt. 175. The issue of whether the injunction should be renewed was not presented in the parties' briefing (Dkts. 156, 168, 174), and the

ORDER - 1

Court's decision was limited to the question of whether a stay should be issued.[1] Dkt. 175.

Nevertheless, the Court expressly denied the stay because of the significant risk that Ms. Edmo will make a third attempt at self-castration if she is not provided with gender confirmation surgery in the very near future. *Id*. at 2 ("*Given that Ms. Edmo made increasing progress on her first two self-surgery attempts, it is likely that Ms. Edmo will be successful if she attempts self-surgery again*.") (emphasis in original). The Court has found that the treatment employed by Defendants has been ineffective, leaving gender confirmation surgery as the sole remaining option. *Edmo v. Idaho Dep't of Correction,* 358 F. Supp. 3d 1103, 1118-20 (D. Idaho 2018). By denying Ms. Edmo gender confirmation surgery, Defendants continue to subject her to cruel and unusual punishment that is contrary to the Eighth Amendment. *Id.* at 1129. The Court's intent in denying the stay was to secure a quick end to Defendants' constitutionally deficient care. That same intent informs the Court's decision today to reissue the preliminary injunction in accordance with the Prison Litigation Reform Act.[2] *See* 18 U.S.C. § 3626.

---

[1] To be sure, if the plaintiff had so requested, the Court would have renewed the injunction as part of its decision denying Defendants' request for a stay.

[2] In doing so, the Court notes that its original injunction complied with the Prison Litigation Reform Act's requirement that the Court consider and make certain factual findings regarding the scope of the injunction. *See* Dkt. 193. The Court reincorporates all those findings in today's decision. In an abundance of caution, the Court will again find that its injunction is "narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." 18 U.S.C. § 3626(a)(1). The Court has given "substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the relief." *Id.*

**ORDER - 2**

The Ninth Circuit has also asked the Court to clarify whether as part of its decision granting Ms. Edmo's motion for preliminary injunction it also intended to grant permanent injunctive relief. That was the Court's intention.

At the outset of the evidentiary hearing on Ms. Edmo's motion for preliminary injunction and at the hearing's close, the Court asked the parties to address whether the permanent or preliminary injunctive standard applied. Dkts. 137, 139. Both parties failed to do so. Lacking any guidance from the parties, the Court issued its decision using the standard for a preliminary injunction in light of the looming threat to Ms. Edmo's health and in accordance with Federal Rule of Civil Procedure 1. *See Edmo*, 358 F. Supp. 3d at 1110, 1122 (citing *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 22 (2008)). In doing so, however, the Court explicitly "conclude[d] that under either [the preliminary mandatory or permanent injunction] standard Ms. Edmo is entitled to relief." *Id.* at 1122, n.1. Thus, the Court will reiterate its prior finding: Ms. Edmo is entitled to gender confirmation surgery under the permanent injunction standard.

Finally, the Ninth Circuit asks the Court to "clarify whether it concluded that Edmo actually succeeded on the merits of her Eighth Amendment claim for permanent injunctive relief." Simply stated, that was the Court's conclusion.

Because the Court's original decision granted Ms. Edmo a permanent injunction, she necessarily succeeded on the merits of her Eighth Amendment claim. The parties in this case "effectively converted … the evidentiary hearing into the final trial on the merits." *Edmo*, 358 F. Supp. 3d at 1122, n.1. During the hearing, the Court repeatedly informed counsel that there did not appear to be any meaningful distinction between a

ORDER - 3

preliminary and permanent injunction in this case. Defendants, who now object to viewing the evidentiary hearing as a full trial on the merits, said nothing. *See* Dkts. 137, 138, 139. Additionally, in the lead up to the three-day long hearing, the parties conducted extensive discovery. During the hearing itself, they submitted, without any limitation or restriction, all evidence and briefing they wanted the Court to consider. Both sides put on extensive expert and lay testimony that was indistinguishable from the testimony that would have been received during a full trial. And, finally, the Court employed post-hearing procedures that are usually reserved for full trials including: (1) having the parties submit proposed findings of fact and conclusions of law; (2) expediting the hearing transcript so the parties could have the full record before them in drafting their findings of fact and conclusions of law; and (3) inviting the parties to submit testimony via affidavit from any witnesses who were not available to testify at the hearing. In short, Defendants were afforded a full opportunity to show that Ms. Edmo was receiving constitutionally compliant care. They failed. Ms. Edmo succeeded in showing that the care she is receiving from Defendants is cruel and unusual punishment under the Eighth Amendment.

## ORDER

**IT IS HEREBY ORDERED:**

1. The preliminary mandatory relief set forth in the Court's decision at Docket No. 149 is RENEWED.
2. The Court clarifies that as part of its ruling on the motion for preliminary injunction, it also granted permanent injunctive relief.

3. The Court further clarifies that it concluded, and expressly incorporated into its final decision, that Plaintiff succeeded on the merits of her Eighth Amendment claim for permanent injunctive relief.

DATED: May 31, 2019

B. Lynn Winmill
U.S. District Court Judge