UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ADREE EDMO,<br><br>    Plaintiff,<br><br>    v.<br><br>IDAHO DEPARTMENT OF CORRECTION; HENRY ATENCIO; JEFF ZMUDA; HOWARD KEITH YORDY; CORIZON, INC.; SCOTT ELIASON; MURRAY YOUNG; RICHARD CRAIG; RONA SIEGERT; CATHERINE WHINNERY; AND DOES 1-15,<br><br>    Defendants. | Case No. 1:17-cv-00151-BLW<br><br>**ORDER DENYING DEFENDANTS' EXPEDITED MOTION TO STAY** |

## INTRODUCTION

Pending before the Court is Defendants' expedited motion to stay this

Court's order of October 24, 2019, pending appeal to the United States Court of

**ORDER DENYING DEFENDANTS' EXPEDITED MOTION TO STAY – 1**

Appeals for the Ninth Circuit. (Expedited Motion to Stay, Dkt. 228; Notice of Appeal, Dkt. 227.) The Court's order requires Defendants to provide all pre-surgical treatments and related corollary appointments or consultations necessary for the Plaintiff to undergo gender confirmation surgery. (*See* Dkt. 225 ("Presurgical Order").)

After careful consideration of the motion, the parties' arguments, the procedural and factual record, and relevant law, the Court will deny the expedited motion to stay. However, the Court will defer setting a deadline for Plaintiff to receive her first hair removal treatment to allow the Court to hold a limited hearing for purposes outlined below.

## BACKGROUND

On December 13, 2018, the Court issued a decision concluding that by refusing to provide Plaintiff gender confirmation surgery to treat her severe gender dysphoria, Defendants violated the Eighth Amendment to the Constitution of the United States of America. The Court granted Plaintiff's motion for injunctive relief, and ordered Defendants to "take all actions reasonably necessary to provide Ms. Edmo gender confirmation surgery as promptly as possible and no later than six months from the date" of the order. (Dkt. 149 at 45 ("2018 Order"). Defendants appealed the decision, and moved the Court to stay the injunction pending resolution of the appeal. (Dkt. 154; Dkt

**ORDER DENYING DEFENDANTS' EXPEDITED MOTION TO STAY – 2**

156.) Although the Court denied the motion to stay, a Ninth Circuit motions panel granted a stay pending appeal. (Dkt. 182.) Later, Plaintiff filed a motion to modify the appellate stay to exempt a previously scheduled presurgical appointment with the surgeon chosen by Defendants to perform the gender confirmation surgery, Dr. Geoffrey Stiller. The panel granted the motion, and the presurgical appointment took place on April 12, 2019. (Dkt. 187.)

Dr. Stiller's medical assessment record from the presurgical appointment included notes that are pertinent to Defendants' motion. (Exhibit A to Defendants' Memorandum in Support of the Expedited Motion to Stay, Dkt. 228-2 at 12.) Dr. Stiller noted that he discussed the pros and cons of two gender confirmation surgery techniques—penile inversion vaginoplasty and colovaginoplasty. *Id.* The notes include that Dr. Stiller discussed with Plaintiff the fact that hair removal was "needed" for the penile inversion technique. *Id.* Dr. Stiller noted also that, should Plaintiff proceed with the colovaginoplasty technique, "the first stage can be completed with hair removal" followed by the surgery six (6) months later. *Id.*

On August 23, 2019, the Ninth Circuit affirmed the 2018 Order, holding Defendants violated Plaintiff's Eighth Amendment right to adequate and necessary medical treatment of her severe gender dysphoria by denying gender confirmation surgery. (Dkt. 209.) Defendants filed a petition for rehearing *en*

**ORDER DENYING DEFENDANTS' EXPEDITED MOTION TO STAY – 3**

*banc,* which as of the date of this order is pending.

Subsequently, Plaintiff filed a motion requesting the Ninth Circuit partially lift its stay of the 2018 Order to enable her to receive all necessary presurgical treatments. In support of the motion, Plaintiff submitted a letter from Dr. Stiller wherein he provided an estimation that completion of all presurgical treatments and prerequisites would take at least six months. The Ninth Circuit granted Plaintiff's motion for partial lifting of the stay. (Dkt. 220.) The court found that, as the proponents of the stay, Defendants failed to show irreparable harm was probable "with respect to the limited nature of Plaintiff's request." *Id.* at 2. The court found also that Defendants failed to meet their burden to show a substantial case on the merits or that the balance of the hardships tipped sharply in their favor. *Id.* at 2. Accordingly, the Ninth Circuit partially lifted the appellate stay of the 2018 injunction "so that Plaintiff may receive all presurgical treatments and related corollary appointments or consultations necessary for gender confirmation surgery." *Id.*

In light of the partial lifting, the Court held a status conference with counsel for the parties. (Dkt. 222.) During the conference, counsel for Defendant Corizon suggested, for the first time, that his client was confused or uncertain regarding the specific presurgical requirements and the type of gender confirmation surgery required by the 2018 Order and the Ninth Circuit's August

**ORDER DENYING DEFENDANTS' EXPEDITED MOTION TO STAY – 4**

2019 decision. Given Defendants' contentions, the Court ordered Plaintiff to file a submission detailing the presurgical requirements indicated by the performing surgeon, Dr. Stiller.

Plaintiff filed the submission on October 22, 2019. (Dkt. 224.) According to the submission, three presurgical requirements remain outstanding: (1) a physician referral letter, (2) laser treatment or electrolysis of the surgical area, and (3) documentation of approval for payment. *Id.* With the presurgical requirements clarified, the Court issued the Presurgical Order, which requires Defendants to take steps to ensure the three remaining presurgical requirements are completed in a timely manner. To this end, the Court required Defendants to schedule and ensure that Plaintiff's first hair removal treatment take place on or before November 8, 2019.

The Court held a second status conference with Counsel for the parties on October 30, 2019. (Dkt. 230.) The purpose of the status conference was to obtain an update from Defendants on their progress in complying with the Presurgical Order. Counsel for Defendants noted Plaintiff's first hair removal treatment had been scheduled for November 7, 2019. Defendants filed the present motion and notice of appeal on October 31, 2019. (Dkt. 227, 228.) Plaintiff filed a response to the motion November 5, 2019. (Dkt. 235.) The following day, the Court vacated the November 8, 2019 hair removal treatment

**ORDER DENYING DEFENDANTS' EXPEDITED MOTION TO STAY – 5**

deadline to allow careful and full consideration of Defendants' expedited motion to stay. (Dkt. 239.) The Court will now discuss the merits of the motion.

## STANDARD OF LAW

Federal Rule of Civil Procedure 62(d) provides that, when "an appeal is pending from an interlocutory order or final judgment that grants … an injunction," a "court may suspend, modify, or restore an injunction on …. terms that secure the opposing party's rights." Pertinent to the present motion, a court may stay, i.e. "hold an order in abeyance pending [its] review." *Nken v. Holder*, 556 U.S. 418, 427 (2009).

The traditional standard used to determine whether a stay of an order should issue pending appeal of the order requires a court to consider four factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Id.* (internal citations omitted). The party requesting the stay bears the burden of showing it is warranted under the circumstances. *Id.* at 433-34. The first two factors are considered "the most critical" to a court's determination. *Id.* at 434. Ultimately, however, a stay is "an exercise of judicial discretion" where the propriety "of its issue is dependent upon the circumstances of the particular

**ORDER DENYING DEFENDANTS' EXPEDITED MOTION TO STAY – 6**

case." *Id.*

## ANALYSIS

The recent procedural history of this case bears on the Court's analysis of the propriety of a stay of the Presurgical Order. Defendants' motion comes on the heels of a decision from the Ninth Circuit to partially lift the appellate court stay of the 2018 Order. In issuing the order, the Ninth Circuit found "Defendants, as the proponents of the stay," did not show "that irreparable harm is probable with respect to the limited nature of Plaintiff's request" and also did not show "that they have both a substantial case on the merits and the balance of hardships tips sharply in their favor." (Dkt. 220 at 2 (citing *Leiva-Perez v. Holder*, 640 F.3d 962, 970 (9th Cir. 2011) (per curiam) (internal citations omitted)).

Defendants now ask this Court to reconsider the factors and arguments fully considered by the Ninth Circuit. Furthermore, Defendants' motion involves, as its subject, the same core issue presented to the circuit—the performance of presurgical treatments pending conclusion of appellate review. Defendants' motion viewed in the best light invites the Court to engage in a circular exercise; in the worst light it suggests an attempt to relitigate decided issues and to delay provision of the presurgical treatments ordered by the Ninth Circuit.

**ORDER DENYING DEFENDANTS' EXPEDITED MOTION TO STAY – 7**

While gravely concerned that the Defendants' filings are for the purpose of delay and do not reflect any real misunderstanding of the Court's prior decision, the Court will not preclude the Defendants from presenting, on an expedited basis, their belated argument that other gender confirmation surgery techniques would cure the constitutional violation at issue in this case. The Court will discuss that issue in the context of the factors it must consider when deciding whether to issue a stay pending appeal.

**1.    Defendants have not shown a strong likelihood of success on appeal.**

Defendants argue they have a strong likelihood of success on appeal of Presurgical Order for three reasons: (1) the Court lacked jurisdiction to issue the order; (2) the Court "materially modified" the 2018 injunction without affording Defendants an opportunity to be heard; and (3) the order is overbroad under the PLRA and contrary to the Eighth Amendment.

In response, Plaintiff asserts the Presurgical Order is not appealable because it is not a modification of the 2018 injunction. In the alternative, Plaintiff argues that even if the order did modify the injunction, Defendants do not have a case for relief because the appeal does not present any serious legal questions for the Ninth Circuit's interlocutory determination.

**A.    The Court had jurisdiction to issue the Presurgical Order.**

Defendants first contend this Court did not have jurisdiction to issue the

**ORDER DENYING DEFENDANTS' EXPEDITED MOTION TO STAY – 8**

Presurgical Order because the order itself materially modified the December 2018 injunction. In support of this contention, Defendants assert the Presurgical Order affects two core questions within their original appeal. The first, whether the injunction was overbroad under the PLRA because the Court failed to define the terms "gender confirmation surgery" and "adequate medical care." (Dkt. 228-1 at 4.) The second, whether the injunction was overbroad, premature, or intrusive "given the lack of evidence" that Plaintiff had the requisite letter of referral from mental health practitioners to be a candidate for gender confirmation surgery.

The Court finds Defendants' argument that it lacked jurisdiction to issue the Presurgical Order completely unpersuasive. First, the Ninth Circuit partially lifted the stay of the Court's 2018 Order and injunction. The express reason for partial lifting of the stay was to allow Plaintiff to receive all necessary presurgical treatments, consultations, and corollary appointments. The Ninth Circuit made this ruling after considering arguments substantially similar to the arguments Defendants make in the present motion. Importantly, Federal Rule of Civil Procedure 62(d) permits the Court discretion to "modify, restore, or grant an injunction" on "terms that secure" the rights of the party opposing appeal of an interlocutory order or final judgment regarding an injunction. Fed. R. Civ. P. 62(d). Therefore, the Court both had jurisdiction and the authority to issue the

**ORDER DENYING DEFENDANTS' EXPEDITED MOTION TO STAY – 9**

Presurgical Order.

## B. Defendants had ample opportunity to be heard.

Defendants argue that the Presurgical Order violated their due process rights because the Court invited only Plaintiff to submit evidence regarding pre-requisites to surgery. This characterization is completely inaccurate and unfounded.

Defendants have been on notice since at least March of 2019 regarding the presurgical requirements for a gender confirmation surgery. (March 1, 2019 Letter, Dkt. 224-1 at 16-17, Ex. 2.) Defense counsel detailed the following in a March 1, 2019 letter to Plaintiff's counsel:

> Corizon advises that Dr. Stiller's typical requirements prior to performing GRS include:
>
> - A referral from treating physician
> - 2 mental health care provider referrals
> - Hormone treatment and counseling for at least 1 year
> - Laser treatment or electrolysis for lower region
> - Initial consult
> - Approval for payment

*Id.* at 17.

Yet, Defendants assert in their motion that colovaginoplasty does not require hair removal. Defendants provide scant evidence[1] in support of this

---

[1] The only evidence supplied to support Defendants' contention that hair removal is not medically necessary as a part of the colovagioplasty gender confirmation surgery technique, is subject to a hearsay-based motion to strike statements contained in the Declaration of April Dawson, regional Medical Director for Corizon. (*See* Dkt. 228-2 at 4-5.)

**ORDER DENYING DEFENDANTS' EXPEDITED MOTION TO STAY – 10**

assertion. However, in addition to the letter cited immediately above, there is other evidence in the record that raises questions about Defendants' contention. For example, Defendants include as Exhibit A to their memorandum in support of the motion for expedited stay, an assessment report completed by Dr. Stiller after the April 2019 presurgical consultation with Plaintiff. (Dkt. 228-2 at 12.) Dr. Stiller's notes state that the first step to the colovaginoplasty technique would be hair removal treatments starting six months prior to surgery. *Id.*

Additionally, the presurgical requirements for gender confirmation surgery were presented to the Ninth Circuit when Plaintiff filed her motion for partial lifting of the stay. (*See* Plaintiff-Appellant's Motion for Partial Lifting of Stay, USCA Case No. 19-35019.) Defendants submitted a response brief to the motion that called into question the provision of the hair removal treatments. After consideration of Defendants' arguments against partially lifting the stay, the Ninth Circuit nevertheless granted Plaintiff's motion. The Ninth Circuit determined that Defendants had failed to carry their burden to show that irreparable harm is probable if the presurgical treatments are completed – including hair removal. That is the law of the case. *See United States v. Alexander*, 106 F.3d 874, 876–77 (9th Cir. 1997) ("Under the 'law of the case' doctrine, a court is generally precluded from reconsidering an issue that has already been decided by the same court, or a higher court in the identical case."

**ORDER DENYING DEFENDANTS' EXPEDITED MOTION TO STAY – 11**

(internal quotations and citations omitted)).

Despite this background, as detailed above, during the telephonic conference with the parties on October 17, 2019, Defense counsel indicated their clients do not have proper guidance either from this Court or the Ninth Circuit as to what presurgical requirements are required for gender confirmation surgery. Provided Defendants' contention, the Court directed Plaintiff's counsel to file a submission detailing the presurgical requirements that remain to be completed according to the performing surgeon, Dr. Stiller. Notably, these were essentially the same presurgical requirements Defense counsel detailed in the letter of March 1, 2019.

Finally, during the telephonic status conference, the Court stated that it intended to give full effect to the Ninth Circuit's order partially lifting the stay, but also acknowledged Defendants' right to file a motion raising argument to challenge the presurgical requirements—which is exactly what Defendants have done. The Court is presently considering Defendants' arguments in context. Thus, given Defendants' prior opportunities to raise the issue regarding the necessity of hair removal prior to the available gender confirmation surgery techniques, and the Court's consideration of the contention within this order, the assertion that they have not had the opportunity to be heard on this issue is completely unsupported.

**ORDER DENYING DEFENDANTS' EXPEDITED MOTION TO STAY – 12**

### C. Notable PLRA and Eighth Amendment considerations.

Finally, Defendants assert they are likely to prevail on the merits of their appeal of the Presurgical Order because it is overbroad under the PLRA and contrary to the Eighth Amendment. To this end, Defendants argue the Eighth Amendment does not provide a right to a specific treatment or to the best possible care. Relatedly, Defendants note the PLRA mandates that Defendants correct a constitutional violation and that any correction must be made by the least intrusive means necessary. *See* 18 U.S.C. § 3626(a)(1)(A).

It is true that differences in judgment between inmate and prison medical personnel regarding appropriate medical treatment are not enough to establish a deliberate indifference claim under the Eighth Amendment. *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir.1989). However, when there are choices between alternative treatments, a prisoner can successfully challenge a chosen treatment if there is evidence it is "medically unacceptable under the circumstances" and is chosen "in conscious disregard of an excessive risk" to the inmate's heath. *Toguchi v. Chung*, 391 F.3d 1051, 1058 (9th Cir. 2004) (alternation and quotations omitted). However, those principles must be applied in the context of the Court's determination that the Defendants were deliberately indifferent to Ms. Edmo's Eighth Amendment rights by failing to provide her with gender confirmation surgery which would treat her gender dysphoria. Simply put, the

**ORDER DENYING DEFENDANTS' EXPEDITED MOTION TO STAY – 13**

surgery provided must address Ms. Edmo's medical condition. Nothing less will satisfy the requirements of the Eighth Amendment.

Defendants claim there are three gender confirmation treatments that may cure the constitutional violation in this case: (1) penile inversion vaginoplasty, (2) colovaginoplasty, or (3) a zero-depth genital removal procedure. Defendants argue that "[t]hese are very different and distinct surgeries, and there is … no evidence in the record to establish which is medically necessary or required to reverse a constitutional violation." (Dkt. 228-1 at 7.)

The Court is frustrated that this issue was not raised during the evidentiary hearing in this matter conducted a year ago, and has not been presented to the Court until, almost literally, the eleventh hour. Nevertheless, the Court will provide the Defendants with the opportunity to raise the issue, but on a very expedited basis.

Additionally, Defendants assert that the Presurgical Order modified the injunction in violation of the PLRA by requiring Defendants to "doctor shop" for physicians to provide the referrals necessary for Ms. Edmo to obtain gender confirmation surgery. They assert that the order exceeds also the bounds of an inmate's constitutional protections under the Eighth Amendment because an inmate, Ms. Edmo in this case, is not entitled to choose her medical provider.

This argument is circular and nonsensical. If the medical providers at the

**ORDER DENYING DEFENDANTS' EXPEDITED MOTION TO STAY – 14**

prison will not, or cannot provide a referral necessary for an inmate to obtain medically necessary treatment, and the denial of such treatment deprives the inmate of rights secured by the Eighth Amendment, prison officials have an affirmative duty to refer the inmate to medical professionals who will, and can provide the necessary referral letters. In this case, the Court has determined, and the Ninth Circuit has affirmed that, denial of gender confirmation surgery violates Plaintiff's Eighth Amendment right to receive medically necessary treatment. It necessarily follows that to cure the violation, Defendants must refer Ms. Edmo to physicians who will provide the requisite referral letters. Notably, Defendants have had full opportunity to raise and argue this issue to the Ninth Circuit.

**2.     Defendants have not met their burden to show irreparably injury absent a stay.**

In granting Plaintiff's motion to partially lift the stay, the Ninth Circuit considered arguments from Defendants substantially similar, if not identical, to the arguments made in the present motion to stay. The Ninth Circuit's finding that Defendants' had not carried their burden to show "irreparable harm is probable" given "the limited nature of Plaintiff's request" is the law of the case. *See United States v. Alexander*, 106 F.3d 874, 876-77 (9th Cir. 1997).

**3.     The potential for harm to Plaintiff is ongoing, therefore a stay is disfavored.**

**ORDER DENYING DEFENDANTS' EXPEDITED MOTION TO STAY – 15**

Defendants contend Plaintiff does not need to receive hair removal treatment before undergoing a colovaginoplasty. (Dkt. 228-1 at 14.) However, as stated above, Defendants provide no persuasive medical authority for this assertion. Defendants also assert Plaintiff "has failed to present any evidence that hair removal surgery is necessary before undergoing the zero depth procedure." This line of argument highlights the reason a limited evidentiary hearing on these issues is necessary. However, it is not only necessary to determine whether hair removal is medically necessary to the various surgical techniques, but which surgical technique or techniques will be gender confirming for Plaintiff.

Finally, Defendants assert "[t]here is little to no risk of self-castration" during a stay "because Ms. Edmo is committed to preserving her male anatomy for use in a future surgery." (Dkt. 228-1 at 10, citing Evidentiary Hearing Transcript, October 11, 2018, Vol., 2, pp. 199-200, 218, ll. 2-14.) This argument is belied by the Court's findings of fact and conclusions of law made in the 2018 Order after considering this same testimony within the context of all of the facts then before the Court. In that order the Court found that, "Ms. Edmo's gender dysphoria results in clinically significant distress or impairment of functioning." (Dkt. 149 at 42.) As of the date of this order, Ms. Edmo has not received adequate treatment for her gender dysphoria.

**ORDER DENYING DEFENDANTS' EXPEDITED MOTION TO STAY – 16**

**4.     Public interest disfavors a stay.**

As stated in the Court's 2018 Order, "the public has a strong interest in the provision of constitutionally adequate health care to prisoners." *McNearney v. Wash. Dep't of Corr.*, 2012 WL 3545267, at *16 (W.D. Wash. 2012). Furthermore, the public's interest is served by ensuring that court orders and judgments are carried out. As has been stated throughout, the Ninth Circuit partially lifted the stay of this Court's 2018 Order and injunction "so that Plaintiff may receive all presurgical treatments and related corollary appointments or consultations necessary for gender confirmation surgery." (Dkt. 220 at 2.) The Court therefore finds the public has an interest in orders of the courts of the United States being carried out, even if some may disagree with the outcome.

## CONCLUSION

Provided the foregoing, the Court will deny Defendants' expedited motion to stay the Presurgical Order pending appeal. However, the Court has already extended the time to begin the pre-surgical procedures to provide the Defendants with an opportunity to present to the Court its argument that it should be allowed to provide Ms. Edmo with colovaginoplasty or zero-depth genital removal as a means of discharging their obligations under the Eighth Amendment.  The Court will hold a limited hearing on the following discrete

**ORDER DENYING DEFENDANTS' EXPEDITED MOTION TO STAY – 17**

issues:

1. Whether colovaginoplasty would treat Ms. Edmo's serious medical need for gender confirmation surgery.

2. Whether hair removal treatment, or any other pre-surgical treatment is necessary for a medically successful outcome of a colovaginoplasty surgery.

3. Whether a zero-depth genital removal procedure would treat Ms. Edmo's serious medical need for gender confirmation surgery.

4. Whether hair removal treatment is necessary for a medically successful outcome of the zero-depth procedure.

The Court will issue a ruling on the hearsay objections subject to Plaintiff's Motion to Strike (Dkt. 236) in advance of the hearing.

## ORDER

**IT IS ORDERED that**

1. Defendants' Expedited Motion to Stay (Dkt. 228) is **DENIED**.

2. The deadline for scheduling and completion of the first hair removal appointment will remain vacated pending the Court's decision following the hearing described above.

3. Defendants may file a motion requesting that the Court consider alternative means of remedying their established violation of the Plaintiff's Eighth Amendment rights. Such a motion must be filed, along with any briefs, affidavits, or other evidentiary materials they wish to submit, by **November 15, 2019.** Plaintiffs shall respond with any briefs,

**ORDER DENYING DEFENDANTS' EXPEDITED MOTION TO STAY – 18**

affidavits, or other evidentiary materials they wish to submit by **November 20, 2019.** A hearing on Defendants' motion will be conducted on **November 21, 2019, at 9:00 a.m.**

DATED: November 8, 2019

B. Lynn Winmill
U.S. District Court Judge

**ORDER DENYING DEFENDANTS' EXPEDITED MOTION TO STAY – 19**