| | FILED |
|---|---|
| UNITED STATES COURT OF APPEALS | |
| FOR THE NINTH CIRCUIT | NOV 20 2019 |
| | MOLLY C. DWYER, CLERK<br>U.S. COURT OF APPEALS |

| | |
|---|---|
| ADREE EDMO, AKA Mason Edmo, | No.   19-35917 |
| Plaintiff-Appellee, | D.C. No. 1:17-cv-00151-BLW<br>District of Idaho,<br>Boise |
| v. | |
| CORIZON, INC.; et al., | ORDER |
| Defendants-Appellants. | |
| and | |
| IDAHO DEPARTMENT OF CORRECTIONS; et al., | |
| Defendant-Appellants. | |

Before: McKEOWN and GOULD, Circuit Judges, and LASNIK,[*] District Judge.

We lack jurisdiction to consider this appeal. It is the general rule that we do not have jurisdiction over appeals of non-final judgments by a district court. *See Carson v. American Brands, Inc.*, 450 U.S. 79, 83 (9th Cir. 1981); 28 U.S.C. § 1291. An exception to the final-judgment rule exists for interlocutory appeals of orders "granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions." 28 U.S.C. § 1292(a)(1). But here the

---

[*] The Honorable Robert S. Lasnik, United States District Judge for the Western District of Washington, sitting by designation.

record establishes that the challenged district court order (D. Ct. Dkt. No. 225) did not modify the December 13, 2018 permanent injunction. Instead, the transcript of the October 17, 2019 status conference shows that the district court filed the order as clarification in response to Defendant-Appellants' requests for "proper direction and guidance" on the scope of the existing injunction. A clarification of an existing injunction that does not substantially alter the legal relations of the parties but "merely interprets" the injunction does not constitute a modification of that injunction. *Cunningham v. David Special Commitment Center*, 158 F.3d 1035, 1037 (9th Cir. 1998). Here, the district court is applying the injunction consistent with this court's partial lift of the stay of that injunction "so that Plaintiff may receive all presurgical treatments and related corollary appointments or consultations necessary for gender confirmation surgery." (Case No. 19-35017 Dkt. No. 104, at 2.) Accordingly, we lack jurisdiction to consider this interlocutory appeal.

This appeal is DISMISSED.[1]

---

[1] Defendant-Appellants argue in their Response to Plaintiff-Appellee's Motion to Dismiss Appeal for Lack of Jurisdiction and Reply in Support of Emergency Motion for Stay, filed November 19, 2019 (Dkt. No. 9, at 2), that any jurisdictional challenges can be addressed at a later date, and Defendant-Appellants suggested they wanted to file more briefing on jurisdiction within ten days or an earlier date if ordered. However, under *Steel Co. v. Citizens for a Better Environment*, we will not assume jurisdiction and address the merits. 523 U.S. 83, 94–95, 101 (1998). The Defendant-Appellants themselves have filed an emergency motion suggesting that a ruling was needed before Thursday, November 21, when the district court

Case 1:17-cv-00151-BLW Document 257 Filed 11/20/19 Page 3 of 3

---

had scheduled a hearing; the time-frame for response by Defendant-Appellants was made necessary by their emergency motion. Defendant-Appellants of course will be able to file a motion for reconsideration or motion for reconsideration en banc of this order under the normal Ninth Circuit rules if they think it appropriate.