| | |
|---|---|
| J. Kevin West (ISB No. 3337) | LAWRENCE G. WASDEN |
| KWest@parsonsbehle.com | ATTORNEY GENERAL |
| Dylan A. Eaton (ISB No. 7686) | STATE OF IDAHO |
| DEaton@parsonsbehle.com | |
| Bryce Jensen (ISB #10324) | Brady J. Hall (ISB No. 7873) |
| bjensen@parsonsbehle.com | Special Deputy Attorney General |
| Parsons, Behle & Latimer | brady@melawfirm.net |
| 800 W. Main Street, Suite 1300 | Moore Elia Kraft & Hall, LLP |
| Boise, Idaho 83702 | Post Office Box 6756 |
| Telephone: (208) 562-4900 | Boise, Idaho 83707 |
| Facsimile: (208) 562-4901 | Telephone: (208) 336-6900 |
| *(Counsel for Defendants Corizon Inc., Scott Eliason, Murray Young, and Catherine Whinnery)* | Facsimile: (208) 336-7031 |
| | *(Counsel for Defendants Idaho Department of Correction, Henry Atencio, Jeff Zmuda, Howard Keith Yordy, Al Ramirez, Richard Craig, and Rona Siegert)* |

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ADREE EDMO, | CIVIL ACTION FILE |
| Plaintiff, | NO. 1:17-cv-151-BLW |
| v. | **MEMORANDUM IN SUPPORT OF DEFENDANTS' JOINT MOTION TO STAY** |
| IDAHO DEPARTMENT OF CORRECTION; HENRY ATENCIO, in his official capacity; JEFF ZMUDA, in his official capacity; HOWARD KEITH YORDY, in his official and individual capacities; CORIZON, INC.; SCOTT ELIASON; MURRAY YOUNG; RICHARD CRAIG; RONA SIEGERT; CATHERINE WHINNERY; AND DOES 1-15; | |
| Defendants. | |

COME NOW, Defendants, Corizon Inc., Scott Eliason, Murray Young, and Catherine

Whinnery, by and through their counsel of record, Parsons Behle & Latimer, and the Idaho

Department of Correction, Henry Atencio, Jeff Zmuda, Howard Keith Yordy, Richard Craig, and Rona Siegert, by and through their counsel of record, Moore Elia Kraft & Hall, LLP (collectively referred to as "Defendants"), hereby file this Memorandum in Support of their Motion to Stay.

## I.   INTRODUCTION[1]

The Court should exercise its discretion and stay this litigation pending the resolution of Defendants' forthcoming appeal to the Supreme Court. Ms. Edmo will not suffer any harm if the Court issues a stay because the Court has already adjudicated Ms. Edmo's claims for injunctive relief. Moreover, a stay will further judicial economy because the resolution of the issues on appeal will simplify and clarify the remaining litigation in this Court. Thus, this Court should follow its inclination at the February 21, 2020 status conference in this case to "grant a request for stay." Decl. of D. Eaton in Support Defendants' Joint Motion to Stay ("Eaton Decl."), Ex. A at 13:22–23.

Per the Court's request, the parties did meet and confer on February 27, 2020 to discuss if they could agree to stay the underlying litigation pending disposition by the Supreme Court of Defendants' forthcoming petition for certiorari.[2] Eaton Decl. ¶ 4. While the parties appear to agree that most of the underlying litigation should be stayed, they did not come to an agreement because Ms. Edmo's counsel will not agree to stay the depositions of five individual defendants. *Id.* ¶ 5. Yet, there is **no** evidence or basis that the reasons contemplated by the court for allowing very limited depositions while the remainder of the discovery and litigation is stayed – age of the

---

[1] Defendants previously filed a motion to stay the litigation in this matter for two reasons: 1) the court lacked jurisdiction based on Defendants' pending appeal in the Ninth Circuit, and 2) a stay would promote judicial economy. Dkt. 214-1 at 2–9. This Court now has jurisdiction because the Ninth Circuit issued the mandate. However, if the Supreme Court grants the Petition for Certiorari, Defendants reserve the right to argue that the Court lacks jurisdiction over the issues inextricably intertwined with the issues raised in the petition.

[2] By Defendants' calculation, the Petition for Certiorari is due May 11, 2020.

MEMORANDUM IN SUPPORT OF DEFENDANTS' JOINT MOTION TO STAY - 2
4829-7701-6758v3

witness or concern the witness is leaving the country and inability to be deposed at a later time – are present. See *Id.*, Ex. A, 13:22 - 14:7. Thus, because there is no urgent need to depose these individuals, the Court should stay the litigation.

## II.     BACKGROUND AND PROCEDURAL POSTURE

This case is in a unique and complex procedural posture. In the operative complaint, Ms. Edmo listed six claims for relief: 1) failure to provide necessary medical treatment under the Eighth Amendment; 2) discrimination based on sex in violation of the Fourteenth Amendment; 3) discrimination based on diagnosis of gender dysphoria in violation of the Fourteenth Amendment; 4) discrimination based on diagnosis of gender dysphoria in violation of the Americans with Disabilities Act ("ADA"); 5) discrimination based on sex in violation of the Affordable Care Act ("ACA"); and 6) negligence under Idaho state law. (Third Amended Complaint, Dkt. 172 at 14-22). Each of these claims is primarily based on Ms. Edmo's allegation that Defendants have failed to provide medically-necessary treatment for her gender dysphoria. (*Id.* ¶¶ 61, 70, 83-84, 91, 99, and 102).

Ms. Edmo filed a Motion for Preliminary Injunction, arguing that she was likely to succeed on her Eighth Amendment claim, her Fourteenth Amendment claim based on sex discrimination, and her ACA claim. (Dkt. 62 at 10-16). Asserting that Defendants failed to provide appropriate medical treatment for Ms. Edmo's gender dysphoria ("GD"), Ms. Edmo requested that the Court enter an injunction ordering Defendants to provide necessary medical treatment for her GD, including gender confirmation surgery ("GCS") and access to gender-appropriate items. (*Id.* at 20).

Eventually, the Court partially granted and partially denied Ms. Edmo's request for an injunction. (Dkt. 149 at 45). The Court held that Defendants had not provided Ms. Edmo with necessary medical treatment, in violation of the Eighth Amendment. (*Id.* at 41). Consequently, the

Court ordered Defendants "to provide Plaintiff with adequate medical care, including gender confirmation surgery."(*Id.* at 45). However, the Court denied Ms. Edmo's request for an injunction based on her Fourteenth Amendment and ACA claims. (*Id.* at 44-45). In addition, the Court denied as moot Ms. Edmo's request related to accessing gender-appropriate items. (*Id.* at 45). While Ms. Edmo's motion was pending, the Idaho Department of Correction had implemented a new gender dysphoria policy, which unrelatedly mooted the relief Ms. Edmo had requested from the Court. (*Id.*). Defendants appealed the Court's Order, and the Ninth Circuit stayed the injunction. Meanwhile, believing that the Court had entered only a preliminary injunction and that the Court's findings did not have any preclusive effect, the parties continued to litigate Ms. Edmo's claims.

On appeal, a three-judge panel of the Ninth Circuit affirmed in part and vacated in part the injunction. The panel held that the Court did not err in determining that Ms. Edmo was not provided necessary medical treatment and that Ms. Edmo had succeed on the merits of her Eighth Amendment claim against Dr. Eliason. *Edmo v. Corizon, Inc.*, No. 19-35017, 2019 WL 3978329, at *20-30 (9th Cir. Aug. 23, 2019). However, the panel concluded that Ms. Edmo had "not established the liability" of Defendants Yordy, Siegert, Dr. Young, Dr. Craig, and Dr. Whinnery. *Id.* at 32. In addition, the court remanded with instructions to exclude Corizon from the injunction. *Id.* According to the panel, the Court had properly converted the hearing to a final trial on the merits of Ms. Edmo's claims for injunctive relief, and Defendants "waived [their] right to a jury trial with respect to issues common to Edmo's request for an injunction ordering GCS and her legal claims" by failing to object. *Id.* at 35.

Defendants filed a Petition for Rehearing En Banc. *Edmo v. Corizon, Inc.*, Nos. 19-35017 and 19-35019, Dkt. 99. Defendants contend that converting the hearing to a final trial on the merits violated their rights to a jury trial and that the Court failed to provide the requisite clear and

unambiguous notice. *Id.* at 3-12. In addition, Defendants argue that the treatment they provided to Ms. Edmo was medically acceptable. *Id.* at 12-19.

While that petition was pending, Defendants filed a motion to stay the litigation in this Court. Dkt. 214. Defendants argued that a stay was appropriate for two reasons: 1) the court lacked jurisdiction based on Defendants' pending appeal in the Ninth Circuit, and 2) a stay would promote judicial economy. Dkt. 214-1 at 2–9. The Ninth Circuit subsequently denied the petition for rehearing en banc, Dkt. 263, and issued the mandate, returning jurisdiction to this Court, Dkt. 266.[3] As a result, this Court dismissed Defendants' motion to stay as moot. Dkt. 264 at 2. However, Defendants intend to file a petition for writ of certiorari with the Supreme Court. Thus, Defendants renew their motion to stay because staying this litigation will promote judicial economy.

### III.   ARGUMENT

The Court should issue a stay of this case pending resolution of Defendants' appeal to the Supreme Court. Staying this litigation will not cause any harm to Ms. Edmo and will promote judicial economy.

#### A.   The Court Should Exercise Its Discretion and Issue a Stay.

"A district court has discretionary power to stay proceedings in its own court." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005). In deciding whether to stay litigation pending appeal, the district court must weigh "the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and

---

[3] If the Supreme Court grants the petition for certiorari, Defendants contend this court would lack jurisdiction over the issues inextricably intertwined with the issues raised in the petition. Defendants reserve the right to raise that argument in a subsequent motion if the Supreme Court grants the petition.

MEMORANDUM IN SUPPORT OF DEFENDANTS' JOINT MOTION TO STAY - 5
4829-7701-6758v3

questions of law which could be expected to result from a stay."[4] *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). In this case, Ms. Edmo will not suffer any harm if the Court issues a stay and a stay would promote the orderly course of justice. Thus, the Court should grant a stay.

Ms. Edmo will not be harmed by a stay. When a plaintiff seeks only damages, "[d]elay of [plaintiff]'s suit would result, at worst, in a delay in [plaintiff's] monetary recovery, with possible (though by no means certain) loss of prejudgment interest." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005). In contrast, if a plaintiff "seeks injunctive relief against ongoing and future harm," then the plaintiff will suffer damage from a stay. *Id.* at 1112. Here, a stay would not delay any injunctive relief. The Court has already granted Ms. Edmo injunctive relief by ordering Defendants to provide Ms. Edmo with gender confirmation surgery and Defendants are in the process of carrying out the Court's order. In addition, the Court found that Ms. Edmo's other claims for injunctive relief were effectively moot because IDOC's new gender dysphoria policy provided Ms. Edmo the relief she was seeking. Consequently, the only harm Ms. Edmo might possibly suffer is a delay in any monetary recovery. That type of harm is not sufficient to defeat a request for a stay. *Id.*

Importantly, a stay will promote the orderly course of justice. A stay will promote the orderly course of justice if it will simplify "issues, proof, and questions of law." *CMAX*, 300 F.2d at 268. "Considerations of judicial economy are highly relevant in determining whether the orderly course of justice weighs in favor of a stay." *Apple Inc. v. Samsung Elecs. Co.*, No. 11-CV-01846-LHK, 2016 WL 9021536, at *2 (N.D. Cal. Mar. 22, 2016) (quotation marks and alteration omitted). In particular, a stay is appropriate if the court would be "forced to address the . . . claims in

---

[4] "The likelihood of success on the merits [on appeal] is not an independent factor." *Kuang v. United States Dep't of Def.*, No. 18-CV-03698-JST, 2019 WL 1597495, at *6 (N.D. Cal. Apr. 15, 2019).

piecemeal fashion [because it] may have to wait until the issue on appeal is resolved before deciding the final relief, if any." *Manriquez v. DeVos*, No. 17-CV-07210-SK, 2018 WL 5316174, at *3 (N.D. Cal. Aug. 30, 2018). Further, a stay is appropriate if the "discovery issues that remain might be different if the Court addresses the case as a whole rather than only addressing in part." *Id.* Consequently, a stay is appropriate when "an interlocutory appeal contains issues that may dispose of the case or significantly reshape the merits" even if the appeal does not involve all of the plaintiff's claims. *Kuang v. United States Dep't of Def.*, No. 18-CV-03698-JST, 2019 WL 1597495, at *6 (N.D. Cal. Apr. 15, 2019).

These factors all apply in favor of granting a stay in this case. The ultimate resolution of Defendants' appeal will determine whether the Court properly converted the hearing to a trial on the merits and, consequently, which of Ms. Edmo's claims remain to be adjudicated. Thus, a stay will allow the court to avoid addressing Ms. Edmo's claims in a piecemeal fashion. In addition, because it is uncertain which of Ms. Edmo's claims are still left to be adjudicated, the scope of permissible discovery is also uncertain. Moreover, the ultimate resolution of Defendants' appeal will also significantly reshape the merits of Ms. Edmo's claims because the appeal involves issues that are common to all of Ms. Edmo's claims, primarily the propriety of her treatment.

Ms. Edmo seems to agree that the Court should grant a stay but requests that the Court create a carveout to allow Ms. Edmo to take the depositions of five specific individuals. As the Court noted in the February 21, 2020 status conference, the Court should stay any depositions unless a party wishing to take a deposition can show the witnesses may not be available in the future "because of their age" or "their intention to leave the country or to otherwise – become very difficult to subpoena and depose at another time." Eaton Decl., Ex. A at 13:22–14:11. There is no indication or basis that any of these issues are present. Rather, Ms. Edmo has only expressed

<u>general</u> concerns that the memory of these witnesses may fade. But general concerns about the possibility of fading memory should not dissuade the Court from granting a temporary stay.

Other courts have granted stays under similar circumstances. "Given that the potential risk of lost evidence is the sole purported harm from a stay, this factor weighs only slightly against a stay." *Arris Enterprises LLC v. Sony Corp.*, No. 17-CV-02669-BLF, 2017 WL 3283937, at *3 (N.D. Cal. Aug. 1, 2017).

> Any determination from the [the Supreme Court], one way or the other, will go far in streamlining the case. If the [Supreme Court] overturns this Court's ruling, the landscape of this case will be altered dramatically and the ruling will significantly modify the course of this litigation. If the [Supreme Court] upholds the injunction, that too will streamline the case as the 'central issues' will have been largely resolved in [Plaintiff]'s favor and against the defendants . . . . When the Court weighs these considerations against ***potential*** loss of memory or evidence -- the ***only*** prejudice raised by [Plaintiff] -- a stay is warranted.

*Herbalife Int'l of Am. Inc. v. Ford*, No. CV072529GAFFMOX, 2008 WL 11491587, at *2 (C.D. Cal. Mar. 12, 2008) (emphasis in original). The Court should similarly grant a stay in this case. Additionally, Ms. Edmo has waived the right to assert an argument that she needs to depose the remaining individual defendants at this time. Ms. Edmo had a full and complete opportunity to depose these individuals – all of whom are named Defendants – in the summer of 2018 when this Court allowed approximately four months of discovery leading up to the hearing on Ms. Edmo's request for injunctive relief. Ms. Edmo made no attempt then to take these individual Defendants' depositions. Pushing forward with litigation without receiving the final word regarding Defendants' appeal to the U.S. Supreme Court will unnecessarily increase litigation costs for the parties, and waste judicial resources. It will also create confusion, potential multiple depositions of the same witness, and be unfair because it would allow one party to conduct discovery while the other cannot. In addition, a stay will not harm Ms. Edmo. Thus, the Court should grant a stay of the underlying litigation and related discovery in this case on all of Plaintiff's claims.

## IV. CONCLUSION

The Court should exercise its discretion and grant Defendants' Motion to Stay the underlying litigation and discovery in its entirety in this case pending disposition by the U.S. Supreme Court on Defendants' forthcoming Petition for Writ of Certiorari. A stay will promote judicial economy, avoid confusion, and will not harm Ms. Edmo.

DATED this 2nd day of March, 2020.

        PARSONS BEHLE & LATIMER

        By: */s/ Dylan A. Eaton*
            Dylan A. Eaton
            Counsel for Defendants Corizon Inc.,
            Scott Eliason, Murray Young, and
            Catherine Whinnery

DATED this 2nd day of March, 2020.

        MOORE ELIA KRAFT & HALL, LLP

        By: */s/ Brady J. Hall*
            Brady J. Hall
            Counsel for Defendants Idaho Department of
            Correction, Henry Atencio, Jeff Zmuda, Howard
            Keith Yordy, Richard Craig, and Rona Siegert

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 2nd day of March, 2020, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Craig H. Durham
Deborah A. Ferguson
FERGUSON DURHAM, PLLC
chd@fergusondurham.com
daf@fergusondurham.com
*(Counsel for Plaintiff)*

Amy Whelan
Julie Wilensky
National Center for Lesbian Rights
awhelan@nclrights.org
jwilensky@nclrights.org
*(Counsel for Plaintiff)*

Brady J. Hall
MOORE ELIA KRAFT & HALL, LLP
brady@melawfirm.net
*(Counsel for Defendants Idaho Department of Correction, Henry Atencio, Jeff Zmuda, Howard Keith Yordy, Richard Craig, and Rona Siegert)*

Dan Stormer
Shaleen Shanbhag
HADSELL STORMER & RENICK, LLP
lrifkin@hadsellstormer.com
dstormer@hadsellstormer.com
sshanbhag@hadsellstormer.com
*(Counsel for Plaintiff)*

Lori E. Rifkin
RIFKIN LAW OFFICE
lrifkin@rifkinlawoffice.com
*(Counsel for Plaintiff)*

By: */s/ Dylan A. Eaton*
    Dylan A. Eaton