UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ADREE EDMO,<br><br>    Plaintiff,<br><br>    v.<br><br>IDAHO DEPARTMENT OF CORRECTION; HENRY ATENCIO; JEFF ZMUDA; HOWARD KEITH YORDY; CORIZON, INC.; SCOTT ELIASON; MURRAY YOUNG; RICHARD CRAIG; RONA SIEGERT; CATHERINE WHINNERY; AND DOES 1-15,<br><br>    Defendants. | Case No. 1:17-cv-00151-BLW<br><br>**ORDER GRANTING DEFENDANTS' JOINT MOTION TO STAY** |

# INTRODUCTION

Pending before the Court is Defendants' Joint Motion to Stay this litigation pending the resolution of Defendants' appeal to the Supreme Court of the United States of America. Dkt. 272. Plaintiff does not oppose the stay, but requests the stay include limited exceptions necessary to preserve critical evidence. Dkt. 274 at 2. After careful consideration, the Court will exercise its discretion to issue a stay.

**ORDER GRANTING DEFENDANTS' JOINT MOTION TO STAY – 1**

## STANDARD OF LAW

"A district court has discretionary power to stay proceedings in its own court." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005). In deciding whether issue a stay of litigation pending appeal, the Court must weigh "the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay."4 *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962).

## DISCUSSION

As set forth above, the parties agree to a stay of this litigation pending resolution of Defendants' appeal to the Supreme Court. Plaintiff, however, argues that a balancing of the hardships inquiry requires that the stay order include allowance for "target discovery" and an evidence retention order. Dkt. 274 at 4. Specifically, that the order:

> 1) permit Plaintiff to depose three individual Defendants and one key witness who have moved to other correctional systems or retired; 2) require Defendants to provide Plaintiff ongoing access to her custody and medical records; and 3) ensure preservation of relevant documentary and electronic evidence regardless of Defendants' default retention practices.

*Id.* at 2.

Since the inception of this lawsuit, three defendants and one key witness

**ORDER GRANTING DEFENDANTS' JOINT MOTION TO STAY – 2**

have either moved out of the state of Idaho, or retired from IDOC or Corizon. Dkt. 223-1. Plaintiff's claims include allegations that the three defendants "were personally involved in violating her rights, and so their testimony is particularly important to her claims." Dkt. 274 at 7. Plaintiff asserts that, because deponents have either changed jobs or retired, the potential for their memories of the events and circumstances surrounding the claims to fade is high. Plaintiff argues an order allowing for these depositions during the pendency of Defendants' appeal to the Supreme Court is necessary to preserve critical evidence. Additionally, Plaintiff asserts that there is a danger some evidence, in the form of electronically stored information, may be destroyed during the pendency of the appeal due to Defendants' document retention policies.

Defendants oppose Plaintiff's request to perform the depositions during a stay, asserting Plaintiff has failed to show she will be harmed by the Court granting a stay in full. Dkt. 272 at 6–10; Dkt. 275 at 3. In reply, Defendants also cite the ongoing COVID-19 pandemic as reason for the Court to deny Plaintiff's request to conduct these four depositions. Dkt. 275 at 3. According to Defendants, one of the individuals to be deposed lives in Salt Lake City, and also spends some time in Ketchum, Idaho. *Id.* Defendants' counsel also points to the factor that Plaintiff's lead counsel works in San Francisco, California, a location where residents are currently under stay in place orders. *Id.* Defendants

**ORDER GRANTING DEFENDANTS' JOINT MOTION TO STAY – 3**

assert that, "deposing these witnesses would require out of state travel and could endanger the health of counsel, the witnesses, and the public." *Id.*

First, the Court will require Defendants to retain all evidence that is discoverable under the broad scope of Federal Rule of Civil Procedure 26(b)(1). Any document retention policy that would ordinarily result in the Defendants' destruction or deletion of such evidence must be suspended until the conclusion of this lawsuit.

Second, the Court will require Defendants to continue to allow Plaintiff ongoing access to her custodial and medical records—as the case is ongoing, so is the need for Plaintiff's access to relevant records.

Third, the Court will order this matter stayed without allowance for the four depositions Plaintiff seeks to take during the pendency of the appeal. Plaintiff argues that, because the four deponents have either changed employment and moved out of state or retired, there is somehow greater risk than usual that they will forget information. However, a change in a deponent's personal life, absent potential for the deponent to abscond to another country, to die, or to lose the ability to remember due to a disability or generative disease, carries no greater risk of loss of evidence than that encompassed in the ordinary case of the passage of time. *See Herbalife Int'l of Am. Inc. v. Ford*, 2008 WL 11491587, at *2 (C.D. Cal. Mar. 12, 2008).

**ORDER GRANTING DEFENDANTS' JOINT MOTION TO STAY – 4**

Plaintiff relies in part on *Clinton v. Jones* to support her argument that the delay in taking the depositions will result in prejudice due to potential loss of evidence. 520 U.S. 681, 707–08 (1997). In *Jones*, the appellate court found, and the Supreme Court later affirmed, that it was an abuse of the trial court's discretion to issue a stay of the trial until the conclusion of President William Jefferson Clinton's presidency. *Id.* The Supreme Court's decision on the issue was published in May 1997. President Clinton's second term of office expired in January 2001—nearly four years later. Here, Defendants have already submitted the issue to the Supreme Court for consideration. The Court and the parties will know whether the Supreme Court takes up the appeal within months, or even weeks, of this order. As such, the delay at issue is not analogous. Further, as noted by Defendants, the COVID-19 pandemic and resultant stay-at-home orders would currently prevent Plaintiff's counsel from performing any in-person depositions at this time, and would potentially prevent deponents from being available to appear – even by way of video deposition.

Additionally, in weighing the possibility of prejudice resulting from a stay issued without ongoing discovery, the Court notes that the primary and most pressing claim in this matter has been adjudicated by this Court. *See Order of Dec. 13, 2018*, Dkt. 149. Finally, the stay order will not apply to or impact the Court's enforcement of its October 2019 presurgical order. *See Presurgical*

**ORDER GRANTING DEFENDANTS' JOINT MOTION TO STAY – 5**

*Order*, Dkt. 225. As the Court detailed in discussions with counsel during the February 26, 2020 status conference, the presurgical order stands. *See* Dkt. 271-3 at 19–20. Defendants must continue to comply with the order by providing all necessary presurgical treatments while the Supreme Court considers whether to take up the appeal.

## ORDER

**IT IS ORDERED THAT**

1. Defendants' Motion to Stay (Dkt. 272) is **GRANTED**.

2. Defendants must preserve all relevant evidence, including electronically stored information subject to routine document retention removal practices, during the duration of this case.

3. Defendants must continue to provide Plaintiff with presurgical treatment consistent with the Court's October 2019 presurgical order.[1]

DATED: April 17, 2020

B. Lynn Winmill
U.S. District Court Judge

---

[1] To this end, the Court notes Defendants' status update of April 6, 2020 regarding unavoidable delays to some presurgical treatment due to COVID-19 closures. As soon as the closures are no longer in effect, the necessarily delayed presurgical treatment must immediately recommence.

**ORDER GRANTING DEFENDANTS' JOINT MOTION TO STAY – 6**