IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ADREE EDMO,<br><br>       Plaintiff,<br><br>v.<br><br>IDAHO DEPARTMENT OF CORRECTION; HENRY ATENCIO, in his official capacity; JEFF ZMUDA, in his official capacity; AL RAMIREZ, in his official capacity; HOWARD KEITH YORDY, in his official and individual capacities; CORIZON, INC.; SCOTT ELIASON; MURRAY YOUNG; RICHARD CRAIG; RONA SIEGERT; CATHERINE WHINNERY; AND DOES 1-15;<br><br>       Defendants. | NO. 1:17-cv-151-BLW<br><br>**ORDER GRANTING STIPULATION RE: DISMISSAL OF MEDICAL DEFENDANTS AND CLAIMS** |

Based upon the parties' *Stipulation Re: Dismissal of Parties and Claims* filed

with the Court on September 23, 2021, Dkt. 311, a review of the file and good cause

having been shown for granting of the stipulation,

IT IS HEREBY ORDERED that:

1. The Parties' Stipulation Re: Dismissal of Parties and Claims is Granted in its entirety. Accordingly,

   a. Corizon, LLC is substituted for Defendant Corizon, Inc. in this case as the proper corporate party defendant.

   b. Any and all of Plaintiff's claims for damages relief, including but not limited to general, special and punitive damages relief, against Dr. Eliason and Corizon, LLC, in the Third Amended Complaint (Dkt. 172) and in this case are dismissed in their entirety. Plaintiff maintains her remaining Eighth Amendment claim (Third Amended Complaint, Dkt. 172, Claim 1, Failure to Provide Medical Treatment (8th Amendment)) solely for purposes of pursuing attorneys' fees and costs and defendants reserve all rights and defenses thereto.

   c. Pursuant to Ninth Circuit Court of Appeal panel's August 23, 2019 Opinion in this case, any and all of Plaintiff's claims, including but not limited to all damages and injunctive relief claims, against Defendants Murray Young, M.D. and Catherine Whinnery, M.D., are dismissed with prejudice.

   d. Hence, based on the aforementioned stipulation of the parties and the record before the court, all of Plaintiff's claims for damages relief asserted against any and all Defendants, including in the Third

Amended Complaint (Dkt. 172), are dismissed and the sole remaining claim to be decided by this Court in this case is Plaintiff's claim for attorneys' fees and costs, including attorneys' fees on appeal, as may be allowed under applicable rules and laws.

e. The time requirements of Idaho L. Civ. R. 54.2(b) are modified to permit Plaintiff to file her motion for attorneys' fees and costs, and Bill of Costs (hereinafter "motion for fees and costs"), within 30 days from the date of this order, regardless of whether said motion is filed within 14 days of any entry of judgment or order of dismissal pursuant to Fed. R. Civ. P. 41(a). Additionally, Defendants may file their response to Plaintiff's motion for fees and costs within 30 days after said motion is filed. Any reply brief may be filed within 21 days from when Defendants file their response to Plaintiff's motions for fees and costs.

DATED: October 12, 2021

B. Lynn Winmill
U.S. District Court Judge