Lori Rifkin, Esq. (CA # 244081)
(*pro hac vice*)
Rifkin Law Office
2855 Telegraph Avenue, Suite 517
Berkeley, CA 94705
Telephone: (510) 414-4132
Email: lrifkin@rifkinlawoffice.com

Dan Stormer, Esq. (CA # 101967)
(*pro hac vice*)
Shaleen Shanbhag, Esq. (CA # 301047)
(*pro hac vice*)
HADSELL STORMER & RENICK LLP
128 N. Fair Oaks Avenue
Pasadena, California 91103
Telephone: (626) 585-9600
Facsimile: (626) 577-7079
Emails: dstormer@hadsellstormer.com
             sshanbhag@hadsellstormer.com

Craig Durham (ISB # 6428)
Deborah Ferguson (ISB # 5333)
FERGUSON DURHAM, PLLC
223 N. 6th Street, Suite 325
Boise, ID 83702
Telephone: (208) 345-5183
Facsimile: (208) 908-8663
Emails: chd@fergusondurham.com
             DAF@fergusondurham.com

Amy Whelan, Esq. (CA # 215675)
(*pro hac vice*)
Julie Wilensky, Esq. (CA # 271765)
(*pro hac vice*)
National Center for Lesbian Rights
870 Market Street, Suite 370
San Francisco, CA 94102
Telephone: (415) 365-1338
Facsimile: (415) 392-8442
Email: AWhelan@NCLRights.org
             jwilensky@nclrights.org

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ADREE EDMO (a/k/a MASON EDMO),<br><br>Plaintiff,<br><br>v.<br><br>IDAHO DEPARTMENT OF CORRECTION; HENRY ATENCIO, in his official capacity; JEFF ZMUDA, in his official capacity; HOWARD KEITH YORDY, in his official and individual capacities; CORIZON, INC.; SCOTT ELIASON; MURRAY YOUNG; RICHARD CRAIG; RONA SIEGERT; CATHERINE WHINNERY; and DOES 1-15;<br><br>Defendants. | Case No.: 1:17-cv-00151-BLW<br><br>**DECLARATION OF KATHLEEN R. HARTNETT IN SUPPORT OF PLAINTIFF'S MOTION FOR REASONABLE ATTORNEYS' FEES AND EXPENSES** |

I, Kathleen R. Hartnett, hereby declare and state:

## RELEVANT BACKGROUND AND EXPERIENCE

1.  I am an attorney representing the Plaintiff in the proceedings before the United States Supreme Court arising from this action. I am a litigation partner in the San Francisco office of the law firm of Cooley LLP, which I joined in 2020 after 3.5 years of partnership at Boies Schiller Flexner LLP. Prior to that, I served as Deputy Assistant Attorney General in the United States Department of Justice's Civil Division from 2013–2015, where I oversaw the Federal Programs Branch in high-profile civil litigation, as well as Special Assistant to the President and Associate White House Counsel from 2010–2013. Before my government service, I was an attorney in private practice, including at my own firm, Spiva & Hartnett LLP, from 2006–2010, where I litigated a variety of cases at the trial and appellate level, and at Jenner & Block LLP from 2003–2006, where I focused on Supreme Court and appellate litigation.

2.  My work at all stages of my career has involved cases before the United States Supreme Court as well as numerous federal and state appellate courts, as well as civil rights-related work, both in private practice and while in government. Since returning to private practice from government in 2016, in addition to my work on this matter, I recently served as counsel of record in a case before the United States Supreme Court on petition for a writ of *certiorari* (in which we successfully obtained denial of the petition) and have submitted several *amicus* briefs in merits cases before the United States Supreme Court. I also am currently or recently have been counsel of record in appellate matters before the United States Courts of Appeals for the Second and Ninth Circuits, and am actively participating in several other appellate matters. While at the Department of Justice, I regularly contributed to appellate and Supreme Court litigation of matters handled by the Federal Programs Branch that I supervised, and my work at the White House likewise involved

complex and high-profile appellate issues. At my own firm, I argued a Fifth Circuit appeal, submitted Supreme Court petitions and *amicus* briefs, and otherwise was involved with several appellate matters. And as an associate at Jenner & Block, I contributed to numerous Supreme Court and appellate matters at the merits stage and as an *amicus* and argued before the D.C. Court of Appeals.

3. In addition to my experience representing the federal government in high-profile civil rights litigation spanning a wide range of topics from 2010–2015, my work in private practice both before and after my government service has involved civil rights and other constitutional challenges, including: on behalf of transgender students seeking to participate in school sports in the face of state bans, against unlawful federal government executive actions (including Executive Orders and regulations), and on behalf of death row inmates, a D.C. prisoner, a sexual assault victim, and immigrants seeking relief from removal and detention.

4. I received my bachelor's degree *magna cum laude* from Harvard College in 1996. I received my law degree *magna cum laude* from Harvard Law School in 2000, where I served as an editor and Treasurer of the *Harvard Law Review*.

5. Following law school, I served as a law clerk for the Honorable Merrick Garland of the United States Court of Appeals for the District of Columbia Circuit and then for the Honorable John Paul Stevens of the United States Supreme Court.[1]

6. I am a member of the bar of the Supreme Court of the United States, the bars of the United States Courts of Appeals for the Second, Fourth, Fifth, Ninth, Tenth, Eleventh, Federal, and District of Columbia Circuits, all of the United States District Courts located in California, the United States District Court for the District of Columbia, the bars of the States of New York and

---

[1] My online biography has additional details on my background and experience: https://www.cooley.com/people/kathleen-hartnett.

California, and the District of Columbia bar.

7.  I am familiar with the legal fees and expenses charged in civil litigation in federal courts throughout the country. Given my work in the specialized areas of appellate and Supreme Court practice, I am particularly familiar with the hourly rates commonly charged by lawyers with experience similar to mine working in national law firms in markets such as San Francisco and Washington, D.C.

**SUMMARY OF MY FIRM'S ROLE IN THE LITIGATION AND RESULTS OBTAINED**

8.  Cooley was retained by Plaintiff as Supreme Court counsel after Defendants filed a petition for writ of *certiorari* seeking review of the Ninth Circuit's opinion in this case and, at the same time, applied to the Supreme Court for an emergency stay of the injunction affirmed by the Ninth Circuit. The Cooley team consisted primarily of three attorneys—myself, Elizabeth B. Prelogar, and Barrett J. Anderson—along with other attorneys and various professional staff supporting the team. Plaintiff's counsel decided to retain us for this stage of the litigation because of our extensive experience litigating appellate issues in the Supreme Court.[2]

9.  As counsel for Plaintiff in the Supreme Court, Cooley's responsibilities included reviewing the opposition to the application for a stay pending resolution of the petition, preparing and filing a brief in opposition to the petition, and preparing and filing a response to Defendants' suggestion of mootness. The following paragraphs provide further detail regarding Cooley's work at the Supreme Court stage of the litigation.

10. Cooley worked in concert with the Rifkin Law Office; the National Center for

---

[2] Ms. Prelogar has been nominated to be the Solicitor General of the United States and thus no longer has a firm-hosted biography, but an announcement of her nomination that includes a public biography may be viewed at: https://www.whitehouse.gov/briefing-room/statements-releases/2021/08/11/president-biden-nominates-elizabeth-prelogar-for-solicitor-general/.
Mr. Anderson's biography may be found at: https://www.cooley.com/people/barrett-anderson.

Lesbian Rights; Hadsell, Stormer, Renick & Dai LLP; Ferguson Durham, PLLC; Jenner & Block LLP; and the MacArthur Justice Center. The participation and collaboration of each of these groups was critical to the preparation of filings of the highest quality and in the compressed timelines described below. As the first case to reach the Supreme Court from a lower court decision concluding that gender confirmation surgery and related care was medically necessary for a serious medical need of an incarcerated transgender person under the Eighth Amendment deliberate indifference standard, it was critical that all arguments were made as thoroughly and effectively as possible to the Supreme Court and that all counter-arguments were thoroughly considered and rebutted. Co-counsel helped ensure that our arguments were consistent with the history of the case, our client's specific interests, and the broader interests and ramifications for incarcerated people generally.

11. Immediately after Cooley was retained on May 11, 2020, Ms. Prelogar consulted with Plaintiff's then-existing legal team regarding Plaintiff's opposition to Defendants' stay application, which was due only seven days later on May 18. The injunction that Defendants sought to stay provided our client with a medically necessary procedure and post-operative care to treat her ongoing and extreme suffering and medical needs; a stay of that injunction would have caused untold further suffering for our client. The Supreme Court denied the application to stay.

12. Next, the Cooley team took primary responsibility for researching and drafting the brief in opposition to the petition. Defendants identified what they asserted was a split in the federal circuit courts, argued that the Ninth Circuit's decision was inconsistent with Supreme Court precedent, and contended that the issue was one of national importance requiring the Court's review. Given the variety and scope of issues involved, the brief in opposition required a substantial amount of research and drafting by the Cooley team into Supreme Court precedent and

other circuit authority. This work was performed in conjunction with Plaintiff's broader legal team, who brought their subject-matter expertise and knowledge of the proceedings in the lower courts. The Supreme Court ultimately denied the petition for *certiorari* on October 13, 2020.

13. On the same day that Defendants filed their reply in support of their petition, they also filed a suggestion of mootness, arguing that the completion of the medically necessary procedure for Plaintiff rendered the Ninth Circuit's opinion moot and thus required that it be dismissed and vacated along with the district court's opinion and injunction. Plaintiff's counsel had only ten days to research, draft, and file a response to the suggestion of mootness. The response involved a nuanced factual explanation that the injunction required more than simply the medically necessary procedure, but also post-operative care, as well as a description of the remaining proceedings in the lower courts that militated against vacatur of the decisions of the Ninth Circuit and district court. The response also required substantial additional legal research into the doctrine of mootness and vacatur, issues not previously addressed in the briefing. On October 13, at the same time the Supreme Court denied the petition, it also declined to find the case moot or vacate the lower court opinions.

14. The Supreme Court's decision not to grant review or find the case moot was not only correct as a legal matter, but also deeply important for our client and an overwhelming legal victory for Plaintiff's legal team. Plaintiff has since resolved her remaining claims and secured the rights afforded to her under the Eighth Amendment. The decision, while specific to the facts of Plaintiff's case, will undoubtedly have a major impact on Eighth Amendment claims asserted by transgender inmates and serve as proof that the medical needs and suffering of transgender people are real and warrant treatment when medically necessary.

## BILLING RATES, RECORDS, AND COSTS

15. I have been personally involved in this case since May 17, 2020, and have been involved with Cooley's representation of Plaintiff since that date. As part of my responsibilities, I reviewed all of Cooley's records related to attorneys' fees incurred in this case. These records include the number of hours expended by each attorney, the hourly rate charged by each attorney, and the descriptions of tasks performed for each discrete unit of time on the time entries in the billing statements associated with this case. As a general matter, Cooley attorneys worked on the following major categories of work: (1) consulting on and reviewing the opposition to the application to stay; (2) researching, drafting, and editing the brief in opposition to the petition for *certiorari*; (3) researching, drafting, and editing the response to Defendants' suggestion of mootness; and (4) preparation of this declaration and supporting exhibits for the related motion for attorneys' fees.

16. All of this work was necessary and reasonable to secure Plaintiff's victory in this case and was consistent with Cooley's expectations for the time and effort expended in a case before the Supreme Court. Cooley's work required substantial time from two partners, one senior associate, and various other attorneys and professional staff, all with experience in federal and state appellate courts.

17. Following the conclusion of the Supreme Court proceedings arising from this action, Elizabeth Prelogar was appointed by the incoming Biden Administration as the Principal Deputy Solicitor General, and has now been nominated by President Joseph R. Biden to be the Solicitor General of the United States. Scott Stemetzki, who contributed to research that supported our brief in opposition, was hired by the United States Department of Justice as a trial attorney in the Environment and Natural Resources Division, Land Acquisition Section.

18.     Cooley maintains an electronic system for recording and managing time entries and costs incurred for individual matters. Timekeepers are required to record their time accurately and on a timely basis, providing a description of the work performed. The Cooley attorneys on this matter followed these practices. Likewise, all costs and disbursements were also recorded through this electronic system. That system was used to generate the attached **Exhibit 1**, which sets forth the time diary entries for the members of the Cooley team for which we are seeking fees. Applying the firm's usual billing rates, the Cooley team billed $398,426.00 in fees. In this case, Cooley seeks only **$172,189.50** in fees, which is the $86,094.75 lodestar at the PLRA rate in addition to a 2.0 multiplier.

19.     I am aware that the $232.50 PLRA hourly rate applies to this case. The PLRA rate is significantly lower than the market rates Cooley charges and, in the absence of a multiplier, would drastically under-compensate Plaintiff's counsel. The 2021 hourly rates for the Cooley attorneys who worked on this matter are as follows: $1,250 per hour for my time; $1,070 per hour for Mr. Anderson, a ninth-year associate; and $665 per hour for Jamie D. Robertson, a third-year associate.[3] The 2020 hourly rates for attorneys who worked on this matter but who are not currently with Cooley were as follows: $1,085 per hour for then-partner Elizabeth B. Prelogar and $970 per hour for then-seventh-year-associate Scott W. Stemetzki.[4] These rates are consistent with the hourly rates Supreme Court practitioners typically charge to fee-paying clients for work before the United States Supreme Court, regardless of where the case originated. Based on my years of litigation experience before the Supreme Court, as well as my time as a clerk, it is common for parties to retain Supreme Court counsel if their litigation reaches that level.

---

[3] Ms. Robertson's biography may be found at: https://www.cooley.com/people/jamie-robertson.
[4] Ms. Stemetzki is currently employed by the US Department of Justice and thus no longer has a firm-hosted biography; a public biography for him may be found at: https://www.linkedin.com/in/scott-stemetzki-17218038/.

DECL OF KATHLEEN R. HARTNETT RE
PLAINTIFF'S MOTION FOR FEES AND                -7-
EXPENSES

20. The attached **Exhibit 2** sets forth the reasonable expenses for which Cooley is seeking reimbursement in this case. This exhibit was generated based on information kept in Cooley's internal billing system. The costs include reasonable charges for printing, filing, and serving the various Supreme Court briefs in this matter, and total a modest $1,327.40.

## REDUCTIONS AND UNREQUESTED FEES

21. Cooley and our co-counsel performed our work effectively, efficiently, diligently, and without unnecessary duplication. Based on my experience litigating before the Supreme Court, the hours recorded by Cooley in this case to be reasonable. The expenses incurred were necessary and reasonable to litigate this case before the Supreme Court. We have nevertheless chosen to exercise billing judgment and have reduced our request for fees and expenses in the following ways.

22. First, we do not seek fees for timekeepers on this matter who spent fewer than ten hours on the matter, including time billed by summer associates and the paralegals and other professional support staff who worked on this case. These timekeepers do not even appear on Exhibit 1. Although the work by these timekeepers was necessary for our effective representation, we have excluded them as an exercise of billing judgment. This removes approximately 20.7 hours from our billing statement.

23. Second, we made discrete reductions in time that are reflected in the "billed time" and "write off" columns of Exhibit 1. Those reductions removed an additional seven hours of time from our billing statement.

24. Third, we do not seek reimbursement for some costs incurred in connection with our representation of Plaintiff in this matter and which would ordinarily be reimbursed by our clients. Most significantly, we are not seeking reimbursement of approximately $3,576.37 worth

of electronic research on Westlaw, Lexis Nexis, and Pacer. Nor do we seek reimbursement for other miscellaneous costs totaling approximately $259.10, including certain costs associated with shipping materials and document preparation.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed October 14, 2021 in Oakland, California.

_____
Kathleen R. Hartnett

# Exhibit 1

Edmo v. IDOC
Cooley Time through September 30, 2021

| Timekeeper | Date | Actual Time | Billed Time | Narrative | WRITE OFF |
|---|---|---|---|---|---|
| Elizabeth B. Prelogar | 5/11/2020 | 0.60 | 0.60 | Review and respond to email re legal representation of A. Edmo in Supreme Court proceedings | |
| Elizabeth B. Prelogar | 5/14/2020 | 3.00 | 3.00 | Review Idaho's petition for certiorari; review Idaho's motion for stay; draft list of possible arguments for stay opposition; review Ninth Circuit decision and dissents from the denial of rehearing en banc | |
| Elizabeth B. Prelogar | 5/14/2020 | 1.50 | 1.50 | Telephone conference with L. Rifkin re arguments for briefs in opposition (certification and stay); review and respond to email re same | |
| Elizabeth B. Prelogar | 5/15/2020 | 0.50 | 0.50 | Review and respond to email re stay opposition | |
| Kathleen R. Hartnett | 5/15/2020 | 2.00 | 2.00 | Review state's Supreme Court stay application and lower court opinions | |
| Elizabeth B. Prelogar | 5/16/2020 | 4.50 | 4.50 | Review and begin revising brief in opposition of stay, including reviewing relevant case law | |
| Elizabeth B. Prelogar | 5/17/2020 | 7.50 | 7.50 | Revise brief in opposition of stay; review and respond to email re same | |
| Kathleen R. Hartnett | 5/17/2020 | 1.50 | 1.50 | Review draft of Supreme Court stay response and comments, and sent comments on same | |
| Elizabeth B. Prelogar | 5/18/2020 | 1.30 | 1.30 | Review and revise brief in opposition of stay; review and respond to email re same | |
| Kathleen R. Hartnett | 5/18/2020 | 1.70 | 1.70 | Correspond re edits to brief in opposition of stay; review as-filed opposition; review additional background/record materials | |
| Elizabeth B. Prelogar | 5/20/2020 | 0.50 | 0.50 | Attend to email re case initiation steps and strategic considerations for brief in opposition | |
| Elizabeth B. Prelogar | 5/21/2020 | 0.80 | 0.80 | Review and respond to email re denial of stay and press inquiries | |
| Kathleen R. Hartnett | 5/21/2020 | 0.30 | 0.30 | Review and correspond re Supreme Court's stay denial and state reply brief re same | |
| Elizabeth B. Prelogar | 5/26/2020 | 0.20 | 0.20 | Review and respond to email re telephone conference on planning brief in opposition | |
| Elizabeth B. Prelogar | 5/27/2020 | 1.10 | 1.10 | Telephone conference with K. Hartnett, L. Rifkin, A. Whelan, and D. Rao re logistics and division of labor for brief in opposition, including seeking extension of time and developing mootness arguments | |
| Elizabeth B. Prelogar | 5/27/2020 | 1.00 | 0.00 | Review and revise co-counsel agreement and engagement letter; review and respond to email | WRITE OFF |
| Kathleen R. Hartnett | 5/27/2020 | 1.10 | 1.10 | Confer with co-counsel re schedule and strategy for preparation of brief in opposition petition | |
| Elizabeth B. Prelogar | 5/28/2020 | 0.70 | 0.70 | Telephone conversation with K. Hartnett re staffing and drafting brief in opposition; emails with B. Anderson re same | |
| Kathleen R. Hartnett | 5/28/2020 | 0.70 | 0.70 | Confer and correspond with E. Prelogar re case strategy, drafting plan, staffing | |
| Barrett J. Anderson | 5/29/2020 | 4.50 | 4.50 | Research Court Rules, draft letter re extension request; attention to sending letter to Court; review case documents | |
| Elizabeth B. Prelogar | 5/29/2020 | 1.10 | 1.10 | Review and respond to email re seeking extension of time for the brief in opposition; revise extension letter | |
| Kathleen R. Hartnett | 5/29/2020 | 0.20 | 0.20 | Attention to re additional research and case schedule | |
| Barrett J. Anderson | 6/1/2020 | 0.40 | 0.40 | Attention to service on opposing counsel | |
| Barrett J. Anderson | 6/2/2020 | 0.60 | 0.60 | Call with case team re next steps | |
| Barrett J. Anderson | 6/2/2020 | 2.90 | 2.90 | Research asserted circuit split case law | |
| Elizabeth B. Prelogar | 6/2/2020 | 0.60 | 0.60 | Telephone conference with K. Hartnett and B. Anderson re arguments for brief in opposition | |
| Elizabeth B. Prelogar | 6/2/2020 | 0.10 | 0.10 | Review and respond to email re same and service of motion for extension of time | |
| Kathleen R. Hartnett | 6/2/2020 | 0.60 | 0.60 | Strategize with team re substance and schedule for brief in opposition | |
| Barrett J. Anderson | 6/3/2020 | 1.50 | 1.50 | Research into asserted circuit split; review lower court opinions | |
| Barrett J. Anderson | 6/4/2020 | 1.10 | 1.10 | Research into asserted circuit split; review lower court opinions | |
| Barrett J. Anderson | 6/5/2020 | 1.20 | 1.20 | Research into asserted circuit split; review lower court opinions | |
| Barrett J. Anderson | 6/8/2020 | 4.70 | 4.70 | Research into asserted circuit split; review lower court opinions | |
| Barrett J. Anderson | 6/9/2020 | 4.90 | 4.90 | Research into asserted circuit split; review lower court opinions | |
| Elizabeth B. Prelogar | 6/9/2020 | 0.20 | 0.00 | Review and respond to email re co-counsel agreement | WRITE OFF |
| Kathleen R. Hartnett | 6/9/2020 | 0.60 | 0.60 | Review updates from team re case strategy, research and timing; review Supreme Court docket for Fifth Circuit case and correspond with team re same | |
| Barrett J. Anderson | 6/10/2020 | 2.90 | 2.90 | Obtain, review documents from evidentiary hearing, other lower court filings; research into asserted circuit split; review lower court opinions; propose list of research tasks, deadlines | |
| Elizabeth B. Prelogar | 6/10/2020 | 0.40 | 0.40 | Review and respond to email re obtaining record documents | |
| Elizabeth B. Prelogar | 6/10/2020 | 0.40 | 0.00 | Review and respond to email from co-counsel re team meeting, co-counsel agreement, and timing for preparation of the brief in opposition | WRITE OFF |
| Barrett J. Anderson | 6/11/2020 | 2.50 | 2.50 | Attention to outstanding research tasks; prepare for team status call on next day; review lower court filings | |
| Elizabeth B. Prelogar | 6/11/2020 | 0.80 | 0.80 | Review and respond to email with team re brief in opposition; review B. Anderson's email re research tasks | |

Edmo v. IDOC
Cooley Time through September 30, 2021

| Timekeeper | Date | Actual Time | Billed Time | Narrative | WRITE OFF |
|---|---|---|---|---|---|
| Elizabeth B. Prelogar | 6/11/2020 | 0.70 | 0.00 | Revise co-counsel agreement; telephone conference with M. Alger re same | WRITE OFF |
| Barrett J. Anderson | 6/12/2020 | 0.60 | 0.60 | Team status call | |
| Barrett J. Anderson | 6/12/2020 | 0.40 | 0.40 | Draft, send research assignments | |
| Barrett J. Anderson | 6/12/2020 | 4.90 | 4.90 | Draft brief in opposition shell; research Gibson case; review lower court proceedings | |
| Elizabeth B. Prelogar | 6/12/2020 | 0.30 | 0.30 | Review and respond to email re research tasks for brief in opposition | |
| Elizabeth B. Prelogar | 6/12/2020 | 0.60 | 0.60 | Videoconference with outside counsel team re ideas for brief in opposition and division of labor | |
| Elizabeth B. Prelogar | 6/12/2020 | 1.20 | 0.00 | Revise co-counsel agreement and engagement letter | WRITE OFF |
| Kathleen R. Hartnett | 6/12/2020 | 0.20 | 0.20 | Review and correspond re draft case plan/drafting schedule for brief in opposition | |
| Kathleen R. Hartnett | 6/12/2020 | 0.60 | 0.60 | Strategy and scheduling call with broader co-counsel team | |
| Elizabeth B. Prelogar | 6/15/2020 | 0.30 | 0.00 | Review and respond to email re co-counsel agreement | WRITE OFF |
| Barrett J. Anderson | 6/16/2020 | 0.50 | 0.50 | Call with E. Prelogar, S. Stemetzki re research for brief in opposition | |
| Barrett J. Anderson | 6/16/2020 | 0.20 | 0.20 | Attention to outstanding research tasks | |
| Elizabeth B. Prelogar | 6/16/2020 | 0.50 | 0.50 | Telephone conference with B. Anderson and S. Stemetzki re research for brief in opposition | |
| Elizabeth B. Prelogar | 6/16/2020 | 0.30 | 0.30 | Draft list of research issues for brief in opposition | |
| Scott W. Stemetzki | 6/16/2020 | 0.50 | 0.50 | Confer with E. Prelogar and B. Anderson re Supreme Court briefing and related research | |
| Scott W. Stemetzki | 6/21/2020 | 4.40 | 4.40 | Research mootness argument for response to petition for writ of certiorari | |
| Barrett J. Anderson | 6/26/2020 | 2.50 | 2.50 | Research asserted circuit split; review lower court filings, hearing transcripts | |
| Barrett J. Anderson | 6/27/2020 | 3.20 | 3.20 | Research Eighth Amendment caselaw; review lower court filings, hearing transcripts; draft brief | |
| Elizabeth B. Prelogar | 6/27/2020 | 0.20 | 0.20 | Review and respond to email re research for brief in opposition | |
| Barrett J. Anderson | 6/29/2020 | 3.10 | 3.10 | Review lower court filings, hearing transcripts | |
| Barrett J. Anderson | 6/30/2020 | 3.60 | 3.60 | Research Eighth Amendment caselaw; attention to lower court transcripts; draft brief | |
| Scott W. Stemetzki | 6/30/2020 | 0.70 | 0.70 | Research re mootness and wrong vehicle arguments | |
| Barrett J. Anderson | 7/1/2020 | 4.80 | 4.80 | Research, review lower court filings; draft brief | |
| Elizabeth B. Prelogar | 7/1/2020 | 0.20 | 0.20 | Review and respond to email re preparation of the brief in opposition | |
| Barrett J. Anderson | 7/2/2020 | 5.90 | 5.90 | Review research re Eighth Amendment deliberate indifference cases, mootness argument; review lower court transcripts, filings; draft brief | |
| Elizabeth B. Prelogar | 7/2/2020 | 0.20 | 0.20 | Review and respond to email re A. Edmo surgery and research projects | |
| Scott W. Stemetzki | 7/2/2020 | 0.40 | 0.40 | Analyze research re mootness; provide comments to team | |
| Barrett J. Anderson | 7/6/2020 | 7.20 | 7.20 | Research invited error argument; review lower court proceedings; draft brief | |
| Barrett J. Anderson | 7/7/2020 | 6.80 | 6.80 | Research mootness argument; review lower court proceedings; draft brief | |
| Barrett J. Anderson | 7/8/2020 | 10.10 | 10.10 | Research mootness, bad vehicle arguments; review lower court proceedings; draft brief | |
| Scott W. Stemetzki | 7/8/2020 | 4.60 | 4.60 | Research mootness of permanent injunctions; coordinate additional research projects and needs | |
| Barrett J. Anderson | 7/9/2020 | 7.40 | 7.40 | Draft emails to team re mootness, waiver, invited error; review lower court proceedings; research vehicle issues; draft brief | |
| Elizabeth B. Prelogar | 7/9/2020 | 0.60 | 0.60 | Review and revise mootness research and draft email to L. Rifkin and A. Whelan re effect of A. Edmos's surgery on the case | |
| Kathleen R. Hartnett | 7/9/2020 | 1.50 | 1.50 | Review legal research and other updates from team (including re standards in medical care cases, Fifth Circuit decision in Gibson, invited error, waiver, conservative commentary) | |
| Scott W. Stemetzki | 7/9/2020 | 2.40 | 2.40 | Research and analyze mootness of a permanent injunction; analyze facts of present case re same | |
| Barrett J. Anderson | 7/10/2020 | 7.40 | 7.40 | Review lower court proceedings; research vehicle issues; draft brief | |
| Scott W. Stemetzki | 7/10/2020 | 0.50 | 0.50 | Review L. Rifkin analysis re arguments on mootness | |
| Barrett J. Anderson | 7/11/2020 | 7.10 | 7.10 | Review lower court proceedings; draft brief | |
| Scott W. Stemetzki | 7/11/2020 | 0.10 | 0.10 | Review research questions from L. Rifkin | |
| Barrett J. Anderson | 7/12/2020 | 4.10 | 4.10 | Research; finalize brief, circulate draft to team | |
| Elizabeth B. Prelogar | 7/12/2020 | 0.20 | 0.20 | Review and respond to email re brief in opposition | |
| Kathleen R. Hartnett | 7/12/2020 | 0.30 | 0.30 | Review cert opposition draft and correspond re review of same | |
| Barrett J. Anderson | 7/13/2020 | 0.40 | 0.40 | Attention to formatting issues in brief of opposition | |
| Elizabeth B. Prelogar | 7/13/2020 | 0.50 | 0.50 | Review B. Anderson's draft brief in opposition | |
| Barrett J. Anderson | 7/14/2020 | 4.40 | 4.40 | Attention to outstanding legal research; respond to questions from co-counsel re invited error, mootness issues | |
| Elizabeth B. Prelogar | 7/14/2020 | 0.20 | 0.00 | Telephone conference with M. Alger re case-initiation documents | WRITE OFF |
| Barrett J. Anderson | 7/15/2020 | 0.90 | 0.90 | Attention to interlocutory posture research; respond to questions from case team | |
| Elizabeth B. Prelogar | 7/15/2020 | 0.20 | 0.20 | Review and respond to email re brief in opposition | |

Edmo v. IDOC
Cooley Time through September 30, 2021

| Timekeeper | Date | Actual Time | Billed Time | Narrative | WRITE OFF |
|---|---|---|---|---|---|
| Kathleen R. Hartnett | 7/15/2020 | 0.80 | 0.80 | Review and respond to correspondence from Cooley team and co-counsel re various research and case strategy issues | |
| Barrett J. Anderson | 7/16/2020 | 1.10 | 1.10 | Call with co-counsel re mootness issue | |
| Barrett J. Anderson | 7/16/2020 | 4.30 | 4.30 | Attention to interlocutory posture research; research mootness question, review Court filings in Karcher, US Bancorp | |
| Elizabeth B. Prelogar | 7/16/2020 | 0.60 | 0.60 | Review emails re mootness concerns and other procedural issues | |
| Elizabeth B. Prelogar | 7/16/2020 | 1.10 | 1.10 | Videoconference with B. Anderson, K. Hartnett, L. Rifkin, and A. Whelan re strategic considerations in developing brief in opposition | |
| Kathleen R. Hartnett | 7/16/2020 | 0.20 | 0.20 | Review and comment on correspondence with co-counsel re procedural/vehicle arguments | |
| Kathleen R. Hartnett | 7/16/2020 | 1.10 | 1.10 | Confer with co-counsel re potential procedural/vehicle arguments | |
| Kathleen R. Hartnett | 7/16/2020 | 0.80 | 0.80 | Revise draft brief in opposition | |
| Barrett J. Anderson | 7/17/2020 | 5.10 | 5.10 | Research interlocutory posture, draft new section for brief in opposition; research mootness question | |
| Kathleen R. Hartnett | 7/17/2020 | 3.20 | 3.20 | Research and revise draft cert opposition | |
| Elizabeth B. Prelogar | 7/18/2020 | 4.20 | 4.20 | Revise draft brief in opposition | |
| Kathleen R. Hartnett | 7/18/2020 | 9.10 | 9.10 | Research and revise draft brief in opposition | |
| Barrett J. Anderson | 7/19/2020 | 4.90 | 4.90 | Edit brief in opposition; research as necessary | |
| Elizabeth B. Prelogar | 7/19/2020 | 3.20 | 3.20 | Revise draft brief in opposition | |
| Kathleen R. Hartnett | 7/19/2020 | 0.30 | 0.30 | Review E. Prelogar further edits to brief in opposition | |
| Barrett J. Anderson | 7/20/2020 | 1.80 | 1.80 | Edit brief in opposition; research as necessary; install correct typesetting | |
| Elizabeth B. Prelogar | 7/20/2020 | 1.10 | 1.10 | Revise draft brief in opposition; review and respond to email re same | |
| Kathleen R. Hartnett | 7/20/2020 | 0.60 | 0.60 | Review revisions to draft brief in opposition, as sent to co-counsel | |
| Barrett J. Anderson | 7/22/2020 | 1.20 | 1.20 | Review proposed edits to draft brief in opposition from co-counsel | |
| Elizabeth B. Prelogar | 7/22/2020 | 0.20 | 0.20 | Review and respond to email re brief in opposition | |
| Kathleen R. Hartnett | 7/22/2020 | 0.30 | 0.30 | Review co-counsel comments on draft brief in opposition and correspond re same | |
| Barrett J. Anderson | 7/23/2020 | 1.20 | 1.20 | Call with co-counsel re draft brief in opposition | |
| Barrett J. Anderson | 7/23/2020 | 1.90 | 1.90 | Edit brief in opposition; research as necessary | |
| Elizabeth B. Prelogar | 7/23/2020 | 0.40 | 0.40 | Review L. Rifkin's and A. Whelan's edits and comments on brief | |
| Elizabeth B. Prelogar | 7/23/2020 | 1.20 | 1.20 | Telephone conference with K. Hartnett, B. Anderson, L. Rifkin, and A. Whelan re revisions to brief in opposition | |
| Kathleen R. Hartnett | 7/23/2020 | 1.20 | 1.20 | Confer with co-counsel re revisions to brief in opposition and strategy re same | |
| Barrett J. Anderson | 7/24/2020 | 6.80 | 6.80 | Edit brief in opposition; research as necessary | |
| Elizabeth B. Prelogar | 7/24/2020 | 0.20 | 0.20 | Review and respond to email re brief in opposition | |
| Barrett J. Anderson | 7/27/2020 | 0.70 | 0.70 | Review draft brief in opposition; circulate edits to team | |
| Elizabeth B. Prelogar | 7/27/2020 | 4.50 | 4.50 | Review B. Anderson's revisions to brief and further revise brief in opposition in light of comments from L. Rifkin and A. Whelan | |
| Kathleen R. Hartnett | 7/27/2020 | 1.40 | 1.40 | Review and comment on revised version of draft brief in opposition | |
| Barrett J. Anderson | 7/29/2020 | 3.70 | 3.70 | Edit draft brief in opposition re edits from co-counsel; attention to printing services; arrange proof, cite-check | |
| Elizabeth B. Prelogar | 7/29/2020 | 0.80 | 0.80 | Review additional edits to brief in opposition; review and respond to email re brief in opposition | |
| Jamie D. Robertson | 7/29/2020 | 0.40 | 0.40 | Review petition and petition appendix | |
| Kathleen R. Hartnett | 7/29/2020 | 0.30 | 0.30 | Review and correspond re revisions to brief in opposition from co-counsel | |
| Barrett J. Anderson | 7/30/2020 | 1.00 | 1.00 | Attention to printing services | |
| Jamie D. Robertson | 7/30/2020 | 0.50 | 0.50 | Review and analyze court rules re briefs in opposition | |
| Barrett J. Anderson | 8/3/2020 | 0.80 | 0.80 | Attention to order to show cause in Ninth Circuit re mootness | |
| Barrett J. Anderson | 8/4/2020 | 2.20 | 2.20 | Attention edits to draft brief in opposition; consider response to comments from co-counsel | |
| Barrett J. Anderson | 8/4/2020 | 0.50 | 0.50 | Watch oral argument in Ninth Circuit | |
| Elizabeth B. Prelogar | 8/4/2020 | 0.50 | 0.50 | Review and respond to email re suggestions from co-counsel on the brief in opposition | |
| Kathleen R. Hartnett | 8/4/2020 | 0.40 | 0.40 | Review and correspond re team proposed edits to brief in opposition | |
| Barrett J. Anderson | 8/5/2020 | 4.30 | 4.30 | Edit draft brief in opposition re comments from co-counsel | |
| Elizabeth B. Prelogar | 8/5/2020 | 2.30 | 2.30 | Revise brief in opposition in light of comments from co-counsel; review and respond to email re same | |
| Jamie D. Robertson | 8/5/2020 | 0.70 | 0.70 | Review petition and rules for filing Supreme Court briefs in opposition | |
| Kathleen R. Hartnett | 8/5/2020 | 1.00 | 1.00 | Review, revise and correspond with team re comments on draft brief in opposition | |
| Barrett J. Anderson | 8/6/2020 | 2.80 | 2.80 | Edit draft brief in opposition re comments from co-counsel; attention to cite-check, proofing prep | |
| Elizabeth B. Prelogar | 8/6/2020 | 0.80 | 0.80 | Review K. Hartnett's revisions to brief in opposition; review and respond to email re same; further revise brief in opposition | |
| Kathleen R. Hartnett | 8/6/2020 | 0.30 | 0.30 | Review and comment on revisions to brief in opposition | |

Edmo v. IDOC

Cooley Time through September 30, 2021

| Timekeeper | Date | Actual Time | Billed Time | Narrative | WRITE OFF |
|---|---|---|---|---|---|
| Barrett J. Anderson | 8/7/2020 | 1.80 | 1.80 | Attention to cite check, proof, tables, finalizing of draft brief in opposition; correspond with printer re timing | |
| Elizabeth B. Prelogar | 8/7/2020 | 0.40 | 0.40 | Attend to formatting issues with brief in opposition; review and respond to email re brief in opposition | |
| Jamie D. Robertson | 8/7/2020 | 3.50 | 3.50 | Review and revise brief in opposition | |
| Kathleen R. Hartnett | 8/7/2020 | 0.10 | 0.10 | Correspond with team re finalizing brief | |
| Barrett J. Anderson | 8/8/2020 | 2.40 | 2.40 | Attention to cite check, proof, tables, finalizing of draft brief in opposition | |
| Elizabeth B. Prelogar | 8/8/2020 | 1.90 | 1.90 | Complete final read of and revisions to brief in opposition | |
| Jamie D. Robertson | 8/8/2020 | 3.00 | 3.00 | Review and finalize brief in opposition | |
| Barrett J. Anderson | 8/9/2020 | 3.30 | 3.30 | Attention to cite check, proof, tables, finalizing of draft brief in opposition; send to printer with instructions | |
| Kathleen R. Hartnett | 8/9/2020 | 0.50 | 0.50 | Final review | |
| Barrett J. Anderson | 8/10/2020 | 3.10 | 3.10 | Attention to filing brief in opposition, service list, final formatting issues; circulate filed version to team | |
| Barrett J. Anderson | 8/11/2020 | 0.20 | 0.20 | Attention to service of hard copies | |
| Barrett J. Anderson | 8/12/2020 | 0.30 | 0.00 | Attention to hard copies | WRITE OFF |
| Scott W. Stemetzki | 8/12/2020 | 1.10 | 1.10 | Review opposition to petition for certiorari | |
| Barrett J. Anderson | 8/13/2020 | 0.20 | 0.00 | Attention to hard copies | WRITE OFF |
| Barrett J. Anderson | 8/17/2020 | 0.70 | 0.70 | Attention to mootness filing in Ninth Circuit; review research on mootness, lower court filings | |
| Kathleen R. Hartnett | 8/17/2020 | 0.20 | 0.20 | Review and assess Ninth Circuit filings re mootness/vacatur | |
| Barrett J. Anderson | 8/18/2020 | 1.10 | 1.10 | Attention to mootness filing in Ninth Circuit; send recommendation to E. Prelogar for client | |
| Elizabeth B. Prelogar | 8/18/2020 | 1.30 | 1.30 | Review and respond to email from L. Rifkin and B. Anderson re Ninth Circuit order to show cause based on possible mootness of appeal; videoconference with B. Anderson re same | |
| Kathleen R. Hartnett | 8/18/2020 | 0.20 | 0.20 | Further review and correspondence re Ninth Circuit mootness/vacatur filings | |
| Barrett J. Anderson | 8/19/2020 | 1.10 | 1.10 | Attention to order re mootness in Ninth Circuit; research procedure for filing supplemental briefing re mootness before Supreme Court | |
| Elizabeth B. Prelogar | 8/19/2020 | 0.30 | 0.30 | Review and respond to email re likely mootness arguments | |
| Barrett J. Anderson | 8/20/2020 | 0.90 | 0.90 | Research procedure for filing supplemental briefing re mootness before Supreme Court; circulate memo to case team | |
| Barrett J. Anderson | 8/24/2020 | 0.80 | 0.80 | Review reply, suggestion of mootness | |
| Barrett J. Anderson | 8/24/2020 | 0.90 | 0.90 | Call with co-counsel re opposition | |
| Barrett J. Anderson | 8/24/2020 | 3.10 | 3.10 | Research mootness, response to mootness motion | |
| Elizabeth B. Prelogar | 8/24/2020 | 0.80 | 0.80 | Review suggestion of mootness and outline possible responses | |
| Elizabeth B. Prelogar | 8/24/2020 | 0.90 | 0.90 | Conference with L. Rifkin, A. Whelan, B. Anderson, and K. Hartnett re strategy for response to suggestion of mootness | |
| Kathleen R. Hartnett | 8/24/2020 | 0.60 | 0.60 | Review state's reply brief and suggestion of mootness, B. Anderson procedural analysis | |
| Kathleen R. Hartnett | 8/24/2020 | 0.90 | 0.90 | Confer with co-counsel re reply brief and suggestion of mootness | |
| Barrett J. Anderson | 8/25/2020 | 4.50 | 4.50 | Research mootness, draft opposition to mootness | |
| Elizabeth B. Prelogar | 8/25/2020 | 0.30 | 0.30 | Review and respond to email re response to suggestion of mootness and record evidence on scope of the injunction | |
| Kathleen R. Hartnett | 8/25/2020 | 0.20 | 0.20 | Strategize re mootness response | |
| Barrett J. Anderson | 8/26/2020 | 6.30 | 6.30 | Research mootness, vacatur, law of the case; draft opposition to mootness | |
| Barrett J. Anderson | 8/27/2020 | 6.10 | 6.10 | Research mootness, vacatur, law of the case; draft opposition to mootness | |
| Barrett J. Anderson | 8/28/2020 | 6.60 | 6.60 | Research mootness, vacatur, law of the case; draft opposition to mootness; circulate draft to team | |
| Elizabeth B. Prelogar | 8/28/2020 | 3.10 | 3.10 | Revise draft response to petitioner's suggestion of mootness | |
| Barrett J. Anderson | 8/29/2020 | 3.20 | 3.20 | Respond to comments, edits in draft response to suggestion of mootness | |
| Elizabeth B. Prelogar | 8/29/2020 | 5.50 | 5.50 | Revise draft response to petitioners' suggestion of mootness; review K. Hartnett's revisions to brief; review and respond to email re same | |
| Kathleen R. Hartnett | 8/29/2020 | 2.80 | 2.80 | Review background materials from co-counsel and revise draft response to suggestion of mootness | |
| Barrett J. Anderson | 8/30/2020 | 2.60 | 2.60 | Review email from co-counsel to petitioners re continuing care; review edits to response to suggestion of mootness from co-counsel | |
| Elizabeth B. Prelogar | 8/30/2020 | 0.20 | 0.20 | Review and respond to email about response to petitioners' suggestion of mootness | |
| Kathleen R. Hartnett | 8/30/2020 | 0.30 | 0.30 | Correspond with team re edits to mootness response | |
| Barrett J. Anderson | 8/31/2020 | 1.70 | 1.70 | Call Supreme Court of the United States clerk re word limits, deadline; review edits to response to suggestion of mootness from co-counsel | |
| Elizabeth B. Prelogar | 8/31/2020 | 1.70 | 1.70 | Review L. Rifkin's and A. Whelan's edits to response to suggestion of mootness and further revise response; draft email to co-counsel team re same; draft email re word limits and conversation with Clerk's Office | |

Edmo v. IDOC
Cooley Time through September 30, 2021

| Timekeeper | Date | Actual Time | Billed Time | Narrative | WRITE OFF |
|---|---|---|---|---|---|
| Kathleen R. Hartnett | 8/31/2020 | 0.30 | 0.30 | Review further edits to mootness opposition | |
| Barrett J. Anderson | 9/1/2020 | 1.20 | 1.20 | Review edits to response to suggestion of mootness from co-counsel; attention to cite-check, proof | |
| Elizabeth B. Prelogar | 9/1/2020 | 1.10 | 1.10 | Revise draft response to suggestion of mootness in light of edits from the co-counsel team | |
| Jamie D. Robertson | 9/1/2020 | 2.20 | 2.20 | Review and revise response to suggestion of mootness | |
| Barrett J. Anderson | 9/2/2020 | 4.00 | 4.00 | Review cite-check; proof; insert, clean tables; create word count certification; finalize, send to printer | |
| Elizabeth B. Prelogar | 9/2/2020 | 1.10 | 1.10 | Further revise response to suggestion of mootness in light of further edits from L. Rifkin; complete final read of response to suggestion of mootness | |
| Jamie D. Robertson | 9/2/2020 | 1.40 | 1.40 | Review and finalize brief in response to suggestion of mootness | |
| Barrett J. Anderson | 9/3/2020 | 1.20 | 1.20 | Supervise filing, correspond with printing service re filing, service, printing; correspond with co-counsel re filing | |
| Barrett J. Anderson | 9/4/2020 | 0.20 | 0.20 | Confirm delivery of booklets to Court, opposing counsel | |
| Barrett J. Anderson | 9/11/2020 | 0.90 | 0.90 | Review Petitioners' reply to mootness; circulate thoughts to team | |
| Elizabeth B. Prelogar | 9/12/2020 | 0.50 | 0.50 | Review Idaho's reply in support of suggestion of mootness and draft email re same | |
| Kathleen R. Hartnett | 9/12/2020 | 0.40 | 0.40 | Review State's mootness reply brief and correspondence with co-counsel re same | |
| Elizabeth B. Prelogar | 10/5/2020 | 0.30 | 0.30 | Review and respond to email re significance of no action on the case on the Supreme Court's order list | |
| Barrett J. Anderson | 10/13/2020 | 0.30 | 0.30 | Review Court order denying cert with no mootness; review correspondence from co-counsel | |
| Barrett J. Anderson | 10/13/2020 | 0.10 | 0.00 | Review proposed press release by NCLR | WRITE OFF |
| Barrett J. Anderson | 10/14/2020 | 0.50 | 0.00 | Attention to press release re decision | WRITE OFF |
| Barrett J. Anderson | 10/15/2020 | 0.20 | 0.00 | Attention to press release re decision | WRITE OFF |
| Barrett J. Anderson | 10/19/2020 | 0.80 | 0.00 | Attention to press release re decision | WRITE OFF |
| Barrett J. Anderson | 10/22/2020 | 0.40 | 0.00 | Edit, circulate to co-counsel press release re decision | WRITE OFF |
| Elizabeth B. Prelogar | 10/22/2020 | 0.60 | 0.60 | Review and respond to email re possible settlement of further litigation | |
| Elizabeth B. Prelogar | 10/22/2020 | 0.20 | 0.00 | Review press release re Supreme Court victory | WRITE OFF |
| Kathleen R. Hartnett | 10/22/2020 | 0.10 | 0.00 | Review and clear press release | WRITE OFF |
| Barrett J. Anderson | 10/23/2020 | 0.20 | 0.00 | Edit, circulate to co-counsel press release re decision | WRITE OFF |
| Barrett J. Anderson | 3/5/2021 | 0.30 | 0.30 | Attention to current status of case in lower courts | |
| Kathleen R. Hartnett | 6/23/2021 | 0.30 | 0.30 | Coordinate re preparation of fee petition materials, correspond with co-counsel re same | |
| Barrett J. Anderson | 6/24/2021 | 0.70 | 0.70 | Attention to declaration, supporting exibits re billing for attorneys fee motion | |
| Barrett J. Anderson | 6/25/2021 | 0.80 | 0.80 | Attention to declaration, supporting exibits re billing for attorneys fee motion | |
| Barrett J. Anderson | 6/29/2021 | 0.40 | 0.40 | Attention to declaration, supporting exibits re billing for attorneys fee motion | |
| Barrett J. Anderson | 7/1/2021 | 0.60 | 0.60 | Attention to declaration, supporting exhibits re billing for attorneys fee motion | |
| Barrett J. Anderson | 7/3/2021 | 0.80 | 0.80 | Attention to declaration, supporting exhibits re billing for attorneys fee motion | |
| Barrett J. Anderson | 7/6/2021 | 0.60 | 0.60 | Attention to declaration, supporting exhibits re billing for attorneys fee motion | |
| Kathleen R. Hartnett | 7/6/2021 | 0.10 | 0.10 | Review/comment on draft fee petition time sheet from B. Anderson | |
| Barrett J. Anderson | 7/9/2021 | 0.30 | 0.30 | Attention to declaration, supporting exhibits re billing for attorneys fee motion | |
| Barrett J. Anderson | 7/12/2021 | 0.70 | 0.70 | Attention to declaration, supporting exhibits re billing for attorneys fee motion | |
| Barrett J. Anderson | 7/13/2021 | 0.80 | 0.80 | Attention to declaration, supporting exhibits re billing for attorneys fee motion | |
| Barrett J. Anderson | 7/14/2021 | 0.40 | 0.40 | Attention to declaration, supporting exhibits re billing for attorneys fee motion | |
| Barrett J. Anderson | 7/15/2021 | 3.80 | 3.80 | Attention to declaration, supporting exhibits re billing for attorneys fee motion | |
| Barrett J. Anderson | 7/16/2021 | 1.70 | 1.70 | Attention to declaration, supporting exhibits re billing for attorneys fee motion | |
| Barrett J. Anderson | 7/17/2021 | 1.20 | 1.20 | Attention to declaration, supporting exhibits re billing for attorneys fee motion | |
| Barrett J. Anderson | 7/19/2021 | 0.90 | 0.90 | Attention to declaration, supporting exhibits re billing for attorneys fee motion | |
| Barrett J. Anderson | 7/22/2021 | 1.60 | 1.60 | Attention to declaration, supporting exhibits re billing for attorneys fee motion | |
| Kathleen R. Hartnett | 7/22/2021 | 1.20 | 1.20 | Revise draft declaration in support of fee petition | |
| Barrett J. Anderson | 7/26/2021 | 0.20 | 0.20 | Attention to declaration, supporting exhibits re billing for attorneys fee motion | |
| Barrett J. Anderson | 8/4/2021 | 0.50 | 0.50 | Attention to declaration, supporting exhibits re billing for attorneys fee motion | |
| Kathleen R. Hartnett | 8/4/2021 | 0.50 | 0.50 | Review/respond to comments on draft fee declaration from B. Anderson | |
| Barrett J. Anderson | 8/5/2021 | 0.50 | 0.50 | Attention to declaration, supporting exhibits re billing for attorneys fee motion | |
| Barrett J. Anderson | 8/6/2021 | 0.70 | 0.70 | Attention to declaration, supporting exhibits re billing for attorneys fee motion | |
| Barrett J. Anderson | 9/27/2021 | 0.20 | 0.20 | Attention to declaration, supporting exhibits re billing for attorneys fee motion | |
| | TOTALS | 377.30 | 370.30 | | |

**Exhibit 2**

# Edmo v. IDOC
# Cooley Costs through September 30, 2021

| Work Date | Amount | Narrative |
|---|---|---|
| 8/10/2020 | $275.00 | Cockle Printing - Printing, filing, and e-service of brief in opposition |
| 8/14/2020 | $200.36 | Cockle Printing - Printing, filing, and e-service of brief in opposition |
| 8/20/2020 | $292.54 | FedEx - Service of paper copies of brief in opposition |
| 9/3/2020 | $250.00 | Cockle Printing - Printing, filing, and service of response to suggestion of mootness |
| 9/4/2020 | $309.50 | Cockle Printing - Printing, filing, and service of response to suggestion of mootness |
| TOTAL | $1,327.40 | |