J. Kevin West, ISB #3337
KWest@parsonsbehle.com
Dylan A. Eaton, ISB #7686
DEaton@parsonsbehle.com
PARSONS BEHLE & LATIMER
800 W. Main Street, Suite 1300
Boise, Idaho 83702
Telephone: (208) 562-4900
Facsimile: (208) 562-4901

*Attorneys for Defendants Corizon, LLC,
Dr. Scott Eliason, Dr. Murray Young, and
Dr. Catherine Whinnery*

LAWRENCE G. WASDEN
ATTORNEY GENERAL
STATE OF IDAHO

Steven R. Kraft (ISB No. 4753)
Special Deputy Attorney General
steve@melawfirm.net
Peter E. Thomas (ISB No. 9756)
peter@melawfirm.net
MOORE ELIA & KRAFT, LLP
Post Office Box 6756
Boise, Idaho 83707
Telephone: (208) 336-6900
Facsimile: (208) 336-7031

*Attorneys for Defendants Idaho Department of
Correction, Henry Atencio, Jeff Zmuda,
Howard Keith Yordy, Richard Craig, and
Rona Siegert*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ADREE EDMO,<br><br>    Plaintiff,<br><br>v.<br><br>IDAHO DEPARTMENT OF CORRECTION, et al.,<br><br>    Defendants. | CIVIL ACTION FILE<br><br>NO. 1:17-cv-151-BLW<br><br>**DEFENDANTS' JOINT OBJECTIONS TO ABSTRACT OF JUDGMENT (DKT. 325) AND WRIT OF EXECUTION (DKT. 330)** |

Defendants Corizon, LLC, Dr. Scott Eliason, Dr. Murray Young, Dr. Catherine Whinnery, Idaho Department of Correction, Henry Atencio, Jeff Zmuda, Howard Keith Yordy, Richard Craig, and Rona Siegert, by and through their respective undersigned counsel of record, hereby respectfully submit these Joint Objections to the Abstract of Judgment (Dkt. 325) filed on November 2, 2022 and the Writ of Execution (Dkt. 330) filed on November 22, 2022.

**DEFENDANTS' JOINT OBJECTIONS TO ABSTRACT OF JUDGMENT AND WRIT OF EXECUTION - 1**

# INTRODUCTION

On October 22, 2021, Plaintiff Adree Edmo ("Plaintiff") filed a Motion for Attorneys' Fees and Costs (hereinafter "Attorneys' Fees Motion"). (Dkt. 315.) The Attorneys' Fees Motion was opposed by Defendants. (Dkt. 319.) On September 30, 2022, this Court issued a Memorandum and Order granting in part and denying in part Plaintiff's Motion for Attorneys' Fees and Costs and awarded $2,586,048.80 in fees (about half of which was attributable to a multiplier) and $45,544.20 in expenses to Plaintiff (hereinafter "Attorneys' Fees Award"). (Dkt. 323.) The Attorneys' Fees Award did not specify which Defendants were subject to the order awarding the fees and expenses. (Dkt. 323.) On October 28, 2022, Defendants filed a Notice of Appeal of the Attorneys' Fees Award. (Dkt. 324.) On November 2, 2022, the Court issued an Abstract of Judgment signed by a deputy court clerk. (Dkt. 325.) The Abstract of Judgment stated as follows:

> On September 30, 2022, in Case No. 1:17-cv-00151-BLW, the District Court entered Judgment for Plaintiff Adree Edmo for $2,586,048.80 in attorneys' fees and $45,544.20 in litigation expenses against Defendants IDAHO DEPARTMENT OF CORRECTION; JOSH TEWALT, in his official capacity; BREE DERRICK, in his official capacity; AL RAMIREZ, in his official capacity; HOWARD KEITH YORDY, in his individual capacity; CORIZON, LLC; SCOTT ELIASON; MURRAY CRAIG; RONA SIEGERT; and CATHERINE WHINNERY. Said Judgment of $2,631,593 is duly subject to the provisions of 28 U.S. Code Section 1961.
>
> I certify that the foregoing is a correct Abstract of Judgment rendered in said action, in said Court, as it appears by my docket now in my possession.

An Abstract of Judgment (hereinafter also called "Abstract") can create a lien on real property (goods, chattel, lands, and tenements) against the Defendants named in the Abstract. *E.g.* Federal Rule of Civil Procedure 69; 28 U.S.C. § 3201. Due to the serious consequences an Abstract can have on Defendants and their property, among other things, the Abstract must be

**DEFENDANTS' JOINT OBJECTIONS TO ABSTRACT OF JUDGMENT AND WRIT OF EXECUTION - 2**

accurate.  Defendants object to this Abstract because it names Defendants that were dismissed from the case as being subject to the Attorneys' Fees Award.

On November 2, 2022, Plaintiff filed a Motion for Issuance of a Writ of Execution.  (Dkt. 326.)  On November 22, 2022, the Court issued the Writ of Execution requested by Plaintiff's counsel.  (Dkt. 330.)  The Writ, as further argued below, was prematurely and improperly issued.

## ARGUMENT

A.   **The Abstract of Judgment is Improper and Should be Vacated.**

As the Court is fully aware, in general summary, this case primarily stems from Plaintiff's motion for an injunction filed in 2018.  The court granted in part and denied in part this motion.  Defendants appealed the granting of the injunction, and a 9th Circuit three-judge panel issued an 85-page Per Curiam Opinion.  (Dkt. 209.)  This Opinion vacated the injunction to the extent that it applied to defendants Howard Yordy, Rona Siegert, Dr. Murray Young,[1] Dr. Murray Craig, and Dr. Catherine Whinnery[2] because the record had insufficient evidence to show they were deliberately indifferent to Plaintiff's medical needs.  (*Id*., pp. 76-77.)  Further, the Opinion also affirmed that the hearing on Plaintiff's motion for the injunction was a final trial on the merits.  (*Id*., 79-84.)  Based on this 9th Circuit Opinion, it should be clear that these individuals are dismissed from the case and therefore need to be removed from the Abstract of Judgment.  Further, subsequent stipulations by the parties and related court orders also helped clarify the dismissals of parties.  For example, the parties submitted a stipulation agreeing that all claims against Dr. Young

---

[1] Dr. Murray Young was left off the current Abstract of Judgment and should continue to be left off any orders, judgments, or abstracts of judgments as for these other individual defendants.

[2] Corizon has remained a named Defendant in the case due to the posture of this case and prior negotiations.  The 9th Circuit Opinion held, in part, that the appellate court has not held that the Monelle analysis applies to private companies working for State governments and decided they were going to "leave that issue for another day."  (Dkt. 209, p. 77.)

**DEFENDANTS' JOINT OBJECTIONS TO ABSTRACT OF JUDGMENT AND WRIT OF EXECUTION - 3**

and Dr. Whinnery were dismissed with prejudice from the case in light of the 9th Circuit Opinion. (Dkt. 311, p. 2, ¶ D.) The Court then issued a related order dismissing from the case any and all claims against Dr. Young and Dr. Whinnery. (Dkt. 313, p. 2, ¶ 1.c.)

Accordingly, Defendants request that the Court vacate the Abstract of Judgment (Dkt. 325) because it includes improper Defendants who were dismissed from the case. To the extent that the Court issues an amended abstract of judgment, Defendants request that such abstract not identify Howard Yordy, Rona Siegert, Dr. Murray Young, Dr. Murray Craig, or Dr. Catherine Whinnery as Defendants being subject to any judgment, including awards of attorneys' fees and expenses, in this case. To do otherwise would be a miscarriage of justice since these individuals were dismissed from the case and should not be subject to orders awarding fees and costs or any related abstracts of judgment. Indeed, the current Abstract of Judgment improperly, wrongly, and unfairly subjects these dismissed defendants to potential liens on their real property and potential other collection efforts.

**B.      The November 22, 2022 Writ of Execution is Premature and Should be Vacated.**

On November 2, 2022, Plaintiff filed a Motion for Issuance of a Writ of Execution, which relied on and copied much of the Abstract of Judgment discussed above. (Dkt. 326.) On November 22, 2022, the Court issued the Writ of Execution requested by Plaintiff's counsel. (Dkt. 330.) This Writ was issued prematurely because Defendants were not required to respond to Plaintiff's motion seeking the Writ until November 23, 2022 (21 days after the November 2 motion was filed). (*See* DIST. IDAHO LOC. CIV. R. 7.1(c)(1), providing "[t]hat the responding party must serve and file a response brief … within twenty-one (21) days" after service and filing of the subject motion.) Further, the Court's CM/ECF electronic filing system email notice confirmed that Defendants' responses to Plaintiff's motion were due by November 23, 2022. (*See* Declaration of Dylan A. Eaton in Support of Defendants' Joint Objections to Abstract of Judgment

**DEFENDANTS' JOINT OBJECTIONS TO ABSTRACT OF JUDGMENT AND WRIT OF EXECUTION - 4**

and Writ of Execution and Joint Motion for Extension, Exhibit A.)  Accordingly, the Court issued the Writ of Execution improperly, prematurely, without giving Defendants a chance to respond to Plaintiff's motion, and without considering Defendants' objections and responsive filings.  Not considering opposing parties' filings that have merit and valid arguments and objections is unduly prejudicial, especially in this instance where the issuance of a Writ can start the process of Plaintiff executing and collecting on a judgment on Defendants' property and, among other things, including defendants who have been dismissed from the case.  To be clear, Defendants object to the November 22, 2022 Writ of Execution because it was issued prematurely, and such is unduly prejudicial to the parties because it violates their due process and right to be heard (i.e., the Court clearly did not and could not have considered Defendants responsive filings before issuing the Writ because it was issued the day before Defendants filed their responsive briefing).  Defendants also object to the November 22, 2022 Writ of Execution because it improperly includes Defendants Howard Yordy, Rona Siegert, Dr. Murray Young,[3] Dr. Murray Craig, and Dr. Catherine Whinnery, who were dismissed from the case because the 9th Circuit found there was no evidence of wrongdoing.  (See arguments in the section above regarding these Defendants being dismissed from the case.)  Therefore, the <u>Court should immediately **issue an order vacating the Writ of Execution** issued on November 22, 2022</u>, and then consider Defendants' objections hereto and other related responsive filings.

---

[3] Dr. Murray Young was left off the current Abstract of Judgment and should continue to be left off any orders, judgments, or abstracts of judgments as for these other individual defendants.

**DEFENDANTS' JOINT OBJECTIONS TO ABSTRACT OF JUDGMENT AND WRIT OF EXECUTION - 5**

DATED THIS 23rd day of November, 2022.

                PARSONS BEHLE & LATIMER

                By */s/ Dylan A. Eaton*
                   Dylan A. Eaton
                *Attorneys for Defendants Corizon, LLC, Dr. Scott Eliason, Dr. Murray Young, and Dr. Catherine Whinnery*

DATED THIS 23rd day of November, 2022.

                MOORE ELIA & KRAFT, LLP

                By */s/ Steven R. Kraft*
                   Steven R. Kraft
                *Attorneys for Defendants Idaho Department of Correction, Henry Atencio, Jeff Zmuda, Howard Keith Yordy, Richard Craig, and Rona Siegert*

**DEFENDANTS' JOINT OBJECTIONS TO ABSTRACT OF JUDGMENT AND WRIT OF EXECUTION - 6**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 23rd day of November, 2022, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Lori E. Rifkin
RIFKIN LAW OFFICE
lrifkin@rifkinlawoffice.com
*(Counsel for Plaintiff)*

Amy Whelan
National Center for Lesbian Rights
awhelan@nclrights.org
*(Counsel for Plaintiff)*

Craig H. Durham
Deborah A. Ferguson
FERGUSON DURHAM, PLLC
chd@fergusondurham.com
daf@fergusondurham.com
*(Counsel for Plaintiff)*

Dan Stormer
Shaleen Shanbhag
HADSELL STORMER RENICK & DAI, LLP
dstormer@hadsellstormer.com
sshanbhag@hadsellstormer.com
*(Counsel for Plaintiff)*

Steven R. Kraft
Peter R. Thomas
MOORE ELIA & KRAFT, LLP
steve@melawfirm.net
peter@melawfirm.net
*(Counsel for Defendants Idaho Department of Correction, Henry Atencio, Jeff Zmuda, Howard Keith Yordy, Richard Craig, and Rona Siegert)*

By: */s/ Dylan A. Eaton*
      Dylan A. Eaton

4858-6476-3199.v1

**DEFENDANTS' JOINT OBJECTIONS TO ABSTRACT OF JUDGMENT AND WRIT OF EXECUTION - 7**