J. Kevin West, ISB #3337
KWest@parsonsbehle.com
Dylan A. Eaton, ISB #7686
DEaton@parsonsbehle.com
PARSONS BEHLE & LATIMER
800 W. Main Street, Suite 1300
Boise, Idaho 83702
Telephone: (208) 562-4900
Facsimile: (208) 562-4901

*Attorneys for Defendants Corizon, LLC, Dr. Scott Eliason, Dr. Murray Young, and Dr. Catherine Whinnery*

LAWRENCE G. WASDEN
ATTORNEY GENERAL
STATE OF IDAHO

Steven R. Kraft (ISB No. 4753)
Special Deputy Attorney General
steve@melawfirm.net
Peter E. Thomas (ISB No. 9756)
peter@melawfirm.net
MOORE ELIA & KRAFT, LLP
Post Office Box 6756
Boise, Idaho 83707
Telephone: (208) 336-6900
Facsimile: (208) 336-7031

*Attorneys for Defendants Idaho Department of Correction, Henry Atencio, Jeff Zmuda, Howard Keith Yordy, Richard Craig, and Rona Siegert*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

ADREE EDMO,

Plaintiff,

v.

IDAHO DEPARTMENT OF CORRECTION, et al.,

Defendants.

CIVIL ACTION FILE

NO. 1:17-cv-151-BLW

**DEFENDANTS' JOINT MOTION FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFF'S MOTION FOR ISSUANCE OF WRIT OF EXECUTION AND DISCOVERY**

Defendants Corizon, LLC, Dr. Scott Eliason, Dr. Catherine Whinnery, Dr. Murray Young ("Corizon Defendants"), Idaho Department of Correction, Henry Atencio, Jeff Zmuda, Howard Keith Yordy, Richard Craig, and Rona Siegert ("IDOC Defendants") (collectively, "Defendants"), by and through their respective undersigned counsel of record, pursuant to DIST. IDAHO LOC. CIV.

R. 6.1(a) and other applicable rules and laws, hereby jointly and respectfully move this Honorable Court for an order extending the time for Defendants to file a response to *Plaintiff's Motion for Issuance of Writ of Execution* (Dkt. 326)[1], filed on November 2, 2022, and to serve responses to discovery that was recently propounded by Plaintiff. Good cause supports granting this motion for the reasons set forth below.

## INTRODUCTION

By way of background, on October 22, 2021, Plaintiff filed a Motion for Attorneys' Fees and Costs (hereinafter "Attorneys' Fees Motion"). (Dkt. 315.) The Attorneys' Fees Motion was opposed by Defendants. (Dkt. 319.) On September 30, 2022, this Court issued a Memorandum and Order granting in part and denying in part Plaintiff's Motion for Attorneys' Fees and Costs and awarded $2,586,048.80 in fees (about half of which is attributable to a multiplier) and $45,544.20 in expenses to Plaintiff (hereinafter "Attorneys' Fees Award"). (Dkt. 323.) The Attorneys' Fees Award did not specify which Defendants were subject to the order awarding the fees and expenses. (Dkt. 323.) On October 28, 2022, Defendants timely filed a Notice of Appeal of the Attorneys' Fees Award. (Dkt. 324.) On November 2, 2022, the Court issued an Abstract of Judgment signed by a deputy court clerk. (Dkt. 325.) Also on November 2, 2022, Plaintiff filed a Motion for Issuance of a Writ of Execution. (Dkt. 326.)

## ARGUMENT

Defendants respectfully seek an extension of time to respond to Plaintiff's Motion for Issuance of Writ of Execution for several reasons. First, it appears that Plaintiff's counsel may have improperly contacted the court without notifying or involving defendants of this contact. The

[1] *See* Defendants' Joint Objections to the Writ of Execution (Dkt. 330), asking the court to vacate the 11/22/2022 Writ of Execution because it was issued prematurely and to consider this filing and the Objections contemporaneously filed herewith.

header of the Abstract of Judgment (also herein referenced as "Abstract") includes Plaintiff's counsel's firm contact information on the top, which typically suggests it was prepared by Plaintiff's counsel. (Dkt. 325.) A copy of this proposed Abstract of Judgment was not provided to Defendants in advance of it being issued. (*See* Declaration of Dylan A. Eaton in Support of Defendants' Joint Objections to Abstract of Judgment and Writ of Execution and Joint Motion for Extension (hereinafter "Eaton Decl."), ¶ 3.) No motion or request for the Abstract was filed with the court, and the proposed Abstract was not filed with the court either. (*Id.*) Further, Defendants were not notified that Plaintiff's counsel was contacting the court to obtain the Abstract of Judgment and were not included in any communications with the court in this regard. (*Id.*) Not only was this likely improper conduct by Plaintiff's counsel, but such also resulted in an Abstract of Judgment being issued that is deficient and in error, including identifying defendants in the Abstract that were dismissed from the case. (*See* Defendants' Joint Objections to Abstract of Judgment and Writ of Execution filed contemporaneously with this motion for extension.) Significantly, the Writ of Execution proposed by Plaintiff also contains the same deficiencies as in the Abstract of Judgment. Indeed, Plaintiff's proposed Writ of Execution mirrors the Abstract of Judgment and therefore seeks, among other things, to execute against the following defendants who were dismissed from this case: Howard Yordy, Rona Siegert, Dr. Murray Craig, and Dr. Catherine Whinnery.[2] (*Compare* Abstract of Judgment, Dkt. 325, with Plaintiff's Proposed Writ of Execution, Dkt. 326-2, both improperly naming the dismissed defendants.) This is a serious violation of these individuals' rights and has the likely consequence of negatively and adversely impacting (and tying up) their "goods, chattel, lands, and tenements," as indicated in the

[2] Dr. Murray Young was left off the current Abstract of Judgment and should continue to be left off any orders, judgments, or abstracts of judgments as for these other individual defendants.

proposed Writ of Execution, with no just basis for doing so. Since Plaintiff's Motion for Issuance of Writ of Execution is premised on an Abstract of Judgment that was secured improperly from the Court without involving defense counsel, and since the Abstract of Judgment contains serious deficiencies and errors, Defendants should be allowed more time to respond to Plaintiff's Motion for Issuance of Writ of Execution.

Second, Corizon's counsel has been engaged in settlement discussions with Plaintiff's counsel for the last few weeks. (Eaton Decl., ¶ 4.) Further, last Wednesday, November 16, 2022, Plaintiff's counsel indicated that they would prefer and are willing to engage in formal mediation with the parties. (*Id.*) Defendants also agree to participate in formal mediation through the 9th Circuit mediation program.[3] (*Id.*) There is an initial call between the parties' counsel and the 9th Circuit mediator currently scheduled for November 29, 2022. (*Id.*) Since the parties agree to mediate this case, it makes sense to continue Defendants' response deadline to Plaintiff's Motion for Issuance of Writ of Execution and stay any discovery served on Defendants until the mediation has concluded. Allowing Plaintiff and her counsel to pursue such collection efforts is not conducive to having a meaningful mediation. In other words, if Plaintiff seeks to collect against Defendants right now, then there is no reason to mediate. Since the parties appear sincere in their interest in mediation, it makes sense to put a pause on Plaintiff's collection efforts so the parties can engage in a meaningful mediation. Such would create the best opportunity for a successful mediation.

Third, Dylan Eaton, defense counsel on behalf of the Corizon Defendantsm tried to have a meet and confer phone call with Plaintiff's counsel to discuss the issues addressed herein to no

[3] The parties disagree as to whether the underlying collection efforts should be postponed pending mediation, including extending deadlines for Defendants to respond to the Motion for Issuance of Writ of Execution and discovery related to collection efforts.

avail. Mr. Eaton sent an email to Plaintiff's lead counsel, Lori Rifkin, on Friday, November 18, 2022, asking her to call him and providing his phone number. (Eaton Decl, ¶ 6.) Ms. Rifkin has not called Mr. Eaton since that email was sent as of the time of filing this motion. (*Id.*) On Monday, November 21, 2022, Mr. Eaton emailed Plaintiff's counsel regarding some of these issues, namely a request to delay collection efforts pending mediation. (*Id.*) In return, on Monday, Mr. Eaton received an auto email response from Ms. Rifkin's email indicating she was out of the office until November 28. (*Id.*) Mr. Eaton then asked for a response from other Plaintiff's counsel, to which Deborah Ferguson responded by suggesting Defendants should just post a bond.[4] (*Id.*) This response did not directly address Mr. Eaton's request to extend the deadline for Defendants to respond to Plaintiff's Motion for Issuance of Writ of Execution. (*Id.*) Mr. Eaton then left a voice message for Ms. Ferguson asking for her to call him, but she has not returned his call as of the filing of this motion. (*Id.*) Given that Plaintiff's counsel has not responded to Mr. Eaton, and also given that Defendants' deadline to file a response to Plaintiff's Motion for Issuance of Writ of Execution falls on the day before Thanksgiving and on a holiday week,[5] the requested extension of time to respond to Plaintiff's motion should be a reasonable request.

Finally, Plaintiff's counsel has recently served Rule 69 discovery on Corizon[6], Idaho Department of Correction, and the State of Idaho related to its Writ of Execution and collection

---

[4] Among many other considerations with posting a bond, such is costly and ties up money and would not be conducive to mediation either. Collection efforts or posting a bond can still be considered by the parties after mediation.

[5] The holiday week also makes it difficult for Defendants to finalize a substantive response to Plaintiff's Motion for Issuance of Writ of Execution, including securing declaration and coordination between Corizon and IDOC defendants.

[6] Plaintiff served Rule 69 written discovery (requests for production) on Corizon on November 3, 2022.

efforts. Defendants request that their responses to this Rule 69 discovery be extended until after mediation as well. Requiring Defendants to engage in incurring more time and costs in responding to discovery is not helpful while mediation is ongoing.

## CONCLUSION

In summary, Defendants respectfully ask the Court to extend the deadline for Defendants to respond to Plaintiff's Motion for Issuance of a Writ of Execution (Dkt. 326) and also extend the deadlines for Defendants to respond to Rule 69 discovery that was recently served on Defendants until 14 days after mediation has concluded. If the Court denies this requested extension, then Defendants request they be given at least 10 days to respond to the Motion for Issuance of Writ of Execution and Rule 69 discovery after the court issues an Order denying the requested extension.

DATED THIS 23rd day of November, 2022.

PARSONS BEHLE & LATIMER

By *<u>/s/ Dylan A. Eaton</u>*
Dylan A. Eaton
*Attorneys for Defendants Corizon, LLC, Dr. Scott Eliason, Dr. Murray Young, and Dr. Catherine Whinnery*

DATED THIS 23rd day of November, 2022.

MOORE ELIA & KRAFT, LLP

By ______________________________
Steven R. Kraft
*Attorneys for Defendants Idaho Department of Correction, Henry Atencio, Jeff Zmuda, Howard Keith Yordy, Richard Craig, and Rona Siegert*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 23rd day of November, 2022, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Lori E. Rifkin
RIFKIN LAW OFFICE
lrifkin@rifkinlawoffice.com
*(Counsel for Plaintiff)*

Amy Whelan
National Center for Lesbian Rights
awhelan@nclrights.org
*(Counsel for Plaintiff)*

Craig H. Durham
Deborah A. Ferguson
FERGUSON DURHAM, PLLC
chd@fergusondurham.com
daf@fergusondurham.com
*(Counsel for Plaintiff)*

Dan Stormer
Shaleen Shanbhag
HADSELL STORMER RENICK & DAI, LLP
dstormer@hadsellstormer.com
sshanbhag@hadsellstormer.com
*(Counsel for Plaintiff)*

Steven R. Kraft
Peter R. Thomas
MOORE ELIA & KRAFT, LLP
steve@melawfirm.net
peter@melawfirm.net
*(Counsel for Defendants Idaho Department of Correction, Henry Atencio, Jeff Zmuda, Howard Keith Yordy, Richard Craig, and Rona Siegert)*

By: */s/ Dylan A. Eaton*
Dylan A. Eaton

4864-8164-7935.v1