UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ADREE EDMO,<br><br>Plaintiff,<br><br>v.<br><br>IDAHO DEPARTMENT OF CORRECTION, et al.,<br><br>Defendants. | Case No. 1:17-cv-00151-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is Defendants' Joint Motion for Extension of Time to File Response. Dkt. 332. For the reasons explained below, the Court will deny the motion.

## BACKGROUND

On September 30, 2022, this Court issued a Memorandum Decision and Order granting in part and denying in part Plaintiff's Motion for Attorneys' Fees and Costs. Dkt. 323. On October 28, 2022, Defendants filed a Notice of Appeal of the Attorneys' Fees Award. Dkt. 324. On November 2, 2022, the Court issued an Abstract of Judgment. Dkt. 325. That same day, Plaintiff filed a Motion for

MEMORANDUM DECISION AND ORDER - 1

Issuance of a Writ of Execution. Dkt. 326. Because Plaintiff's filing was labeled a "motion," CM/ECF automatically generated a response deadline twenty-one days out: November 23, 2022.

On November 22, 2022, one day before the automatically-generated response deadline expired, the Clerk of Court issued a Writ of Execution. Dkt. 330. The next day, Defendants filed this Joint Motion for Extension of Time to File a Response. Dkt. 332.

## LEGAL STANDARD

Under Rule 62(a) of the Federal Rules of Civil Procedure, execution on a judgment is automatically stayed for 30 days after its entry unless the court orders otherwise. Fed. R. Civ. P. 62(a). In addition to the automatic stay, "[a]t any time after judgment is entered, a party may obtain a stay by providing a bond or other security." Fed. R. Civ. P. 62(b).

After the automatic stay expires, if execution is not otherwise stayed, Rule 70(d) provides that "[o]n application by a party who obtains a judgment or order for possession, the clerk must issue a writ of execution or assistance." Fed. R. Civ. P. 70(d).

The Court's electronic filing system, CM/ECF, automatically generates response deadlines when motions are filed. However, Idaho Local District Rule

7.1(a)(6) expressly states: "The time periods specified herein and automatically generated by CM/ECF for service do not supersede, alter or amend any otherwise applicable Federal or Local Rule or Order of the Court specifying a different time period for service or method of computing time."

## ANALYSIS

**A.    Defendants were not entitled to respond to Plaintiff's application for a writ of execution prior to issuance of the writ.**

Defendants object to the Court's November 22 Writ of Execution because "it was issued prematurely, and such is unduly prejudicial to the parties because it violates their due process and right to be heard." They base this assertion on a notice, automatically generated by CM/ECF, indicating that responses to Plaintiff's request for a writ of execution were due November 23, 2022.

But under the federal rules, Defendants were not entitled to respond to Plaintiff's request for a writ of execution before issuance of the writ. This Court's order awarding attorneys' fees was issued on September 30, 2022. Under Rule 62(a), execution was automatically stayed for thirty days. On November 2, 2022, after that automatic stay had expired, Plaintiff asked the Court to issue a writ of execution. Although that request was labeled a "motion" in the electronic filing system, it was simply the Rule 70(d) application for a writ of execution. Thus, under the federal rules, the Clerk of Court was to issue the writ of execution

**MEMORANDUM DECISION AND ORDER - 3**

without giving Defendants an opportunity to respond.

Local Rule 7.1(a)(6) is clear that the federal rule directing issuance of a writ of execution "on application by a party who obtains a judgment" is not superseded by CM/ECF's automatically-generated notice stating that responses were due by November 23, 2022.

In sum, despite the inaccurate automatically-generated response deadline, Defendants were not entitled to respond to Plaintiff's request for a writ of execution. Rule 62(b) permits defendants to obtain a stay by posting bond but does not otherwise permit them to delay execution of a valid judgment beyond the automatic 30-day stay.

## ORDER

**IT IS ORDERED that:**

1. Defendants' Joint Motion for Extension of Time to File Response/Reply (Dkt. 332) is **DENIED**.

DATED: **November 23, 2022**

B. Lynn Winmill
U.S. District Court Judge

MEMORANDUM DECISION AND ORDER - 4