UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ADREE EDMO,<br><br>        Plaintiff,<br><br>   v.<br><br>IDAHO DEPARTMENT OF CORRECTION, et al.,<br><br>        Defendants. | Case No. 1:17-cv-00151-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

  Defendants' Joint Motion for Extension of Time to File a Response/Reply (Dkt. 332) sought more time to respond to Plaintiff's Motion for Writ of Execution. In making that request, though, Defendants made several references to "pausing" Plaintiff's collection efforts in order to promote "meaningful mediation." Dkt. 332 at 4. In doing so, Defendants alluded to—but did not clearly request—staying execution of the judgment pending the outcome of mediation.

  The Court issues this Order to make clear that its Memorandum Decision and Order (Dkt. 334) issued November 23, 2022 did not resolve whether execution of the judgment should or should not be stayed pending mediation. That is because Defendants did not expressly request a stay, despite their references to "pausing"

**MEMORANDUM DECISION AND ORDER - 1**

Plaintiff's collection efforts. Instead, Defendants merely requested an extension of time to respond to the request for a writ of execution. As the Court has already explained, Defendants were not entitled to file a response in that procedural posture and could not effectively delay execution of the judgment simply by expanding the briefing schedule. Dkt. 334. Nonetheless, that conclusion does not foreclose Defendants' path to request a stay of execution.

Thus, to the extent Defendants' Motion (Dkt. 332) *did* seek to stay execution of the judgment, that motion will be denied without prejudice. Although Defendants explained that "pausing" collection efforts would promote "meaningful mediation," that statement is not, itself, sufficient to justify staying execution. More is needed to show that a stay is justified, and that Plaintiff will be protected absent a bond under Rule 62(b) of the Federal Rules of Civil Procedure.

Ultimately, Defendants may request to stay execution of the judgment pending the outcome of mediation. But they must do so by filing a separate motion to be set on a separate briefing schedule.

## ORDER

IT IS ORDERED that:

1. To the extent Defendants' Joint Motion for Extension of Time to File Response/Reply (Dkt. 332) sought to stay execution of the judgment,

the motion is **DENIED without prejudice**.

DATED: November 30, 2022

_____
B. Lynn Winmill
U.S. District Court Judge