RAUL LABRADOR
ATTORNEY GENERAL
STATE OF IDAHO

Steven R. Kraft (ISB No. 4753)
Special Deputy Attorney General
steve@melawfirm.net
Peter E. Thomas (ISB No. 9756)
peter@melawfirm.net
*Moore Elia Kraft & Hall, LLP*
Post Office Box 6756
Boise, Idaho 83707
Telephone: (208) 336-6900
Facsimile: (208) 336-7031

*Attorneys for Defendants Idaho Department of Corrections, Henry Atencio, Jeff Zmuda, Howard Keith Yordy, Richard Craig, and Rona Siegert*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ADREE EDMO,<br><br>    Plaintiff,<br><br>vs.<br><br>IDAHO DEPARTMENT OF CORRECTION; HENRY ATENCIO, in his official capacity; JEFF ZMUDA, in his official capacity; HOWARD KEITH YORDY, in his official and individual capacities; CORIZON, INC.; SCOTT ELIASON; MURRAY YOUNG; RICHARD CRAIG; RONA SIEGERT; CATHERINE WHINNERY; AND DOES 1-15;<br><br>    Defendants. | Case No. 1:17-cv-151-BLW<br><br>**DECLARATION OF FAITH COX** |

I, Faith Cox, am over the age of 18 and, under penalty of perjury, attest that the following facts are true and based on my personal knowledge:

**DECLARATION OF FAITH COX** – pg. 1

1. Corizon and the state of Idaho have entered an agreement by which Corizon agreed to indemnify the state of Idaho and its employees against any award of attorney fees and costs in the above-captioned lawsuit.

2. The above-mentioned agreement was entered into as part of Corizon's withdrawal as the medical provider for the Idaho Department of Corrections and the agreement, which was entered into during the course of this litigation, involved multiple lawsuits.

3. The indemnity agreement described above was not part of the "standard terms and conditions" of a contract, and was, instead, specifically negotiated between the parties and contemplated to ensure that the state of Idaho bore no risk of costs or liabilities associated with any judgment or award for attorney fees or costs in this lawsuit.

4. I, along with other state of Idaho Defendants and officials, recently became aware that Corizon has engaged in a reorganization under the laws of the State of Texas, by which it has transferred essentially all its assets into a new business entity in an attempt shield all such assets from Corizon's existing liabilities. A true and correct copy of the applicable reorganization documents is attached hereto as "**Exhibit 1**."

5. While Corizon has transferred substantially all of its assets to the successor entity, it has retained essentially all of its liabilities in the Corizon entity that remains party to this lawsuit, including hundreds of lawsuits, among them this lawsuit.

6. The reorganization documents appear to show that Corizon retained one million dollars in cash and the ability to access certain insurance funds. See Exhibit 1.

7. In my experience, the state of Idaho has not previously been required to obtain a supersedeas bond on appeal in order to obtain a stay on appeal, and I have not previously had any experience seeking a supersedeas bond through a surety for the purposes of obtaining a stay on

**DECLARATION OF FAITH COX** – pg. 2

appeal for any state of Idaho individual or entity.

8. Based on this Court's *Memorandum Decision and Order*, I have been involved in efforts to determine how to obtain a supersedeas bond on behalf of the IDOC Defendants, and those efforts have involved applications with four separate sureties: Liberty Mutual, Travelers, Argonaut, and United States Fire Insurance—each such application for a supersedeas bond would require the state of Idaho to indemnify the surety in question, including against attorney fees and costs.

9. I have become aware that the Attorney General has indicated that state of Idaho officials do not have the authority to enter into agreements by which the state of Idaho would indemnify any third parties, and that attempts to enter any such agreement is void and null, as well as being a potentially criminal act.

10. In our efforts to determine whether a supersedeas bond might be obtained, we attempted to negotiate around the requirement for indemnity from the state, and all such attempts were rejected.

11. Specifically, Liberty Mutual indicated that "unless there has been a specific legislative appropriate to fund payment of the judgments underlying these appeal bonds, the state agency may not be authorized to enter into this agreement."

12. IDOC does not have a specifically authorized legislative appropriation to pay the amount of the judgment for attorney fees in this case.

13. State Risk does not have a legislatively approved appropriation to pay the award of attorney fees in this lawsuit because such fees do not arise from the wrongdoing of a state employee.

14. The Idaho Board of Examiners has administrative processes in place to pay judgments, but those processes take longer than fourteen (14) days to complete.

**DECLARATION OF FAITH COX** – pg. 3

Dated this 3rd day of February, 2023.

/s/ Faith Cox

_____
Faith Cox

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 3rd day of February, 2023, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Lori Rifkin
lrifkin@rifkinlawoffice.com
*(Counsel for Plaintiff)*

Dan Stormer
dstormer@hadsellstormer.com
Shaleen Shanberg
sshanberg@hadsellstormer.com
HADSELL STORMER & RENICK, LLP
*(Counsel for Plaintiff)*

Amy Whelan
awhelan@nclrights.org
Julie Wilensky
jwilensky@nclrights.org
NATIONAL CENTER FOR LESBIAN RIGHTS
*(Counsel for Plaintiffs)*

Craig Durham
chd@fergusondurham.com
Deborah Ferguson
daf@fergusondurham.com
FERGUSON DURHAM, PLLC
*(Counsel for Plaintiff)*

Dylan Eaton
deaton@parsonsbehle.com
J. Kevin West
kwest@parsonsbehle.com
PARSONS, BEHLE & LATIMER

/s/ Deann Keller
Deann Keller

**DECLARATION OF FAITH COX** – pg. 4