UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ADREE EDMO,<br><br>Plaintiff,<br><br>v.<br><br>IDAHO DEPARTMENT OF CORRECTION, et al.,<br><br>Defendants. | Case No. 1:17-cv-00151-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

# INTRODUCTION

Before the Court is IDOC Defendants' fully briefed Motion for Extension of Time (Dkt. 346).[1] For the reasons explained below, the Court will grant the motion and stay execution of the attorney fee award as to IDOC Defendants.

# BACKGROUND

On September 30, 2022, this Court awarded Plaintiff Adree Edmo $2,586,048.80 in attorney fees and $45,544.20 in litigation expenses. Dkt. 323.

---

[1] In this Order, the Court refers to the following defendants collectively as IDOC Defendants: Idaho Department of Corrections, Henry Atencio, Jeff Zmuda, Howard Yordy, Al Ramirez, Richard Craig, and Rona Siegert. *See* Dkt. 346.

MEMORANDUM DECISION AND ORDER - 1

Shortly thereafter, the defendants filed a timely Notice of Appeal, dkt. 324, and at a Ninth Circuit mediation conference in November, the parties agreed to engage in formal mediation on January 12, 2023.

Before the scheduled mediation, the defendants moved to stay execution of the fee award pending their appeal, or, at least, until mediation concluded. Dkt. 338. The Court granted that motion, in part, staying execution of the fee award until the conclusion of mediation and directing that, "within fourteen days after the stay lifts, Defendants shall pay the fees and costs . . . or post a supersedeas bond." Dkt. 345. In that same Order, however, the Court denied the defendants' request for a lengthier unbonded stay pending their appeal, concluding that the bond requirement of Federal Rule of Civil Procedure 62(b) served an important purpose in this case. Dkt. 345 at 17.

Mediation was unsuccessful, and the Ninth Circuit issued an order on January 13 releasing the case from the mediation program. *Pl.'s Resp.* at 1, Dkt. 347. Thirteen days later, on January 26, IDOC Defendants filed this motion asking the Court to "extend[] the deadline set forth in the *Memorandum Decision and Order* (Dkt. 345)." *Def.'s Memo. in Supp.*, Dkt. 346. After initially seeking only fourteen additional days, *id.*, they broadened their request and now again seek a stay pending appeal. *Def.'s Reply* at 6, Dkt. 352. Edmo promptly responded,

MEMORANDUM DECISION AND ORDER - 2

arguing that this renewed effort to stay execution should be rejected for the same reasons the Court previously identified when granting only a limited stay. *Pl.'s Resp.* at 1, Dkt. 347. The Court now takes up IDOC Defendants' motion.

## LEGAL STANDARD

IDOC Defendants suggest that Rule 6(b) of the Federal Rules of Civil Procedure governs because they seek to extend time for performing an act. *Def.'s Memo. in Supp.* at 3, Dkt. 346-1. Edmo, in contrast, characterizes the Motion to Extend as a veiled attempt to re-litigate the defendants' prior motion to stay. *Pl.'s Resp.* at 1, Dkt. 347. Accordingly, she argues the motion should be treated as a renewed motion to stay. *Id.* Edmo is correct.

Rule 6(b) authorizes federal courts to extend litigation deadlines for good cause in order to "see[] that cases are tried on the merits." *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1258–59 (9th Cir. 2010) (quoting *Rodgers v. Watt*, 722 F.2d 456, 459 (9th Cir. 1983)). Here, the "deadline" IDOC Defendants seek to extend is the temporary stay this Court granted the defendants in its December 28 Order. Dkt. 345. Thus, as Edmo notes, IDOC Defendants' motion is simply a request for another stay, not a request to extend a litigation deadline under Rule 6(b). The Court will therefore treat the motion as a motion to stay and apply the *Dillon* test rather than the good cause standard of Rule 6(b).

**MEMORANDUM DECISION AND ORDER - 3**

Under the *Dillon* test, a court looks to five factors when considering whether to grant an unbonded stay of a money judgment:

> (1) the complexity of the collection process; (2) the amount of time required to obtain a judgment after it is affirmed on appeal; (3) the degree of confidence that the district court had in the availability of funds to pay the judgment; (4) whether the defendant's ability to pay the judgment is so plain that the costs of a bond would be a waste of money; and (5) whether the defendant is in such a precarious financial situation that the requirement to post a bond would place other creditors of the defendant in an insecure position.

*Dillon v. City of Chicago*, 866 F.2d 902, 904–07 (7th Cir. 1988).

Ultimately, although a full bond "should be the requirement in normal circumstances," *Federal Prescription Service, Inc. v. American Pharmaceutical Ass'n*, 636 F.2d 755, 760 (D.C. Cir. 1980), district courts nevertheless have "broad discretionary power to waive the bond requirement" as they see fit. *Townsend v. Holman Consulting Corp.*, 881 F.2d 788, 796 (9th Cir. 1989), *vacated on other grounds*, 929 F.2d 1358 (9th Cir. 1990).

## ANALYSIS

In December of 2022, this Court granted the defendants a limited unbonded stay pending the conclusion of mediation but denied their broader request for a stay pending appeal. Underlying that decision was the Court's conclusion that the bond requirement of Federal Rule of Civil Procedure 62(b) not only protects against uncollectible judgments, but also "compensate[s] [the prevailing party] for delay in

**MEMORANDUM DECISION AND ORDER - 4**

the entry of the final judgment." *N.L.R.B. v. Westphal*, 859 F.2d 818, 819 (9th Cir. 1988). Accordingly, although the defendants demonstrated that the State of Idaho serves as a solvent backstop to the fee award, the Court was not persuaded to relieve the defendants of the ordinary requirement to post bond. "Something more [wa]s necessary." Dkt. 345 at 17.

We now have something more.[2] In attempt to comply with the Court's December 28 Order (Dkt. 338), IDOC Defendants have approached four institutions about obtaining a supersedeas bond. *Cox Decl.* ¶ 8, Dkt. 353. Each, however, would require IDOC or the State of Idaho to indemnify the subject surety against the risk of loss, including for attorney fees and costs. *Id.* But Idaho law prohibits state officials and agencies from entering indemnity agreements absent legislative appropriations for that purpose. Idaho Code § 59-1015; *see also* 2019 Idaho Op. Aty. Gen. No. 19-01, 2019 WL 6655552. Moreover, although IDOC Defendants "attempted to negotiate around the requirement for indemnity," those "attempts were rejected." *Cox Decl.* ¶ 10, Dkt. 353.

In resolving the defendants' prior stay request, the Court concluded that the

---

[2] The Court does not agree that IDOC Defendants waived their present arguments by failing to raise them in their briefing on the earlier Motion to Stay (Dkt. 338). Although no timeline is specified, it appears that some or most of IDOC Defendants' efforts to obtain a supersedeas bond were made after they filed their Motion to Stay on December 2, 2022.

**MEMORANDUM DECISION AND ORDER - 5**

first and second *Dillon* factors weighed against granting an unbonded stay. Given the relative complexity of collections in this case, requiring the defendants to post bond would "ensure that Edmo can promptly enforce the judgment after appeal without the burden of time-consuming collection efforts." Dkt. 245 at 17. But IDOC Defendants have been unable to post bond despite good faith efforts to do so. *Cox Decl.* ¶ 10, Dkt. 353. Consequently, keeping the bond requirement will not actually protect Edmo's interests in swift post-appeal collections.

The Court also previously determined that, given the State of Idaho's solvency, there is "little risk" that Edmo will be unable to enforce the judgment after the appeal concludes. *See* Dkt. 345 at 15–16. The third and fourth *Dillon* factors therefore weighed—and continue to weigh—in favor of granting a stay.

In sum, neither purpose of Rule 62(b)'s bond requirement would be achieved by denying IDOC Defendants' stay request. Supersedeas bonds serve to (1) protect the prevailing party "from the risk of a later uncollectible judgment and [2] compensate him for delay in the entry of the final judgment." *N.L.R.B. v. Westphal*, 859 F.2d 818, 819 (9th Cir. 1988). As to the first purpose, IDOC Defendants' solvency adequately protects Edmo from the risk of an uncollectible judgment. *See* Dkt. 345 at 15–16. And as to the second, because IDOC Defendants cannot post bond at this time, Edmo would not receive the benefits of a bond even

**MEMORANDUM DECISION AND ORDER - 6**

if the Court were to require one.

The Court will therefore exercise its "broad discretionary power to waive the bond requirement" and stay execution of the fee award as to IDOC Defendants pending their appeal to the Ninth Circuit. *Townsend*, 881 F.2d at 796.

## ORDER

IT IS ORDERED that:

1. IDOC Defendants' Motion for Extension of Time (Dkt. 346) is **GRANTED**. Accordingly, the attorney fee award (Dkt. 323) and all proceedings to enforce it are **STAYED** as to the following defendants: the Idaho Department of Corrections; Henry Atencio; Jeff Zmuda; Howard Yordy; Al Ramirez; Richard Craig; and Rona Siegert.[3]

2. Upon the Ninth Circuit's resolution of IDOC Defendants' appeal of the attorney fee award (Dkt. 323), any party to this action may move the Court to lift this stay.

---

[3] This stay applies only to IDOC Defendants as defined by this order.

DATED: February 28, 2023

_____
B. Lynn Winmill
U.S. District Court Judge

**MEMORANDUM DECISION AND ORDER - 8**